UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-JLK

NARCISA PEREZ CHAVEZ,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　)
　　　　vs.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
BERNARDA M ARANCEDO,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　)
_____　)

**<u>FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE
VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE §
448.110</u>**[1]

Plaintiff, NARCISA PEREZ CHAVEZ, through undersigned counsel, files this First

Amended Complaint against Defendant, BERNARDA M ARANCEDO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute
   arose.

3. The Defendant BERNARDA M ARANCEDO resides in and/or regularly transacts business
   within Miami-Dade County. Upon information and belief, the Defendant was the FLSA
   employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

---

[1]This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the
rule, a party may amend its pleading once as a matter of course within 21 days after service of a
responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever
is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B).
Defendant has not appeared and, as such, Plaintiff may amend the Complaint as a matter of
course.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

5.  This action arises under the laws of the United States.

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7.  29 U.S.C. § 206 (a) (1) states "…an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8.  Plaintiff worked for Defendant as a domestic live-in housekeeper at Defendant's residence from on or about January 23, 2012 through on or about December 30, 2016.

9.  29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendant as a domestic service employee, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act.

10. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the

interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

11. Additionally, Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while she worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12. 29 C.F.R. 785.22 states also that "[w]here an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted." It further states that "if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time."

13. Between the period of on or about January 23, 2012 through on or about December 30, 2016,

Plaintiff worked an average of 75 hours a week for the Defendant. Plaintiff was paid an average of $6.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

14. The Defendant's wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

15. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendant pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FLORIDA MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

17. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

18. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add her minimum wage claims against the Defendant.

19. On January 2, 2017, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendant pursuant to Florida Statute § 448.110(6)(a). Defendant was served with the Notice on January 5, 2017.

20. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total

amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on January 20, 2017. However, as of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendant have been unable to resolve said Florida Minimum Wage violation.

21. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

22. Between the period of on or about January 23, 2012 through on or about December 30, 2016, Plaintiff worked an average of 75 hours a week for Defendant. Plaintiff was paid $6.00/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[2] Therefore, Plaintiff claims difference between her average hourly rate of $6.00/hr and the applicable minimum wage rate for all hours worked.

23. The Defendant's wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the

---

[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

24. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121