FILED by \_PG\_ D.C.

MAR 1 6 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NARCISA PEREZ CHAVEZ,                    CASE NO.: 17-20003-CIV-JLK

    Plaintiff,
vs.

BERNARDA M ARANCEDO,

    Defendants.
_____/

## DEFENDANT ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, pursuant to Fed.R.Civ.P 12, Defendant Bernarda Maria Arancedo, ("Defendant"), by and through her undersigned counsel, files this Answer and Affirmative Defenses ("Answer and Affirmative Defenses") and for grounds states:

1. Defendant is without knowledge of the allegations in Paragraph 1 and therefore denies the same but admits that Plaintiff Narcisa Perez Chavez ("Plaintiff") has filed a Complaint claiming that this action arises under 29 U.S.C. §§ 201-216 of the Federal Labor Standards Act (the "FLSA").

2. Defendant is without knowledge of the allegations in Paragraph 2 and therefore denies the same.

3. Defendant admits that Defendant resides in Miami-Dade County, Florida as of the date of this Answer and Affirmative Defenses. Defendant is without knowledge as to the other allegations as alleged in Paragraph 3 and therefore denies the same.

4. Defendant is without knowledge of the allegations in Paragraph 4 and therefore denies the same.

### COUNT I –FEDERAL MINIMUM WAGE VIOLATION

5. Defendant is without knowledge of the allegations contained in Paragraph 5 and

therefore denies the same.

6. Defendant is without knowledge of the allegations in Paragraph 6 and therefore denies the same.

7. Defendant is without knowledge of the allegations made in Paragraph 7, Plaintiff admits that Plaintiff purports to quote a section of the FLSA however Plaintiff misquotes the language of this section, and to set forth federal minimum wage rates; and otherwise denies the allegations in Paragraph 7.

8. Defendant admits that, from time to time, Plaintiff stayed in Defendant's residence and performed certain duties from time to time during the time period from January 23, 2012 to on or about December 30, 2016 for which she was compensated; and otherwise denies the allegations in Paragraph 8.

9. Defendant admits that Plaintiff purports to quote a section of the FLSA in Paragraph 9. Defendant admits that, from time to time, Plaintiff stayed in Defendant's residence and performed certain duties, from time to time, during the time period from January 23, 2012 to on or about December 30, 2016 for which she was compensated; and otherwise denies the allegations in Paragraph 9.

10. Defendant admits that Plaintiff purports to quote a section of certain government regulations and otherwise denies the allegations in Paragraph 10.

11. Defendant is without knowledge of the allegations in Paragraph 11 and therefore denies the same.

12. Defendant admits that Plaintiff purports to quote a section of 29 CFR 785.22; and otherwise denies the allegations in Paragraph 12.

13. Defendant denies the allegations in paragraph 13 and states that (i) Plaintiff did

not work an average of 75 hours per week for Defendant; (ii) from approximately January 23, 2012 to June 2014, Plaintiff worked only Monday through Friday approximately 9 hours per day and had 1 week off during Thanksgiving, 2 weeks off during Christmas, and 2 months off during the Summer; (iii) from approximately June, 2014 to June, 2015 Plaintiff worked only from Monday through Friday between 4 to 6 hours per day with the same time off as point (ii) above; (iv) from approximately June 2015 through June 2016 Plaintiff worked approximately 2 hours per day and only when the house needed cleaning except for a 2 month period where Plaintiff worked 9 hours per day and only Monday through Friday; and (v) from approximately July 2016 to December 30, 2016 Plaintiff worked approximately 7-8 hours per day Monday through Friday with the same time off as point (ii) above.

14. Defendant denies the allegations in paragraph 14 and states that Plaintiff agreed to receive the payment amount actually made.

15. Defendant denies the allegations in paragraph 15.

## COUNT II- FLORIDA MINIMUM WAGE VIOLATION

Defendant re-alleges and reasserts the responses 1-15 of the First Amended Complaint as set forth within.

