UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT TO MAGISTRATE JUDGE]

| | |
|---|---|
| NARCISA PEREZ CHAVEZ, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BERNARDA M ARANCEDO, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant Bernarda Maria Arancedo ("Defendant"), by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c), moves this Honorable Court for Protective Order to re-schedule the deposition of Defendant for a date when Defendant is in the jurisdiction convenient for all parties and to preclude the deposition date of June 13, 2017 unilaterally selected and noticed by Plaintiff's counsel when Plaintiff's counsel was fully aware that Defendant was not available on June 13, 2017 and in other instances not in the jurisdiction ("Motion"), and in support thereof states as follows:

**I. Summary**

1.  This action involves Plaintiff, Narcisa Perez Chavez, alleging damages against Defendant under the Fair Labor Standards Act (the "FLSA") and the Florida Minimum Wage Act. Plaintiff claims that she had an employee relationship with Defendant and earned below both the Federal and Florida minimum wage for the services she performed for Defendant at Defendant's personal residence. Defendant denies the allegations. The matter is set for trial in October 9, 2018 and the discovery cut off is more than one year from now on June 28, 2018.

2.  As required by governing rules (including local rules), Plaintiff's counsel has not

acted in good faith in these discovery matters.[1]

3. On May 13, 2017, Defendant's Counsel informed Plaintiff's counsel that Defendant was available for deposition on (1) June 15, 2017, (2) August 25 – September 5, 2017, or (3) after September 22, 2017.

4. Two days later on May 15, 2017 with Plaintiff's counsel knowing that Defendant was not available, Plaintiff's counsel noticed Defendant's deposition not for June 15, 2017 when Defendant was available but June 13, 2017 when Defendant was not available. Plaintiff's counsel's actions are not in good faith.

5. Defendant shows good cause for this Court to grant this Motion and issue protective order protecting Defendant from the undue burden and expense she is subject to in having to cancel her prearranged plans and attend her deposition unilaterally scheduled by Plaintiff's counsel for June 13, 2017 despite prior notice provided to Plaintiff of Defendant's unavailability. Defendant's counsel has previously provided Plaintiff's counsel alternative dates in June, August and after September 25, 2017 for Defendant's deposition to occur. These dates are alternatively over one year or 9+/- months before this Court's ordered June 28, 2018 discovery completion deadline or more than one year for the date of this Motion.

6. After reiterating to Plaintiff's Counsel that Defendant would not be available for the June 13, 2017 unilaterally scheduled deposition of Defendant, on May 17, 2017, Plaintiff's counsel sent an email to Defendant's counsel requesting another potential date for Defendant's deposition in June, 2017, despite having ample knowledge that Defendant is unavailable in June, 2017. See Exhibit B. Plaintiff's counsel was fully aware that Defendant would not be able to attend the unilaterally scheduled June 13, 2017 deposition of Defendant. A Federal Court,

---

[1] Local Rules of this Court sets forth that "[d]iscovery in this District is normally practiced with a spirit of cooperation and civility [and that a] lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery." See Appendix A, *Discovery in General,* of Southern District of Florida's Discovery Practices Handbook.

although dicta, has determined that when a party operates under the assumption that a deposition is not going forward and repeatedly informs opposing counsel of the deponent's unavailability and opposing counsel proceeds with the deposition when fully aware that the deponent will not be attending and therefore needlessly incurs deposition costs does <u>not</u> warrant the entry of an order granting that opposing counsels motion to compel appearance at deposition and related sanctions. See *McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 9 (D.D.C. 2007). Here and analogous to the Federal Court decision described above, represents a "substantially justified … circumstance" were a failure to appear does not warrant sanctions as provided for in Fed.R.Civ.P. 37(d)(3).

7.  There is no prejudice to any Party and it is in the interest of justice to grant the Motion.

## II. Legal Standard

8.  Federal Rule of Civil Procedure 26(c) governs and provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." R. 26, Fed.R.Civ.P. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control,* 758 F.2d 1545, 1547 (11th Cir.1985) (citations omitted). Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order. *Dunford v. Rolly Marine Service, Co.,* 233 F.R.D. 635, 636 (S.D.Fla.2005).

## III. Pertinent Factual Background

9.  Plaintiff's May 15, 2017 unilateral setting of Defendant's deposition on June 13, 2017 when on May 13, 2017 (2 days prior) Plaintiff's counsel knew Defendant was not available

on June 15, 2017 (but available 2 days earlier on June 12) is (i) not in good faith, (ii) annoyance to Defendant and (iii) places an undue burden and expense on Defendant. Defendant will not be able to attend the unilaterally scheduled deposition on June 13, 2017 because of prearranged commitments previously communicated to Plaintiff's counsel.

10. Defendant shows good cause for this Court to grant this Motion. In the evaluation of whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D.Fla.2007) (citing *Farnsworth,* 758 F.2d at 1547). Here, the discovery completion deadline has been set for June 28, 2018, over a year from when Defendant's deposition was unilaterally scheduled by Plaintiff's counsel. Plaintiff's interest in having Defendant's deposition on June 13, 2017 [rather than the proposed June 15, 2017] is not comparable with the significant burden and expense that will fall upon Defendant to have to cancel her prearranged plans when ample notice has been provided on numerous occasions to Plaintiff's counsel of Defendant's (i) dates of availability on June 15, 2017 and August 25- to September 5, 2017 and after September 22, 2017 and (ii) limited availability during the Summer months of 2017.

