UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,          )
                               )
            Plaintiff,         )
   vs.                         )
                               )
BERNARDA M ARANCEDO,           )
                               )
            Defendant.         )
_____)

### PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DEPOSITION AND FOR SANCTIONS

COME NOW the Plaintiff, by and through the undersigned, pursuant to the Federal Rules of Civil Procedure, and files Plaintiff's Motion to Compel Defendant's Deposition and for Sanctions, and in support thereof states as follows:

1. This matter sounds under both the Fair Labor Standards Act (herein "FLSA" or the "Act") and Florida Minimum Wage Act/the Florida Constitution.

2. On April 4, 2017, the undersigned sent a draft Notice of Taking Defendant's deposition and in said email communication proposed the dates of 4/21/17, 4/24/17, 4/27/17, and 5/1/17, or requested that Defendant propose alternative dates for Defendant to be deposed and for same to occur by no later than the first week of May. *See* Exhibit A, conferral emails by and between counsel.

3. On April 5, 2017, Defense counsel responded that "The deposition of Defendant will have to take place in May or June. Counsel and/or Defendant have prearranged commitments outside of the country, we will revert with proposed dates in due course."

1

4. That same day, Plaintiff's counsel, "We are available May 11, May 15, May 18." The undersigned waited an additional nine (9) days, without hearing a response from Defense counsel and then, again, requested dates of availability for Defendant's Deposition in an email dated April 14, 2017.

5. On May 8, 2017, in an effort to prompt a response from Defense counsel, Plaintiff's counsel represented to Defendant's that should Defendant not propose reasonable dates of Defendant's availability by noon the following day Defendant's deposition would be unilaterally set.

6. Having received no further communication from Defendant regarding availability for Defendant's deposition, on May 10, 2017, Plaintiff's counsel properly served her Notice of Taking Deposition of Defendant to occur on June 8, 2017. *See,* Exhibit B. In the email containing the properly served Notice of Taking Deposition, Plaintiff advised Defendant, that should said date not work "please advise by no later **than 5/12/17** and **provide alternative dates** for same to occur by mid-June. Absent a re-notice we intend to proceed as herein attached."

7. It was not until late evening on May 13, 2017, subsequent to the deadline provided for in Plaintiff's counsel's email, Defense counsel responded and indicated that Defendant would only be available "sometime between August 25 and September 5, 2017 or after September 22, 2017." The dates of availability given by Defense counsel were approximately 4-5 months subsequent to the original dates requested for Defendant's deposition to occur, as set forth in the email containing the draft notice. In the same email, Defense Counsel proposed the date of June 13, 2017, to depose Plaintiff.

7.    As Defense counsel noted their availability, Plaintiff re-noticed Defendant's deposition to occur on June 13, 2017. As Defense counsel sent an email of opposition, Plaintiff's counsel responded that "I am not going to agree to set Plaintiff's deposition in June and wait until August to set Defendants for deposition, especially since I was the first to ask for dates and Defendants have refused to provide me with dates for weeks now. You should have ensured that the Status Report included in it the fact that your clients were not going to be available for approximately 3 months so that the Court would give us an additional 3 months of discovery over and above the deadline they set forth. Should you wish to provide me with dates for the depositions to occur before June 14 for us to reset the Defendants depositions we can work with you on re-setting. Absent same, we intend to proceed as noticed."

8.    Defendant did not move this Court for a Protective Order until the eleventh hour to the properly scheduled and noticed deposition. Additionally, Defendant failed to appear for his depositions as properly noticed and the Court had **not** ruled on Defendant's Motion for Protective Order. Plaintiff took a Certificate of Non-Appearance for Defendant's failure to appear as properly noticed which also resulted in wasted attorney preparation time and costs in the Court Reporter and translator. *See,* Exhibit C. Plaintiff has now wasted costs with the Court Reporter and translator and attorney time. Additionally, Plaintiff's ability to gather important evidence regarding Defendant's position in this matter has been thwarted.

9.    Defendant's proposed availability would cause the expiration of a significant amount of time of discovery to lapse without Plaintiff having the opportunity to depose Defendant and gather relevant information with regards to follow-depositions and written discovery that would need to be set and propounded. Further, Defendant knew of his unavailability and should have informed the Court of said unavailability by filing a Notice of

Unavailability with the Court and/or by including said conflicts in the Joint Status Report filed on 5/15/17. [DE 32]. Undoubtedly, a delay of approximately 4-5 months prior to Plaintiff conducting initial deposition would be prejudicial to Plaintiff in relation to the discovery cutoff, possibly result in the loss of evidence, and unnecessarily burn out a significant portion of the discovery time provided by the Court in its Scheduling Order.

10.     Therefore, Plaintiff respectfully moves this Court to compel Defendant's depositions to occur no later than July 1, 2017. Plaintiff also respectfully requests that Plaintiff be awarded fees and costs associated with the filing of the instant Motion, all related work, preparation for Defendant's deposition, and costs associated with the Certificate of Non-Appearance and translator. Plaintiff respectfully requests fourteen (14) days of the Court's Order to file a Motion requesting assessment based on figures to be provided by Plaintiff regarding all reasonable fees and costs.

