UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,            )
                                 )
         Plaintiff,              )
   vs.                           )
                                 )
BERNARDA M ARANCEDO,             )
                                 )
         Defendant.              )
_____)

### PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND ALL RESPONSIVE DOCUMENTS, AND FOR SANCTIONS

COME NOW the Plaintiff, NARCISA PEREZ CHAVEZ, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 34, and 37(a), and files this above-described Motion to Compel Better Responses to Plaintiffs' Discovery and all responsive documents to same and for Sanctions, and as grounds thereof states as follows:

1. Plaintiff served Defendant with her first set of discovery including Plaintiff's First Request for Admissions, First Request for Production, and First Set of Interrogatories, on May 3, 2017. *See attached* Exhibit "A."

2. Defendants served their Responses to said discovery on June 2, 2017. *See attached* Exhibit "B."

3. As set forth in more detail below, Defendant has objected to discovery germane to Plaintiff's FLSA overtime wage and minimum wage claims and better responses and all responsive documents are needed for Plaintiff to establish a factual record to present to the Court

and/or Jury. Plaintiff should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendant so as to adequately prepare for Trial.

4. Defendant has refused to produce documents that are germane to Plaintiff's FLSA and FMWA claims in bad-faith and their conduct for same should not be condoned! For example, Defendant has not even turned over documents that reflect payments made to Plaintiff (i.e. pay stubs, time cards, etc.) that goes directly to both Plaintiff's claims and Defendant's defenses (i.e. Plaintiff was paid in compliance with the FLSA/FMWA).

5. Having conferred with Defendant and being unable to resolve the following disputes, Plaintiff herein respectfully request the Court direct Defendant to better respond to Plaintiff's First Request for Production Nos. 1, 2, 3, 5, 9, 10, 11, 12, 21, 27, within one week of the Court's Order, that Defendant objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## MEMORANDUM OF LAW

### A. Request for Production:

Under Fed. R. of Civ. P. 34, parties must respond to request for production within thirty days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.

R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. Lumbermans Mut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US

340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

In accordance with S.D.L.R. 26.1(i)(2), the following Plaintiffs respectfully request the Court to compel:

> 1. **A copy of the <u>Individual Defendants'</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).**
>
> Defendant objects to the Request as written since Plaintiff and/or its counsel knew or should have known the request is in error and legally impossible: 1) Defendant is an individual; 2) Florida does not have a personal income tax and has a constitutional prohibition to a personal income tax – it is legally impossible for such documents to exist; 3) individuals do not file quarterly income tax reports with the State of Florida or the IRS; and 4) under governing law, the individual 2016 tax returns are not due until September 2017.Defendant objects to this request as irrelevant, burdensome and immaterial as it seeks information that is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant's private financials are not relevant to Plaintiff's claims and are otherwise protected by Article I of the Florida Constitution. Under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings. See *Berlinger v. Wells Farge, N.A.*, 2014 WL 6686276 at *3 (M.D. Fla. 2014). Further a party should not be required to produce income tax returns absent a showing of compelling need. See *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319 at *2 (S.D. Fla. Nov. 1, 2001). Defendant objects to this request as Defendant had no kind of relationship with Plaintiff in the year 2011

The responsive documents requested in Request No. 1 are directly relevant to the Defendant's affirmative defenses, specifically, affirmative defenses 6, 8, and 11, and Plaintiff needs same to adequately review prior to Defendant's deposition and to elicit testimony regarding same at said deposition.

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001).

