UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20003-Civ-TORRES

NARCISA PEREZ CHAVEZ,

    Plaintiff,

v.

BERNARDA M. ARANCEDO,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Narcisa Perez Chavez ("Plaintiff") Motion to Compel better responses to Plaintiff's discovery requests and for sanctions against Bernarda M. Arancedo ("Defendant"). [D.E. 43]. On July 25, 2017, Defendant responded to Plaintiff's Motion [D.E. 45] to which Plaintiff replied on August 1, 2017. [D.E. 46]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

### *I.   BACKGROUND*

Plaintiff filed this action on January 2, 2017 and alleges that Defendant violated the Fair Labor Standards Act (the "FLSA") and the Florida Minimum Wage Act. Plaintiff claims that she had an employee relationship with Defendant from January 23, 2012 through December 30, 2016. Plaintiff's earnings purportedly fell

1

below the Federal and Florida minimum wage for the services she performed as a maid at Defendant's personal residence. Defendant denies all of Plaintiff's allegations and the matter is currently set for trial on October 9, 2018 with a discovery deadline of June 28, 2018.

## II.   APPLICABLE LEGAL PRINCIPLES AND LAW

Under the Federal Rules, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry, FED. R. CIV. P. 33(a)(2), request the production of any documents that fall within the scope of Rule 26(b), FED. R. CIV. P. 34(a), and serve requests to admit certain matters within the scope of Rule 26(b)(1), FED. R. CIV. P. 36(a)(1). Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary 6* (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). If the opposing party objects to interrogatories or requests, the requesting party may then file a motion to compel production pursuant to FED. R. CIV. P. 37, but only after its counsel, in good faith, confers with opposing counsel to resolve discovery disputes without court intervention. *See* FED. R. CIV. P. 37(a)(1).

The Federal Rules afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307

2

(11th Cir. 2011), but "strongly favor full discovery whenever possible. *See Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985). Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).

However, while the scope of discovery is broad, it is not without limits. *See Washington v. Brown & Williamson Tobacco*, 959 F. 2d 1566, 1570 (11th Cir. 1992); *Rossbach v. Rundle,* 128 F. Supp. 2d 1348 (S.D. Fla. 2000) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978)). To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *See Rossbach*, 128 F. Supp. 3d at 1354 (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

Boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This District has frequently held that objections which fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Taylor*

3

v. *Bradshaw,* 2014 WL 6459978 (S.D. Fla. Nov. 14, 2014); *Abdin v. Am. Sec. Ins. Co.*, 2010 WL 1257702 (S.D. Fla. March 29, 2010). More specifically, objections simply stating that a request is "overly broad, or unduly burdensome" are meaningless and without merit. *Abdin*, 2010 WL 1257702 at *1 (quoting *Guzman* v. *Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

In addition to the Federal Rules, Southern District Local Rule 26.1 controls the necessary procedure a party must follow when objecting to a request for production or asserting a claim of privilege. It requires that:

> All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, *may* constitute a waiver of the relief sought at the Court's discretion. The thirty (30) day period set forth in this rule may be extended once for up to seven (7) additional days by an unfiled, written stipulation between the parties, provided that the stipulation does not conflict with a Court order.

S.D. Fla. L.R. 26.1(g) (emphasis added). On its face, Rule 26.1(i) is therefore plainly discretionary. While the grounds for a motion tends to be the moment at which responses are filed, this is not always necessarily the case. *See, e.g.*, *Socas v. Northwestern Mut. Life Ins.*, 2008 WL 619322 (S.D. Fla. March 4, 2008) (finding that the occurrence triggering the motion to compel was when the requesting party examined certain documents months after their initial requests had been

4

answered); *United States v. Polo Pointe Way, Delray Beach, Fl.*, 444 F. Supp. 2d 1258, 1261 (S.D. Fla. 2006) (finding that the "occurrence" at issue was a deposition that took place after responses were filed).

In pertinent part, the Local Rules also provide that where a claim of privilege is asserted, the objecting party must prepare "a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection" except for "*written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.*" S.D. Fla. L.R. 26.1(e)(B)(i) (emphasis added). Furthermore, "[w]here a claim of privilege is asserted in objecting to any . . . production demand . . . and an answer is not provided on the basis of such assertion . . . [t]he attorney asserting the privilege shall . . . identify the nature of the privilege . . . being claimed." S.D. Fla. L.R. 26.1(e)(B).

