UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,             )
                                  )
            Plaintiff,            )
    vs.                           )
                                  )
BERNARDA M ARANCEDO,              )
                                  )
            Defendant.            )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME – EXPERT REPORTS [DE57]**

**COMES NOW** the Plaintiff, by and through the undersigned, and hereby files this Response in Opposition to Defendant's Motion for Extension of Time – Expert Reports, filed as [DE57], and in support thereof states as follows:

1. Defendant's Motion [DE57] should be denied in its entirety for Defendant's failure to engage in good faith conferral prior to filing the instant Motion as required by Local Rule 7.1(a)(3).

2. Per the Scheduling Order [DE32] the deadline for Parties to exchange expert witness summaries and reports required by Local Rule 16.1.K. were due on or before May 14, 2018.

3. On Friday, May 11, 2018, at 4:03 p.m., Defense counsel sent one conferral email, knowing that the undersigned counsel leaves at 4:00 p.m.,[1] requesting Plaintiff's position on an extension through to May 17, 2018.

4. On May 14, 2018, Plaintiff requested Defendant articulate their good faith basis for the extension given the fact that the instant matter has been pending for approximately one year. Defense counsel responded requesting an extension through to May 21, 2018. Defendant was not clear on what date she was requesting the extension through to and did not even make an attempt to have an actual conversation before filing the instant Motion. Rather, without awaiting a response from Plaintiff, Defendant filed the instant Motion.

5. Defendant's Motion should be denied for substantive reasons as well.

6. Local Rule 7.1(a)(1)(J) states that a Motion for Extension of Time does not require a memorandum of law as long as good cause is set forth in the Motion. Defendants have failed to demonstrate good cause to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995). Defendant has failed to articulate why she did not timely disclose the expert witness and/or produce the summary timely, or otherwise.

7. Defendant has been attempting to set non-party witnesses for depositions since December 2017. Plaintiff has provided Defendant with the non-party witnesses last known addresses. Defendant wrongfully attempts to shift the blame of its ineffective process server by accusing Plaintiff of "refusing" to produce non-party witnesses of which

---

[1] The undersigned and co-counsel have said in multiple emails on numerous occasions that the undersigned and co-counsel leave on Fridays at 4:00 p.m. and Defense counsel's conferral sent after same is blatantly obvious that they were not conferring in good faith knowing that there would not be a response to same.

Plaintiff has no more control over than Defendant; this is a red herring used by Defendant to distract the Court from the fact that Defendant really has no basis whatsoever for the requested extension.

8. The two non-party witnesses Defendant is attempting to depose are not experts and, under information and belief, did not reside at Defendant's residence and would have no knowledge of the valuation of same.

9. Defendant's so-called "expert" is a broker associate with Fortune International Realty. Defendant has not explained what the connection is between the "expert" testimony and that of the non-party witnesses (Plaintiff's significant other and Plaintiff's former employer). The reason Defendant fails to articulate a nexus between the testimony of their "expert" witness and non-party witnesses is because there simply is none. Defendant is using the non-service of non-party witnesses again as a red herring to gain sympathy from the Court. Defendant's Motion is void of any reason as to why the non-party witnesses has resulted in their failure to timely disclose an "expert" witness and their failure to timely provide the summary report for same.

10. Defendant waited until the eleventh hour before moving for an extension and has failed to demonstrate good cause.

11. The discovery delays Defendant argues are solely attributable to Plaintiff were in fact the fault of Defendant and their process server. Defendant should not now, when there is approximately one and half months left in discovery, be able to claim insufficient time to conduct discovery and produce an "expert" summary. *See, Franklin v. Caterpillar, Inc.,* Case No. 1:13-cv-0888-KOB, 2015 U.S. Dist. LEXIS 15768, * 31 (N.D. Ala. Feb. 10, 2015) ("[T]the Plaintiff's own delay and failure to diligently seek discovery led to her

lack of ammunition to rebut Caterpillar's motion [for summary judgment]. Discovery disputes are often, in the end, questions about fairness and it would be unfair to Caterpillar to reopen discovery at this late hour.").

12. Therefore, Defendant's Motion [DE57] should be denied in its entirety. Plaintiff respectfully requests an award of all fees and costs for filing the instant Response and all related work. *See,* Rule 37.

## MEMORANDUM OF LAW

Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule lists a number of motions excluded from the conferral requirement, but a motion such as this is not an excluded motion under Local Rule 7.1(a)(3).[2]

Defendants' Motion [DE57] fails to comply with Local Rule 7.1(a)(3). Defendants failed to confer **in good faith** with Plaintiff's counsel prior to the filing of the subject Motion pursuant to S.D.L.R. 7.1(a)(3). Defense counsel sought Plaintiff's position on an extension through to May 17, 2018. Plaintiff inquired into Defendant's good faith reason for needing the extension

---

[2] Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." Local Rule 7.1(a)(3).

given the fact the case had been pending for approximately one year. Defense counsel then responded seeking Plaintiff's position on an extension through to May 21, 2018. At no time did Defense counsel make a call and/or any attempt to confer in good faith with Plaintiff's counsel. There is approximately one and a half months left in discovery and, yet, Defendant is disclosing the witness for the first time.

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). Plaintiff has already requested dates to depose the "expert" witness *duces tecum* on June 2 or June 4 and is awaiting Defendant's response to the availability for same; Plaintiff has also requested whether said witness will be produced. Should Defendant not agree to produce said witness, Plaintiff will need to issue an subpoena *duces tecum* and provide sufficient time for service. Further, the extremely late disclosure may necessitate Plaintiff moving to extend the discovery deadline so that depositions *duces tecum* and follow-up discovery can be conducted relevant to same. Plaintiff will undoubtedly be prejudiced by the requested extension.

WHEREFORE DEFENDANT'S MOTION [DE57] SHOULD BE DENIED IN ITS ENTIRETY. PLAINTIFF RESPECTFULLY REQUESTS AN AWARD OF ALL FEES AND COSTS FOR FILING THE INSTANT RESPONSE AND ALL RELATED WORK. *SEE,* RULE 37.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141

            305-865-6766  
            305-865-7167  

           By:_s/ Rivkah F. Jaff, Esq. ___  
            Rivkah F. Jaff, Esquire  
            Florida Bar No.: 107511  

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 5/15/18 TO:**

**JAMES D. WHISENAND, ESQ.**  
**WHISENAND & TURNER, P.A.**  
**501 BRICKELL KEY DRIVE, SUITE 602**  
**MIAMI, FL 33131**  
**PH: 305-375-8484**  
**FAX: 305-374-2919**  
**EMAIL: AL@W-TGROUP.COM**

**BY:__/s/____Rivkah F. Jaff_____**  
   **RIVKAH F. JAFF, ESQ.**