### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20003-Civ-TORRES

NARCISA PEREZ CHAVEZ,

      Plaintiff,

v.

BERNARDA M ARANCEDO,

      Defendant.

_____/

### ORDER ON PLAINTIFF'S MOTION TO
### STRIKE PORTIONS OF ERRATA SHEET

This matter is before the Court on Narcisa Perez Chavez's ("Plaintiff") Motion to Strike ("Motion") portions of an errata sheet to a deposition transcript of Bernarda M. Arancedo ("Defendant"), and for sanctions. [D.E. 51]. Defendant responded on April 26, 2018 [D.E. 53] and Plaintiff replied on May 1, 2018. [D.E. 55]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part.**

## I.    BACKGROUND

On January 2, 2017, Plaintiff filed suit under the Fair Labor Standards Act and the Florida Minimum Wage Act. Through the course of discovery, both parties conducted various depositions, including a deposition of the Defendant. A certified

Spanish translator was present during Defendant's deposition. Subsequent to the deposition, Defendant submitted an errata sheet which made changes to her original testimony.  Plaintiff's Motion requests the Court to strike Defendant's errata sheet, and award Plaintiff's counsel all fees and costs related to this Motion.

## II.   ANALYSIS

Pursuant to Rule 30(e), within thirty days of being notified that the transcript or recording of the deposition is available, deponent may sign a statement listing the changes and the reasons for making them, if there are changes in the form or substance.  Fed. R. Civ. P. 30(e)(1)(B).  Plaintiff contends that Rule 30(e) should be construed narrowly, such that only good faith corrections of error should be permitted.  Plaintiff also argues that Defendant's errata sheet should be stricken because it materially altered the responses given during the deposition.  Alternatively, Plaintiff requests that the Court re-open Defendant's deposition and that Defendant bear all fees and costs related to the same.

Plaintiff's primary argument is that Defendant's errata sheet materially altered her responses given during the deposition. Plaintiff provides fourteen examples of Defendant's responses given during the deposition, including:

> Q: When you met with Nancy for the first time, did you tell her what days of the week that she would be required to work?
>
> THE WITNESS: From Monday to Friday. She added – and this is true. She decided to enter or to put in Sundays.

[D.E. 51].  Plaintiff also provided the Defendant's errata sheet response, stating: "Nancy had no set days of the week she was required to work.  She was not my

employee.  Nancy typically stayed in the house Monday through Friday and came back Sundays. " [D.E. 51].

Plaintiff takes issue with Defendant's errata sheet because "the modern trend, one that is bolstered by the Eleventh Circuit, is to view Rule 30(e) with a restrictive eye." *In re Harrell*, 351 B.R. 221, 240 (Bkrtcy. M.D. Fla. 2006); *see also Reynolds v. Int'l Bus. Mach. Corp.,* 320 F. Supp. 2d 1290,1300-01 (M.D. Fla. 2004) ("[Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all, then return home and plan artful responses.").

In particular, Plaintiff relies on *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010), which found that "the submission of the novella-length errata sheet making a slew of material changes to their client's deposition was improper." Plaintiff asks this court to follow *Norelus* because the Defendant in this case made fourteen changes to the responses given during the deposition.  Plaintiff also claims that these changes are material, as they do not clarify or add to the original response.  Additionally, Plaintiff states that Defendant did not provide a valid reason as to why the errata sheet was filed.  Plaintiff contends that transcription errors by the court reporter and/or alleged confusion by the witness cannot be valid reasons, where Defendant was informed prior to the deposition that she should notify Plaintiff's counsel if she did not understand the question so that it may be rephrased.  [D.E. 55].  Plaintiff then states that Defendant was not confused during the deposition, as evidenced by her answering the questions affirmatively.   [D.E.

3

55].   As a result, "absent a good reason, such as transcription error or sufficient showing of confusion, material and contradictory changes are not permissible." *Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co.*, 2015 WL 4167377, at *3 (M.D. Fla. July 9, 2015).

Additionally, Plaintiff relied upon the Middle District decision in *Reynolds* for support.   In *Reynolds*, the Court acknowledged that the Eleventh Circuit had not ruled on this issue, which led the Court to consider how other Circuit Courts have interpreted Rule 30(e).   *Reynolds*, 320 F. Supp. 2d at 1301.   After careful consideration of cases within the Seventh and Tenth Circuit, *Reynolds* concluded "'that a change of substance which actually contradicts the transcription is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a not.'" *Id.* (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

As we see it, Plaintiff's reliance on *Norelus* and *Reynolds* is misplaced.   In *Norelus*, the Court was not ruling on the binding interpretation of Rule 30(e). Instead, the Court was considering whether there was an abuse of discretion in sanctioning attorneys under 28 U.S.C. § 1927.   *Norelus*, 628 F.3d at 1281.   There were also 868 attempts to alter the original testimony in *Norelus*.   *Id.*   Plus those changes were made by counsel largely without the witness's approval or consent. So, in other words, the case involved sanctionable conduct by counsel seeking to recreate the facts in the case as opposed to a good faith attempt at presenting truthful testimony.

By contrast, Plaintiff only alleges fourteen instances of attempts made to alter or clarify the original testimony in this case, none of which rise to any such level. *Norelus* has no bearing here. Similarly *Reynolds* is not persuasive because it "did not address the striking of an errata sheet, but whether it was proper to disregard it in a ruling for a motion for summary judgement." *Reynolds*, 320 F. Supp. 2d at 1301.  The issue here is obviously quite different at this stage of the case.