16. Defendant admits that Plaintiff purports to quote a section Florida Statute 448.110; and otherwise denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiff purports to quote a section Florida Statute 448.110 however Plaintiff misquotes the language of this section; and otherwise denies the allegations in Paragraph 17.

18. Defendant is without knowledge of the allegations in Paragraph 18 and therefore denies the same.

19. Defendant is without knowledge of the other allegations in Paragraph 19 and therefore denies the same but admits that on January 5, 2017 Defendant received a letter dated January 2, 2017 ("Letter") from Plaintiff's counsel via certified U.S. mail which stated on the subject line that it was "Served with Initial Complaint" and did not attach any such initial complaint.

20. Defendant admits that Plaintiff purports to quote a section Florida Statute 448.110; and otherwise denies the allegations in Paragraph 20; but states that Defendant's counsel sent various letters to Plaintiff's counsel requesting supporting documents and information as to the allegations in the Letter and received no response from Plaintiff's counsel.

21. Defendant denies the averments of Paragraph 21 as to the Florida Minimum Wage as conclusions of law to which no response is required and is otherwise without knowledge as to the other allegations in Paragraph 21 and therefore denies the same.

22. Defendant denies the allegations in paragraph 22 and states that (i) Plaintiff did not work an average of 75 hours per week for Defendant; (ii) from approximately January 23, 2012 to June 2014, Plaintiff worked only Monday through Friday approximately 9 hours per day and had 1 week off during Thanksgiving, 2 weeks off during Christmas, and 2 months off during the Summer; (iii) from approximately June, 2014 to June, 2015 Plaintiff worked only from Monday through Friday between 4 to 6 hours per day with the same time off as point (ii) above; (iv) from approximately June 2015 through June 2016 Plaintiff worked approximately 2 hours per day and only when the house needed cleaning except for a 2 month period where Plaintiff worked 9 hours per day and only Monday through Friday; and (v) from approximately July 2016 to December 30, 2016 Plaintiff worked approximately 7-8 hours per day Monday through Friday with the same time off as point (ii) above.

23. Defendant denies the allegations in Paragraph 23 and states that Plaintiff agreed to receive the same payment amount.

24. Defendant denies the allegations in Paragraph 24.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NO VIOLATION OF THE FLSA

Plaintiff did not work an average of 75 hours per week for the Defendant between the period of January 23, 2012 through on or about December 30, 2016 (the "Relevant Time Period") as alleged in the Amended Complaint. Defendant worked considerably less hours and had significant time off during the Relevant Time Period. Assuming arguendo that the FLSA is applicable to Plaintiff, during 2014 and 2015 Defendant and her Family did not reside in Key Biscayne, Florida and Defendant worked less than three hours per work day. Defendant provided living quarters on Key Biscayne, Florida the value of which exceeds the compensation paid Plaintiff. Defendant provided Plaintiff three full meals a day as part of the compensation provided to Plaintiff. Defendant's arrangement with Plaintiff saved the Plaintiff the cost of transportation from a residence place not on Key Biscayne, Florida to Defendant's residence on Key Biscayne, Florida. Defendant's total compensation to Plaintiff was either at or above the Federal Minimum Wage during the Relevant Time Period and not in violation of the FLSA.

### SECOND AFFIRMATIVE DEFENSE – NO VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

Plaintiff did not work an average of 75 hours per week for the Defendant during the Relevant Time Period as alleged in the Amended Complaint. Defendant worked considerably less hours and had significant time off during the Relevant Time Period. During 2014 and 2015 Defendant and her Family did not reside in Key Biscayne, Florida and Defendant worked less than three

hours per work day. Defendant provided living quarters on Key Biscayne, Florida the value of which exceeds the compensation paid Plaintiff. Defendant provided Plaintiff three full meals a day as part of the compensation provided to Plaintiff. Defendant's arrangement with Plaintiff saved the Plaintiff the cost of transportation from a residence place not on Key Biscayne, Florida to Defendant's residence on Key Biscayne, Florida. Assuming arguendo that the Florida Minimum Wage Act is applicable to Plaintiff, Plaintiff's pay by Defendant was either at or above the Florida Minimum Wage during the Relevant Time Period and not in violation of the Florida Minimum Wage Act.

### THIRD AFFIRMATIVE DEFENSE – GOOD FAITH

Assuming arguendo that Plaintiff received pay below the requirements under the FLSA or the Florida Minimum Wage Act, Defendant asserts that, to the extent the FLSA applies to the claims raised in the Amended Complaint, Defendant has acted in good faith and not in willful violation of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS - FLSA

Assuming arguendo that Plaintiff received pay below the requirements under the FLSA, Defendant asserts that the Amended Complaint is barred, in part, by the applicable statute of limitations period. Under 29 U.S.C. § 255(a), a cause of action for unpaid minimum wages under the FLSA may be commenced within two years after the cause of action accrued. Therefore, Plaintiff is barred by statute of limitations from pursuing any claims for the time period from on or about January 23, 2012 to December 30, 2014 under the FLSA.

### FIFTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS – FLORIDA MINIMUM WAGE ACT

Assuming arguendo that Plaintiff received pay below the requirements under the Florida

Minimum Wage Act, Defendant asserts that the Amended Complaint is barred, in part, by the applicable statute of limitations period. Under Florida Statute 95.11(3)(q) an action alleging a violation of Florida Statute 448.110 has to be brought within 4 years. Therefore, Plaintiff is barred by statute of limitation from pursuing any claims for the time period from on or about January 23, 2012 to December 30, 2012 under the Florida Minimum Wage Act.

### SIXTH AFFIRMATIVE DEFENSE – LACK OF STANDING UNDER FLSA

Plaintiff does not have standing to bring this action under the FLSA because Plaintiff is not an employee of Defendant but rather an independent contractor who got paid a fixed rate for work performed. Independent contractors are not subject to the FLSA. Plaintiff is not economically dependent on the business of Defendant and Plaintiff generally worked free from control by Defendant—Plaintiff was responsible for cleaning the kitchen, rooms and laundry and was otherwise given freedom to perform these duties with low degree of control, if any, by Defendant. Plaintiff was an independent contractor of Defendant and therefore the Plaintiff does not have standing to bring this action under the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE – LACK OF STANDING UNDER FLORIDA MINIMUM WAGE ACT

Plaintiff does not have standing to bring this action under the Florida Minimum Wage Act because Plaintiff is not an employee of Defendant but rather an independent contractor who got paid a fixed rate for work performed. Independent contractors are not subject to the Florida Minimum Wage Act. Plaintiff is not economically dependent on the business of Defendant and Plaintiff generally worked free from control by Defendant—Plaintiff was responsible for cleaning the kitchen, rooms and laundry and was otherwise given freedom to perform these duties with low degree of control and direction, if any, by Defendant. Plaintiff was an

independent contractor of Defendant and therefore the Plaintiff does not have standing to bring this action under the Florida Minimum Wage Act.

### EIGHTH AFFIRMATIVE DEFENSE – STATUTORY DEDUCTIONS

Assuming arguendo that Plaintiff received pay below the requirements under the FLSA or the Florida Minimum Wage Act, Defendant asserts that to the extent the FLSA applies to the claims raised in the Amended Complaint, Defendant is entitled to a credit towards the minimum wage for the proper deductions they have made from Plaintiff's pay in accordance with the FLSA or the Florida Minimum Wage Act for living arrangement deductions among other deductions. During 2014 and 2015 Defendant and her Family did not reside in Key Biscayne, Florida and Defendant worked less than three hours per work day. Defendant provided living quarters on Key Biscayne, Florida the value of which exceeds the compensation paid Plaintiff. Defendant provided Plaintiff three full meals a day as part of the compensation provided Plaintiff. Defendant's arrangement with Plaintiff saved the Plaintiff the cost of transportation from a residence place not on Key Biscayne, Florida to Defendant's residence on Key Biscayne, Florida.

### NINTH AFFIRMATIVE DEFENSE- NO PROOF OF CLAIM

Assuming arguendo that the FLSA and or the Florida Minimum Wage Act is applicable, Plaintiff has no ability to show proof of the amount earned because payments to the Plaintiff were made in cash. Plaintiff has no cause of action because there is no proof of the amount earned.

### TENTH AFFIRMATIVE DEFENSE – LACHES

Assuming arguendo that Plaintiff received pay below the requirements under the FLSA or the Florida Minimum Wage Act, Plaintiff is barred from pursuing any action under the FLSA or the Florida Minimum Wage Act because of the Doctrine of Laches. During the Relevant Time

Period, Plaintiff never sought payments from Defendant above what Plaintiff was receiving nor made any legal claims against Defendant and Defendant to its detriment, relied on Plaintiff's silence and non-action as to her wages. Plaintiff is therefore now barred from pursuing any action under the FLSA or the Florida Minimum Wage Act because any claim is stale as a result of Plaintiff's silence and non-action as to her wages.

### ELEVENTH AFFIRMATIVE DEFENSE - AMENDED COMPLAINT FALSE

On January 23, 2017, Plaintiff filed the Amended Complaint stating that Plaintiff worked an average of 75 hours per week for Defendant with no time off. Plaintiff and Plaintiff's counsel knew or should have known that these statements in the Amended Complaint were false when made. Plaintiff and Plaintiff's counsel made these false statements in the Amended Complaint to deceive the Court and constituted gross negligence or intentional misconduct. During 2014 and 2015 Defendant and her Family did not reside in Key Biscayne, Florida and Defendant worked less than three hours per work day. Defendant provided living quarters on Key Biscayne, Florida the value of which exceeds the compensation paid Plaintiff. Defendant provided Plaintiff three full meals a day as part of the compensation provided to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE– NO ENTITLEMENT TO LIQUIDATED DAMAGES

Assuming arguendo that that Plaintiff received pay below the requirements under the FLSA, Plaintiff is not entitled to any liquidated damages because any acts or omissions giving rise to Plaintiff's claim were undertaken or made in good faith.

### THIRTEENTH AFFIRMATIVE DEFENSE- NO ENTITLEMENT TO INTEREST

Assuming arguendo that that Plaintiff received pay below the requirements under the FLSA, Plaintiff is not entitled to any interest on his recovery.

## ADDITIONAL DEFENSE RESERVED

Defendant specifically reserves the right to amend this Answer and Affirmative Defenses to assert such additional affirmative defenses or further answers as may be found to be applicable through or following discovery in this litigation.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff any recovery under her Amended Complaint and enter a judgment in favor of Defendant awarding her reasonable costs and for such other and further relief as this Court deems just.

Dated February 27, 2017

>Respectfully submitted,
>
>Whisenand & Turner, P.A.
>501 Brickell Key Drive, Ste 602
>Miami, FL 33131
>Tel: (305)375-8484 – Fax: (305) 374-2919
>Attorneys for Defendant
>
>By: _/s/ James D. Whisenand_
>Fla. Bar No.: 166000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 27th day of February, 2017, upon: Attorneys for Plaintiff, K. David Kelly, david.kelly38.@rocketmail.com; Rivkah Fay Jaff, rivkah.jaff@gmail.com; Jamie H. Zidell, zabogado@aol.com, J.H.Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

>By: _/s/ James D. Whisenand_
>Fla. Bar No.: 166000

WHISENAND & TURNER
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
SUITE 602
501 BRICKELL KEY DRIVE
MIAMI, FLORIDA 33131

TO: Clerk of Courts
U.S. District Court
Southern Dist. of Florida
400 N. Miami Ave. - 8th FL
Miami, FL. 33128