11. Defendant has in good faith been attempting to coordinate both Defendant and Plaintiff's depositions and proposed dates when Defendant is available—well before any discovery completion deadline—and Plaintiff has refused to cooperate with Defendant's counsel to set mutually agreeable and convenient dates for Defendant and Plaintiff's deposition and instead proceeded to unilaterally set Defendant's deposition. It is well established that the unilateral setting of depositions (especially coupled with an unwillingness to reschedule the deposition dates) leads to the filing of unnecessary motions and that such motions are a waste of the parties' time and money, as well as a waste of judicial resources. See *Simpson v. GC*

4

*Services, L.P.*, 3:12-CV-588-J-32MCR, 2012 WL 5866589 (M.D. Fla. Nov. 19, 2012). Further, the Local Rules of this Court sets forth that "[d]iscovery in this District is normally practiced with a spirit of cooperation and civility [and that a] lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery." See Appendix A, *Discovery in General,* of Southern District of Florida's Discovery Practices Handbook.

12. On May 3, 3017, after the Parties' conference call pursuant to Fed.R.Civ.P. 26(f), Plaintiff's Counsel proposed two dates in June 2017 for Plaintiff's deposition and stated that if these two dates are not convenient to provide alternative dates for mid-June. See Exhibit A.

13. Within two days, on Friday, May 5, 2017, Defendant's counsel informed Plaintiff's counsel that Defendant had prearranged plans to be out of the country the dates proposed by Plaintiff's counsel. See Exhibit A

14. The following Monday, on May 8, 2017, Plaintiff's counsel threatened to unilaterally set the deposition of Defendant. That same date, Defendant's counsel again informed Plaintiff's counsel that: (i) Defendant was currently travelling internationally; (ii) as soon as reasonably possible potential dates for Plaintiff's deposition would be given to Plaintiff; (iii) requested that Plaintiff not unilaterally set depositions; and (iv) requested proposed dates for Plaintiff's deposition. See Exhibit A.

15. On May 10, 2017, Plaintiff's counsel unilaterally set Plaintiff's deposition for June 8, 2017 despite knowing that Defendant was unavailable and travelling internationally and despite Defendant's counsel's request that Plaintiff's counsel coordinate discovery and not unilaterally set depositions. See Exhibit B.

16. On May 13, 2017, Defendant's counsel for the third time informed Plaintiff's counsel that Defendant had prearranged plans and would in and out of the United States during Summer of 2017 and proposed June 15, 2017 for the deposition of Defendant or otherwise at a time between August 25, 2017 and September 5, 2017 or after September 22, 2017—as this is

when Defendant would be in the country and available for deposition. Defendant's counsel further proposed June 13, 2017 for the deposition of Plaintiff and asked to confirm Plaintiff's availability that date.

17. Instead of coordinating and communicating with Defendant's counsel, on May 15, 2017 Plaintiff's counsel again proceeded to unilaterally setting Defendant's deposition for June 13, 2017 and informed Defendant's counsel that that Plaintiff's counsel is not available on June 15, 2017. See Exhibit B. A read of Defendant's counsel's email show clearly that Defendant's counsel was available June 13, 2017, not Defendant. Plaintiff's counsel unilaterally set the deposition of Defendant for a date where she knew Defendant would not be available. Defendant's counsel proceeded to again remind Plaintiff's counsel of Defendant's unavailability for June 13, 2017. In response, Plaintiff's counsel refused to reschedule and informed Defendant's counsel that they intended to proceed with the deposition[2].

18. On May 15, 2017, this Court issued a Scheduling Order whereby the trial was set for October 9, 2018 and discovery completion deadline for June 28, 2018—over a year from when Plaintiff's unilaterally scheduled Defendant's deposition. See Exhibit C.

19. On May 17, 2017 Defendant's counsel again reminded Plaintiff's counsel of Defendant's unavailability. Plaintiff's counsel insists on having Defendant's deposition on June 13, 2017 despite having ample knowledge of Defendant's prepaid and prearranged commitments outside of the country. See Exhibit B. Plaintiff relied upon the silence of Defendant's counsel until Defendant's counsel's office made a June 8 inquiry about a translator. Defendant's counsel forthwith filed this Motion.

WHEREFORE, Defendant Bernarda Maria Arancedo prays this Honorable Court to: (1) grant this Motion; (2) enter an Order preventing the deposition of Defendant from taking place

---

[2] During this exchange of emails, Plaintiff's counsel has refused to provide Defendant with possible dates for Plaintiff's deposition despite numerous requests.

on June 13, 2017; (3) precluding any sanctions against Defendant and reserving issue of sanctions against Plaintiff's counsel; and (4) and such other matters as may be just and appropriate in this matter.

Dated: June 12, 2017

        Respectfully submitted,

        Whisenand & Turner, P.A.
        501 Brickell Key Drive, Ste 602
        Miami, FL 33131
        Tel:  (305) 375-8484 – Fax: (305) 374-2919
        Attorneys for Defendant

        By: __/s/ Alan Lemura, Esq.__
           Alan Lemura
           Fla. Bar No.: 122409

**Exhibits to Defendant's Motion:**
Exhibit A – May 17, 2017 email from Plaintiff's Counsel to Defendant's Counsel – Defendant's Deposition (string of emails)
Exhibit B – May 8, 2017 email from Defendant's Counsel to Plaintiff's Counsel – Defendant's unavailability (string of emails)
Exhibit C – May 15, 2017 Scheduling Order – Setting Trial for October 9, 2018 and Discovery Cut-off June 28, 2018

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 12th day of June, 2017, upon:  Attorneys for Plaintiff, Neil Tobak, ntobak.zidellpa@gmail.com; K. David Kelly, david.kelly38@rocketmail.com; Rivkah Fay Jaff, rivkah.jaff@gmail.com; Jamie H. Zidell, zabogado@aol.com, J.H.Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

        By: __/s/ Alan Lemura, Esq.__
           Alan Lemura
           Fla. Bar No.: 122409