## **MEMORANDUM OF LAW**

The Court has authority pursuant to FRCP 37(a) to compel the depositions. *Hepperle v. Johnston et al.*, 590 F.2d 609, 612 (5th Cir. 1979). The foregoing should constitute good cause to compel said depositions as requested.

At this juncture, it is vital for Plaintiff to have the opportunity to depose Defendant and have the opportunity to assess what follow-up discovery needs to be conducted relevant to the testimony elicited at same. There is absolutely no justification to burn out approximately 4-5 months of discovery and prejudice Plaintiff. Further, Plaintiff's counsel has made many efforts to coordinate the depositions without the need for Court intervention and Defendant/counsel are completely unbending in their position. Further, it is disingenuous for Defendant to argue

unavailability for June 13, 2017, when Defense counsel offered the same date for Plaintiff's deposition.

The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Further, the Court ought to sanction Defendant as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Defendant caused a significant last-minute burden on the undersigned Firm's calendar (which also requires coordination with defense counsel) and, as such, Defendant should pay Plaintiff's attorneys' fees and costs. As the Court had not ruled on Defendant's Motion for Protective Order it was reasonable to Plaintiff to expect Defendant to appear at the deposition as properly Noticed and, as such, Plaintiff's counsel coordinated the Court Reporter, Translator, and spent attorney's fees related to preparation for same. The Defendant's deliberate failure to appear as properly Noticed has caused fees and costs to accrue unnecessarily. Had Defendant properly notified the Court of his unavailability through a Notice of Conflict and/or through the Joint Status Report [DE 28]. Further, if Defense counsel provided the date of June 13, 2017, as him and his client being available to depose Plaintiff so it is disingenuous for Defendant to now argue he was not available for same. Had Defendant provided a reasonable alternative date, which would not burn out approximately 4-5 months of discovery. Plaintiff could have timely reset the Defendant's

5

deposition and the case could have proceeded without the need for Court intervention. Moreover, Plaintiff's counsel has made additional attempts since the missed deposition to confer on a date to reset the deposition and said correspondence has gone unanswered. Defendant's conduct has resulted in vexatiously multiplying the proceedings in the case at bar and the fact that the deposition did not proceed as Noticed has frustrated Plaintiff's ability to establish record evidence to present to the Jury and Plaintiff cannot let the discovery burn-out and prejudice her case.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO COMPEL DEFENDANT'S DEPOSITIONS TO OCCUR NO LATER THAN JULY 1, 2017. PLAINTIFF ALSO RESPECTFULLY REQUESTS THAT PLAINTIFF BE AWARDED FEES AND COSTS ASSOCIATED WITH THE FILING OF THE INSTANT MOTION, ALL RELATED WORK, PREPARATION FOR DEFENDANT'S DEPOSITION, AND COSTS ASSOCIATED WITH THE CERTIFICATE OF NON-APPEARANCE AND TRANSLATOR. PLAINTIFF RESPECTFULLY REQUESTS FOURTEEN (14) DAYS OF THE COURT'S ORDER TO FILE A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

### CERTIFICATE OF CONFERRAL

The Parties continue to confer in order to timely reset Defendant for his deposition but Defendant has still not proposed a date for same to occur that is reasonable in light of the above.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141

        305-865-6766
        305-865-7167

By:_s/ Neil Tobak, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/15/17 TO:**

**ALL CM/ECF RECIPIENTS**

**Alan Lemura, Esq.**
**Whisenand & Turner, P.A.**
**501 Brickell Key Drive Suite 602**
**Miami, FL 33131**
**(305) 375-8484**
**Fax: (305) 374-2919**
**Email: al@w-tgroup.com**

**James D. Whisenand, Esq.**
**Whisenand& Turner PA**
**501 Brickell Key Drive, Suite 602**
**Miami, FL 33131**
**305-375-8484**
**Fax: 374-2919**
**Email: jdw@w-tgroup.com**

BY:_____/s/ Neil Tobak_____
     **NEIL TOBAK, ESQ.**

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,     )
                          )
         Plaintiff,       )
    vs.                   )
                          )
BERNARDA M ARANCEDO,      )
                          )
         Defendant.       )
_____)

### ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DEPOSITION AND FOR SANCTIONS

This matter came before the undersigned regarding Plaintiff's above-described Motion, and the Court being advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion is hereby GRANTED as follows:

1. Defendant BERNARDA M ARANCEDO shall appear for Deposition at Plaintiff's Counsel's Firm on or before July 1, 2017;

2. Plaintiff is awarded fees and costs associated with the filing of the instant Motion, all related work, preparation for Defendant's deposition, and costs associated with the Certificate of Non-Appearance and translator; and

3. Plaintiff shall within fourteen (14) days of this Order to file a Motion on figures regarding Plaintiff's attorneys' fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of _____ 2017.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

Copies to:     Counsel of Record