The responsive documents requested in Request No. 1 are directly relevant to assist in demonstrating that Plaintiff was an employee as that termed is defined under the FLSA, especially with regards to the schedules attached to said filings. Further, the requested financial documents, Defendant' tax returns and the underlying schedules, would reflect information whether Defendant purchased supplies for Plaintiff. For example, Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would include uniforms, computers, office expenses, supplies, automobile and truck expenses, and other such expenses which are directly relevant to Defendant's dispute regarding whether Plaintiff was an employee. The underlying documents provided to Defendants' accountant would reflect Defendants' inventories. Defendants' objections that were interposed are spurious and/or nondescript at best. Further, employers also have the responsibility to withhold taxes and pay social security and Plaintiff should have the opportunity to review the documents with regards to

same. Further, said income-reporting documents can be utilized at Trial to inquire about a Defendants' failure to pay income taxes to attack Defendants' credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.").The aforementioned responsive financial documents would also reflect how Defendant classified Plaintiff and what amounts of money they were paying Plaintiff (i.e. W-2/1099 forms). *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81].

Further, Plaintiff is also entitled to the documents regarding Defendant's request for room and board to explore whether Defendant complied with the statute and contacted the secretary of labor to make a determination as to the reasonable cost or value of the room and board and whether Defendant has proof as to the reasonable cost or value of said room and board and whether said cost credit is substantiated. *See, Marshall v. New Floridian Hotel, Inc*., 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). Furthermore, Defendant (employer) must maintain records of the actual cost of said housing and how it is applied to the wages paid to Plaintiff and, as such, Plaintiff is entitled to review the documents, including any appraisal of the room used by Plaintiff and/or any evaluation of the room and board. *See, Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982). Further, Defendant claims they are entitled to a set-off for value of food allegedly consumed by Plaintiff. Plaintiff is entitled to

review, analyze, and ask Defendant about these documents are their depositions to determine whether Defendant are able to substantiate these allegations. Defendant is obligated to provide Plaintiff with documents, or make clear that there are no documents, reflecting any weekly or monthly receipts or otherwise to establish by credible evidence the "reasonable cost" or "fair value" of the food allegedly consumed by Plaintiff for the relevant time period. *See, Chao v. Min Fang Yang*, No. 05–2563, 2007 WL 7209596, at *6 (W.D. Tenn. Aug. 13, 2007) (prohibiting employer from taking a section 3(m) credit where the employer "failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis").

Said documents would assist in determining whether Plaintiff was an independent contractor as pleaded in Defendant's Six Affirmative Defense, as well as determine the value of Defendant's home based on his taxes to determine if any statutory deductions are applicable as claimed in Defendant's Eight Affirmative Defense. Therefore, the Court should direct Defendants to better respond to Request for Production No. 1 and provide all responsive documents to same.

> 3. **A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.**
>
> Defendant objects to the Request as written since Plaintiff and/or its counsel knew or should have known the request is in error and legally impossible: 1) Defendant isan individual; 2) Florida does not have a personal income tax and has a constitutional prohibition

to a personal income tax – it is legally impossible for such documents to exist; 3) individuals do not file quarterly income tax reports with the State of Florida or the IRS; and 4) under governing law, the individual 2016 tax returns are not due until September 2017. Defendant objects to this request as irrelevant, burdensome, and immaterial as it seeks information that is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant's private financials are not relevant to Plaintiff's claims and are otherwise protected by Article I of the Florida Constitution. Under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings. See *Berlinger v. Wells Farge, N.A.*, 2014 WL 6686276 at *3 (M.D. Fla. 2014). Further a party should not be required to produce income tax returns absent a showing of compelling need. See *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319 at *2 (S.D. Fla. Nov. 1, 2001). Defendant objects to this request as Defendant had no kind of relationship with Plaintiff in the year 2011.

Plaintiff reincorporates the law and facts as set forth in Nos. 1 above. Moreover, Defendants are alleging that Plaintiff was an independent contractor and this would go directly to their defense. Further, undoubtedly, this is relevant to not only the volume of business in relation to the number of hours worked by Plaintiff but is also germane to whether other employees were being paid on an hourly basis, salaried basis, and/or paid overtime for work performed (i.e. Defendant's policy regarding overtime wages, whether all of Defendant's employees were misclassified as independent contractors, etc.). Wage information can lead to discoverable evidence regarding the number of hours Defendant had its workforce on duty which also reflects on its hours of operation and wage policies. Defendants are alleging that Plaintiff was an independent contractor and this would go directly to their defenses. Defendants' receipts and underlying documents relied on to file their taxes will likely reflect work orders, delineating various supplies/inventory used by its employees. Therefore, the Court should direct Defendants to better respond to Request for Production No. 3 and provide all responsive documents to same.

**9. All receipts for all payments made to Plaintiff by Defendants**

>**during Plaintiff's entire employment term with Defendants.
>Include all pay stubs from all paychecks**
>
>Objection, argumentative. This request as phrased is argumentative
>as it requires the adoption of an assumption and legal conclusion
>which is improper as it assumes that Plaintiff was Defendant's
>"employee". Plaintiff was at all times an independent contractor.
>Notwithstanding Defendant's objection, Defendant has no
>employment receipt document that is relevant or material to this
>employment request.

Plaintiff reincorporates the law and facts as set forth above. Defendant is refusing to provide Plaintiff with copies of all paychecks and/or pay stubs made to her which is absolutely absurd in a wage and hour case such as the case at bar! Defendant's position is specious at best and they are playing word games to avoid having to provide Plaintiff with responsive documents to same.  Moreover, Defendant should have turned over any documents that reflect payments made to Plaintiff as part of their Rule 26 initial disclosures and in support of their position that Plaintiff was paid in compliance with the FLSA and Florida Minimum Wage Act/Florida Constitution. Therefore, the Court should direct Defendants to better respond to Request for Production No. 9 and provide all responsive documents to same.

>**10. All contracts/documents of employment relating to
>Plaintiff's employment with Defendants.**
>
>Objection, argumentative. This request as phrased is argumentative
>as it requires the adoption of an assumption and legal conclusion,
>which is improper as it assumes that Plaintiff was Defendant's
>"employee". Plaintiff was at all times an independent contractor.
>Notwithstanding Defendant's objection, Defendant has no
>employment document that is relevant or material to this
>employment request. Documents related to Plaintiff's independent
>contractor status will be produced and have been produced.

Plaintiff reincorporates the law and facts as set forth above. Defendants have failed to identify the bate stamp number of the documents they are referring to and it is unclear, based on the response, as to what documents Defendant is referring to. Defendant should either clarify the

bate stamp number or revise their response to say none. The ambiguous drafting of the response makes it unclear whether Defendants are withholding any documents and whether they have in fact produced responsive documents to same. Therefore, the Court should direct Defendants to better respond to Request for Production No. 10 and provide all responsive documents to same.

> **11. All time sheets/punch cards/work orders/time cards for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.**
>
> Objection, argumentative. This request as phrased is argumentative as it requires the adoption of an assumption and legal conclusion, which is improper as it assumes that Plaintiff was Defendant's "employee". Plaintiff was at all times an independent contractor. Documents related to Plaintiff's independent contractor status will be produced and have been produced. Notwithstanding Defendant's objection, Defendant has no employment document that is relevant or material to this employment request.

Plaintiff reincorporates the law and facts as set forth in Nos. 9 and 10 above. Undoubtedly, records that reflect Plaintiff's hours and dates of employment (i.e. time sheets, punch cards, etc.) are directly related to Plaintiff's FLSA/FMWA claims. Therefore, the Court should direct Defendants to better respond to Request for Production No. 11 and provide all responsive documents to same.

> **12. All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants.**
>
> Objection, argumentative. This request as phrased is argumentative as it requires the adoption of an assumption and legal conclusion, which is improper as it assumes that Plaintiff was Defendant's "employee". Plaintiff was at all times an independent contractor. Notwithstanding Defendant's objection, Defendant has no employment document that is relevant or material to this employment request. Documents related to Plaintiff's independent contractor status will be produced and have been produced.

Plaintiff reincorporates the law and facts as set forth above. Therefore, the Court should direct Defendants to better respond to Request for Production No. 11 and provide all responsive documents to same.

> 21. **Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendants.**
>
> Objection, argumentative. This request as phrased is argumentative as it requires the adoption of an assumption and legal conclusion, which is improper as it assumes that Plaintiff was Defendant's "employee" and a man. Plaintiff was at all times an independent contractor and a woman. Notwithstanding Defendant's objection, Defendant has no employment document that is relevant or material to this employment request. Documents related to Plaintiff's independent contractor status will be produced and have been produced.

Plaintiffs reincorporate the law and facts as set forth above. Clearly documents relevant to the control Defendant had over Plaintiff is relevant to Defendant's position that Plaintiff was an independent contractor and Plaintiff should have an opportunity to explore same. Plaintiff has reviewed the documents produced by Defendant to date and it is unclear what documents are responsive to this request and Defendant continues to refuse to amend their responsive indicating the bate stamp number of the documents that they are referring to. Therefore, the Court should direct Defendants to better respond to Request for Production No. 21 and provide all responsive documents to same.

> 27. **The complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendants.**
>
> Objection, argumentative. This request as phrased is argumentative as it requires the adoption of an assumption and legal conclusion, which is improper as it assumes that Plaintiff was Defendant's "employee" and a man. Plaintiff was at all times an independent contractor and a woman. Notwithstanding Defendant's objection,

> Defendant has no employment document that is relevant or material to this employment request. Documents related to Plaintiff's independent contractor status will be produced and have been produced.

Plaintiff reincorporates the law and facts as set forth above. Therefore, the Court should direct Defendants to better respond to Request for Production No. 27 and provide all responsive documents to same.

### **Sanctions:**

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff needs the said Request for Production responses to establish a factual record that can be presented to the Court and/or Jury. Further, Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 37. The conduct by Defendant in the case at hand can only be considered to have been done in bad faith. *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). Therefore, the Court in the case at hand should only award sanctions if it finds that the actions of Defendant and/or their counsel was done in bad faith. In determining whether a parties' conduct amounts to bad faith, the Court's have stated:

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). In the case at hand, Defendant and Defense counsel have acted in bad faith by refusing to response to request for production and provide responsive documents to requests that are directly relevant to Plaintiff's claims and Defendant's Answer and Affirmative Defenses. Defendant has effectively succeeded in burning out discovery, thereby prejudicing Plaintiff. As such, reasonable attorney's fees should be awarded to Plaintiff for Defendant's bad faith conduct in answering Plaintiff's discovery

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DIRECT DEFENDANT TO BETTER RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION NOS. 1, 2, 3, 5, 9, 10, 11, 12, 21, AND 27, BY NO LATER THAN ONE WEEK FROM THE COURT'S ORDER, THAT DEFENDANT'S OBJECTIONS TO THE DISCOVERY REQUESTS BE DEEMED WAIVED, AND THAT PLAINTIFF BE AWARDED

REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK.

## CERTIFICATE OF CONFERRAL

The undersigned has conferred with Defense Counsel, Alan Lemura, Esq., who does not agree to provide better responses and responsive documents.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/11/17 TO:**

**Alan Lemura, Esq.
Whisenand & Turner, P.A.
501 Brickell Key Drive Suite 602
Miami, FL 33131
(305) 375-8484
Fax: (305) 374-2919
Email: al@w-tgroup.com**

BY:_____/s/ Neil Tobak_____
NEIL TOBAK, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,            )
                                 )
        Plaintiff,               )
    vs.                          )
                                 )
BERNARDA M ARANCEDO,             )
                                 )
        Defendant.               )
_____  )

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND ALL RESPONSIVE DOCUMENTS, AND FOR SANCTIONS**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. DEFENDANTS' SHALL BETTER RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION NOS. NOS. 1, 2, 3, 5, 9, 10, 11, 12, 21, 27, WITHOUT OBJECTIONS AND PRODUCE ALL RESPONSIVE DOCUMENTS, NO LATER THAN _____, 2017.

2. PLAINTIFF IS HEREBY AWARDED ALL FEES AND COSTS ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS

_____ DAY OF _____, 2017.

_____
EDWIN G. TORRES
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record