### III.   ANALYSIS

Plaintiff's Motion seeks to compel Defendant to provide better discovery responses and produce responsive documents. On May 3, 2017, Plaintiff served Defendant with her first set of written discovery, including Plaintiff's requests for admissions, requests for production, and interrogatories. Defendant served her discovery responses on June 2, 2017. Plaintiff suggests that Defendant has lodged improper discovery responses that are germane to Plaintiff's claims and that many items in dispute relate directly to Plaintiff's allegations and to Defendant's

5

affirmative defenses. Plaintiff also believes that Defendant's responses were made in bad faith and that Defendant's objections do not make clear where or not the Defendant is withholding any remaining relevant documents. Because the parties have purportedly reached an impasse[1], Plaintiff requests that the Court compel Defendant to provide better responses to Plaintiff's requests for production 1-3, 5, 9-12, 21, and 27 within one week of the Court's Order. Plaintiff also requests that Defendant's objections be deemed waived and that Plaintiff be awarded reasonable attorney's fees and costs in filing her Motion.

In response, Defendant argues that Plaintiff has failed to carry her burden of proof and has not met established legal criteria or a factual predicate for either an order compelling better responses or for an award of sanctions. Specifically, Defendant claims that she already produced *all* documents relevant to this action and that any remaining documents that Plaintiff is requesting simply do not exist. Defendant contends that she has fully complied with her discovery obligations and produced ninety-nine pages of materials or approximately 36.4 MB of data. Defendant also suggests that a review of her discovery responses shows that Plaintiff was paid in cash and that Defendant does not have (1) any documents or way to establish the weekly or total amounts paid by Defendant, (2) the number of hours Plaintiff worked in each of the weeks at issue, (3) or any records where Plaintiff requested, demanded, or claimed that she was compensated.

---

[1] Defendant strongly disputes the notion that the parties have properly conferred in good faith as required by the Local Rules on the disputes in Plaintiff's Motion.

Furthermore, Defendant believes that Plaintiff's discovery requests are improper because they are more applicable to business employers and not tailored to the facts of this case where Defendant was merely an individual housewife who retained Plaintiff as an independent contractor as a maid. Plaintiff's discovery requests are also allegedly overbroad in temporal scope because Plaintiff stipulated that she only provided maid services for Defendant between 2012 to 2016. As such, any documents requested should allegedly adhere solely to this time frame.

### A. *Requests 1-3*

In Plaintiff's request 1, Plaintiff seeks a "copy of the Individual Defendant's federal tax returns for the year[s] 2011, 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and [the] state of Florida)." [D.E. 43]. Relatedly, Plaintiff's requests 2 and 3 seek copies of all documents used by Defendant in preparation of Defendant's federal tax returns. Plaintiff argues that the documents requested are directly relevant because they may assist in demonstrating that Plaintiff was an employee – rather than an independent contractor – as defined under the FLSA. Plaintiff also believes that the requested documents might reflect information on whether the Defendant purchased supplies for Plaintiff to indicate Plaintiff's employment status. Because Defendant's individual tax returns may also show that Defendant lacks credibility on the requirement of including sufficient information about an employment relationship, Plaintiff contends that Defendant must produce the documents requested.

7

Defendant's response is that Plaintiff's request fails for several reasons.[2] First, Defendant argues that request 1 is overbroad in temporal scope because, by Plaintiff's own allegation, a relationship between the parties did not begin until January 23, 2012 and therefore Plaintiff's request improperly seeks materials from 2011.  Second, Defendant contends that Florida does not have a personal income tax and that there are no filings with the state of Florida that exist.  Third, Defendant suggests that she is only an individual housewife and not a business, meaning there are no quarterly reports that were ever filed with the federal government.  Fourth, Defendant states that Plaintiff was the *only* independent contractor or employee that Defendant hired during the time period at issue.  As such, Defendant asserts that she did not file any federal income tax returns that contain any information about Plaintiff including any information that would reflect Plaintiff being Defendant's employee.  Defendant notes that this includes any information related to "inventories," "trade notes and accounts receivable," "depletable assets," "other assets," or other deductions related to "uniforms, computers office expenses, supplies, automobile and truck expenses," or other business related expenses. [D.E. 45].  And fifth, Defendant argues that she did not claim any deductions in her income tax returns related to any lodging, food, or other provisions that might relate to Plaintiff.  In sum, Defendant suggests that requests 1-3 are improper

---

[2] Defendant accuses Plaintiff of using a set form of discovery requests that were not changed to address the specific issues of this case.  Thus, Defendant alleges that Plaintiff violated its obligation to the Court and to the Defendant to not to file or transmit inappropriate discovery requests that are clearly irrelevant.

because they are overbroad in temporal scope and seek irrelevant materials that have no bearing on the claims presented.

The production of tax returns is ordinarily not produced because "there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available." *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001) (citing *Cooper v. Hallgarten & Co.,* 34 F.R.D. 482; 483-84 (S.D.N.Y. 1964)). Here, Plaintiff has met the two prongs identified because the tax returns are, at the very least, relevant to the question of Plaintiff's employment status and impeachment evidence. *See, e.g., Rindfleisch v. Gentiva Health Servs., Inc.*, 2015 WL 12552052, at *2 (N.D. Ga. Feb. 10, 2015) ("The Court finds that Plaintiffs' federal and state income tax returns, with all attachments and schedules, are, at the very least, arguably relevant to damages in this action. The returns may show other sources of income for Plaintiffs, other employers for Plaintiffs, or provide impeachment evidence, among other things.").

However, Plaintiff's request is overbroad in temporal scope because Plaintiff only worked for Defendant from January 23, 2012 to December 30, 2016. And the statute of limitations for FLSA cases is at most three years, meaning the only relevant tax returns are from 2013 to 2016. See *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1323 (11th Cir. 2007) ("Although the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising

9

out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued.") (citing 29 U.S.C § 255(a)).  As such, Plaintiff's Motion is **GRANTED**, but only in so far as Defendant is compelled to produce her federal tax returns from 2013 to 2016.

As for requests 2 and 3 – which seek copies of all documents used by Defendant in preparation of Defendant's federal tax returns – we find that Plaintiff's request is facially overbroad and not necessarily tailored to the claims presented.  Any information that Plaintiff seeks to discover, with respect to her employment status and impeachment evidence, should be adequately set forth in Defendant's tax returns.  Therefore, Plaintiff's Motion, as it relates to requests 2 and 3, is **DENIED**.

### B.     *Request 5*

In request 5, Plaintiff seeks "[a]ll of the Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts for the years 2011, 2012, 2013, 2014, 2015, and 2016." [D.E. 43].  Defendant takes issue with this request for several reasons.  First, Defendant argues that she only paid Plaintiff in cash and therefore a request for all of Defendant's banking accounts is irrelevant.  Second, Defendant states that the request is overbroad in temporal scope because there was no relationship between the parties in 2011.  Third, Defendant believes that request 5 is overbroad because it requests every bank record between the years requested and that there is no appropriate basis to violate Defendant's privacy rights.  Finally, Defendant

10

claims that she has produced banking records that reflect withdrawals of cash that were used to directly pay Plaintiff and that these items are the most relevant to the information that Plaintiff seeks.  Therefore, Defendant suggests that request 5 can be easily denied because, other than the banking records produced thus far, no other records exist that relate in any way to the claims presented.

We agree with Defendant that Plaintiff has presented no persuasive reason as to why all of Defendant's banking records are relevant to this action.  There is no dispute between the parties that Plaintiff was paid via cash and Defendant has already produced documents that evidence where Defendant withdrew cash to pay Plaintiff.  Therefore, Plaintiff's Motion, as it relates to request 5, must be **DENIED** because it is (1) overbroad in temporal scope, (2) overbroad with respect to the broad range of documents requested, and (3) fails to demonstrate how a request for all of Defendant's banking records are relevant.

### C.   *Request 9*

In request 9, Plaintiff seeks "[a]ll receipts for all payments made to Plaintiff by Defendant[] during Plaintiff's entire employment term with Defendant[]," including all paystubs from all paychecks.  [D.E. 43].  Plaintiff claims it is absurd that Defendant refuses to produce the requested documents considering this is a wage and hour case.  Yet, Plaintiff's request lacks merit because the parties agree that Plaintiff was only paid in cash.  Defendant also states that she has nothing to produce because there were never any paychecks from which any paystubs could be derived.  Other than the banking records that have already been produced that

11

show cash withdrawals for payments made to Plaintiff, Defendant states that there are no other materials to produce in response to request 9.  As such, the Court has no basis to question the veracity of Defendant's representation and request 9 is therefore **DENIED**.

### D.     *Request 10*

In request 10, Plaintiff seeks "[a]ll contracts/document[s] of employment relating to Plaintiff's employment with Defendant[]."  [D.E. 43].  Defendant takes issue with request 10 because Defendant has allegedly stated many times that no employment documents exist in response to request 10.  Specifically, Defendant argues that on June 28, 2017, Defendant stated that she "has no employment document that is relevant or material to this employment request."  [D.E. 45-3].  And Defendant also asserted in her discovery response that any documents related to Plaintiff's status as an independent contractor have already been produced.

We agree with Defendant that she has sufficiently stated that there are no additional documents to produce in response to Plaintiff's discovery request.  The reason why request 10 appears to be at issue is because Plaintiff believes that the Defendant's discovery response was ambiguous and unclear as to whether any responsive documents remain outstanding.  Yet, Defendant made clear in response 10 – and in subsequent email conversations – that there are no additional documents to produce on the question of whether Plaintiff was an employee or an independent contractor.  And again, we have no reason to doubt the veracity of

12

Defendant's response at this time. Therefore Plaintiff's Motion, as it relates to request 10, is **DENIED**.

### E.     *Requests 11-12, and 21*

In request 11, Plaintiff seeks "[a]ll time sheets," "punch cards," "work orders," and "time cards for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendant[] and ending at the time of Plaintiff's employment dismissal," including all documents "pertaining to hours worked by Plaintiff for Defendant[]." [D.E. 43]. In request 12, Plaintiff seeks "[a]ll documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants." *Id*. And in request 21, Plaintiff seeks "[a]ny and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendant[]." *Id*. The basis for all of these requests is that the items are relevant to Plaintiff's FLSA claims and may demonstrate that Plaintiff was an employee and not an independent contractor.

However, Defendant stated in both her discovery response and in subsequent email conversations that no responsive documents exist for any of these requests, other than what has already been produced. Thus, Defendant does not dispute Plaintiff's contention that the items requested would be relevant. Defendant merely claims that the items Plaintiff seeks have either already been produced or do not exist. Because Defendant has adequately stated that there are no materials that

exist in response to requests 11-12 and 21, Plaintiff's Motion, on this basis, must be **DENIED**.

### F. *Request 27*

Finally, in request 27, Plaintiff seeks the "complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendant[]." [D.E. 43]. Defendant objects to this request because Defendant has purportedly stated to Plaintiff on many occasions that Defendant has no personnel files to produce. Other than the documents relating to Plaintiff's independent contractor status, Defendant believes that she has met her discovery obligations and that request 27 has no merit. We agree that, similar to the requests discussed above, Defendant has adequately stated in her discovery response to request 27 that no additional documents exist in relation to Plaintiff's claims. While Plaintiff continues to question the veracity of Defendant's contentions, there is nothing in the existing record to suggest that Defendant representation is false or misleading. As such, Plaintiff's Motion, as it relates to request 27, is **DENIED**.

### IV. *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**. [D.E. 43]. Defendant is compelled to produce to Plaintiff her federal tax returns in request 1 from 2013 to 2016 within fourteen (14) days from the date of this Order. To this extent, Plaintiff's Motion is **GRANTED**. As for the remainder of Plaintiff's document requests, Plaintiff's Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2017.[3]

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] Both parties seek attorney's fees pursuant to Rule 37 in connection with Plaintiff's Motion. Plaintiff believes that fees are warranted because Defendant purportedly made baseless objections that rise to the level of bad faith. On the other hand, Defendant states that it was crystal clear that this dispute could have been easily avoided, but for Plaintiff's bad faith conduct in failing to cooperate and resolve the issues without court intervention. Yet, at this time, we decline to award fees to either party. Therefore, to the extent either party seeks an attorney fee award, those motions are **DENIED**.

15