Other courts considering similar arguments have agreed with this conclusion and distinguished the application of Rule 30(e) in both *Norelus* and *Reynolds*. Courts within the Eleventh Circuit have refused to apply a strict interpretation of Rule 30(b) because a broader interpretation is more consistent with the plain language of Rule 30(e) for the run-of-the-mill case.  *See, e.g., Allstate Ins. Co. v. Viazcay*, 2013 WL 12157570, at *2 (M.D. Fla. Aug. 2, 2013); *United Subcontractors, Inc. v. Darsey*, 2013 WL 5770559, at *1 (M.D. Fla. Oct. 24, 2013) ("the undersigned has reviewed the *Norelus* decision and finds nothing in it indicating the Eleventh Circuit has decided that substantive changes to a deposition are not permitted.").

Although the Eleventh Circuit itself has not squarely interpreted the effect of Rule 30(e) in cases like ours, other Circuit Courts have considered the question. The Seventh Circuit, relied upon by the District Court in *Reynolds*, recognized that material alterations to the deposition may constitute changes in form and substance, which changes are permitted under Rule 30(e).  *Thorn*, 207 F.3d at 389; *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding

that nothing in the language of Rule 30(e) precludes material alterations to the original deposition).

This interpretation of Rule 30(e) adopted by the Second and Seventh Circuits has been followed by courts within the Southern District of Florida.  For instance, in *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2016 WL 7443291, at 1* (S.D. Fla. Dec. 14, 2016), our court held that the majority position, broadly interpreting Rule 30(e)(1)(B), is more persuasive because the rule expressly permits deponents to make changes to their deposition "in form and substance."  Another Judge in our court agreed in *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 532 (S.D. Fla. 2009) (holding that the majority position "allows deponents to make broad changes in form or substance even if the changes materially alter deposition testimony.  A broad interpretation furthers the purpose of the discovery process-to allow the parties to elicit the true facts of a case before trial.") (citing *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005)).  Additionally, our court has also recognized that "'the language of the Rule places no limitations on the type of changes that may be made [,] … nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reason for the changes—even those that are unconvincing.'" *Maharaj v. Geico Cas. Co.*, 996 F. Supp. 2d 1303, 1312 (S.D. Fla. 2014) (quoting *Podell*, 112 F.3d at 103).

This less strict interpretation of Rule 30(e) is not without limits.  The Third Circuit mostly follows the broader view of the Rule, but also acknowledges that it is up to a district court's discretion to determine whether material changes are

prejudicial enough to warrant a motion to strike an errata sheet.  *EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 268 (3d. Cir. 2010).  When considering the text and purpose of the Rule as a whole, that conclusion appears to strike a reasonable balance between the differing interpretations discussed in *Architectural Ingenieria Siglo XXI*.  This limitation recognized in *EBC* permits defendants to make alterations to their original testimony, while allowing Courts to strike any material alteration depending on the level of prejudice caused by such alteration.

After careful consideration of the existing precedent, we hold that Rule 30(e) should be broadly interpreted in the first instance, while leaving it up the court's discretion to determine whether the material alterations are prejudicial enough to warrant a motion to strike an errata sheet.  Defendant's alterations to her original testimony are not sanctionable as a whole here, because in thirteen of the fourteen attempts to change the errata sheet, the changes were neither material nor prejudicial.  For example:

Q: Is Nancy responsible for making dinner?

Mr. Whisenand: Objection as to form.

The Witness: Not every day. Some days, at 6:30.

[D.E. 51].  By contrast, in the errata sheet, Defendant states that: she would ask Nancy to make dinner some days, but Nancy was not required to do so.  [D.E. 51].  Such a change appears to be more of a clarifying statement than a material and prejudicial change, because the Defendant never stated that Nancy was required to

cook dinner.  As a result, her response given in the errata sheet serves more as a clarification that is not entirely inconsistent with her original testimony.

On the other hand, the Defendant did materially alter an original response in her errata sheet, when she changed her answer from "yes I did have a verbal agreement", to "no there was no verbal agreement." [D.E. 51].  Yet, such a material change is not prejudicial because, although the Defendant denies the existence of a verbal agreement in this question, the Defendant confirms that an agreement did exist between her and Nancy twice later on in her deposition.  For instance: "The agreement with Nancy was about money".  [D.E. 51].  Thus, even this material change does not rise to the level required to strike the errata sheet altogether or even this specific change.

Hence, Plaintiff's motion to strike portions of the errata sheet is **DENIED**. Nevertheless, we agree that the "filling of the errata sheets with substantive changes is not without consequence".  *Allstate Ins. Co.*, 2013 WL 12157570, at *3. Because Defendant's errata sheet materially altered the substance of some of the original testimony by changing Defendant's responses to fourteen questions, Plaintiff "may re-open the Defendant's deposition, and both versions of the deposition testimony, as well as the reasons for the changes, shall be subject to examination by the trier of fact."  *Id.*  Thus, Plaintiff's motion to re-open Defendant's deposition is **GRANTED**.  An additional two hours of testimony may be obtained to remedy any lingering prejudice caused by any material changes in the errata sheet.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's errata sheet, or in the alternative, to re-open the Defendant's deposition [D.E. 51] is **GRANTED in part** and **DENIED in part**.  Plaintiff's motion to strike the errata sheet is **DENIED**.  Plaintiff's request to re-open the deposition is **GRANTED,** and such deposition shall take place within twenty-one days from the date of this order. All fees and costs requested by the parties are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge