UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CIV-20003-TORRES

NARCISA PEREZ CHAVEZ,

    Plaintiff,

v.

BERNARDA M ARANCEDO,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO
STRIKE PORTIONS OF ERRATA SHEET**

This matter is before the Court on Narcisa Perez Chavez's ("Plaintiff") Motion to Strike ("Motion") portions of an errata sheet to the deposition transcripts of witnesses Benjamin Avendano, Santiago Avendano, and Joaquin Avendano (collectively "Non-parties"), and for sanctions. [D.E. 52]. Bernarda M. Arancedo ("the Defendant") responded on April 27, 2018 [D.E. 54] and Plaintiff replied on May 1, 2018. [D.E. 56]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

On January 2, 2017, Plaintiff filed suit under the Fair Labor Standards Act and the Florida Minimum Wage Act. Through the course of discovery, both parties conducted various depositions, including the depositions of the Non-parties. A

1

certified Spanish translator was present during Non-parties' depositions. Subsequent to their depositions, Non-parties submitted errata sheets which made changes to their original testimony. Plaintiff's Motion requests the Court to strike portions of the Non-parties' errata sheets, and award Plaintiff's counsel all fees and costs related to this Motion.

## II. ANALYSIS

Pursuant to Rule 30(e), within thirty days of being notified that the transcript or recording of the deposition is available, deponent may sign a statement listing the changes and the reasons for making them, if there are changes in the form or substance. Fed. R. Civ. P. 30(e)(1)(B). Plaintiff contends that Rule 30(e) should be construed narrowly, such that only good faith corrections of error should be permitted. Plaintiff also argues that portions of the Non-parties' errata sheets should be stricken because they materially altered the responses given during the depositions. Alternatively, Plaintiff requests that the Court re-open Non-parties' depositions and that the Defendant bear all fees and costs related to the same.

Plaintiff's primary argument is that Non-parties' errata sheet materially altered their responses given during the depositions. Plaintiff provides examples of Non-parties' responses given during the depositions; including:

Q: And on the Sundays that Nancy was required to return at 8:00 or 9:00 p.m., what was she required to do when she returned?

MR. WHISENAND: Objection as to form.

THE WITNESS: I think it was to cook dinner.

2

[D.E. 52]. Yet Plaintiff also provided Non-parties' errata sheet response, stating: "I don't think she was required to do anything but she would on rare occasion cook dinner." [D.E. 52].

Plaintiff takes issue with Non-parties' errata sheet because "the modern trend, one that is bolstered by the Eleventh Circuit, is to view Rule 30(e) with a restrictive eye." *In re Harrell*, 351 B.R. 221, 240 (Bkrtcy. M.D. Fla. 2006); *see also Reynolds v. LB.M Corp.,* 320 F. Supp. 2d 1290,1300-01 (M.D. Fla. 2004) ("[Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all, then return home and plan artful responses.").

In particular, Plaintiff relies on *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010), which found that "the submission of the novella-length errata sheet making a slew of material changes to their client's deposition was improper." Plaintiff asks this court to follow *Norelus* because the Non-parties in this case made fifteen changes to their responses given during the depositions. Plaintiff also claims that these changes are material, as they do not clarify or add to the original response. Additionally, Plaintiff states that the Non-parties did not provide a valid reason as to why the errata sheet was filed. Plaintiff contends that transcription errors by the court reporter and/or alleged confusion by the witness cannot be valid reasons, where the Non-parties were informed prior to the deposition that they should notify Plaintiff's counsel if they did not understand the question so that it may be rephrased. [D.E. 56]. Plaintiff then states that the Non-parties were not

confused during the deposition, as evidenced by their affirmative answers. [D.E. 56]. As a result, "absent a good reason, such as transcription error or sufficient showing of confusion, material and contradictory changes are not permissible." *Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co.*, 2015 WL 4167377, at *3 (M.D. Fla. July 9, 2015).

Additionally, Plaintiff relied upon the Middle District's decision in *Reynolds* for support. In *Reynolds*, the Court acknowledged that the Eleventh Circuit had not ruled on this issue, which led the Court to consider how other Circuit Courts have interpreted Rule 30(e). *Reynolds*, 320 F. Supp. 2d at 1301. After careful consideration of cases within the Seventh and Tenth Circuit, *Reynolds* concluded "'that a change of substance which actually contradicts the transcription is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a not.'" *Id.* (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

As we see it, Plaintiff's reliance on *Norelus* and *Reynolds* is misplaced. In *Norelus*, the Court was not ruling on the binding interpretation of Rule 30(e). Instead, the Court was considering whether there was an abuse of discretion in sanctioning attorneys under 28 U.S.C. § 1927. *Norelus*, 628 F.3d at 1281. There were also 868 attempts to alter the original testimony in *Norelus*. *Id.* Plus those changes were made by counsel largely without the witness's approval or consent. So, in other words, the case involved sanctionable conduct by counsel seeking to

4

recreate the facts in the case as opposed to a good faith attempt at presenting truthful testimony.

By contrast, Plaintiff only alleges fifteen instances of attempts made to alter the original testimony in this case. *Norelus* has no bearing here. Similarly *Reynolds* is not persuasive because it "did not address the striking of an errata sheet, but whether it was proper to disregard it in a ruling for a motion for summary judgement." *Reynolds*, 320 F. Supp. 2d at 1301. The issue here is obviously quite different at this stage of the case.

Other courts considering similar arguments have agreed with this conclusion and distinguished the application of Rule 30(e) in both *Norelus* and *Reynolds*. Courts within the Eleventh Circuit have refused to apply a strict interpretation of Rule 30(b) because a broader interpretation is more consistent with the plain language of Rule 30(e) for the run-of-the-mill case. *See, e.g., Allstate Ins. Co. v. Viazcay*, 2013 WL 12157570, at *2 (M.D. Fla. Aug. 2, 2013); *United Subcontractors, Inc. v. Darsey*, 2013 WL 5770559, at *1 (M.D. Fla. Oct. 24, 2013) ("the undersigned has reviewed the *Norelus* decision and finds nothing in it indicating the Eleventh Circuit has decided that substantive changes to a deposition are not permitted.")

Although the Eleventh Circuit itself has not squarely interpreted the effect of Rule 30(e) in cases like ours, other Circuit Courts have considered the question. The Seventh Circuit, relied upon by the District Court in *Reynolds*, recognized that material alterations to the deposition may constitute changes in form and substance, which changes are permitted under Rule 30(e). *Thorn*, 207 F.3d at 389;

5

*see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding that nothing in the language of Rule 30(e) precludes material alterations to the original deposition).

This interpretation of Rule 30(e) adopted by the Second and Seventh Circuits has been followed by courts within the Southern District of Florida. For instance, In *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2016 WL 7443291, at 1* (S.D. Fla. Dec. 14, 2016), our court held that the majority position, a broad interpretation of Rule 30(e)(1)(B), is more persuasive because the rule expressly permits deponents to make changes to their deposition "in form and substance." Another Judge in our court agreed in *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 532 (S.D. Fla. 2009) (holding that deponents are allowed to make broad changes in form or substance even if the changes materially alter deposition testimony. A broad interpretation furthers the purpose of the discovery process-to allow the parties to elicit the true facts of a case before trial.") (citing *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005)). Additionally, our court has also recognized that "'the language of the Rule places no limitations on the type of changes that may be made [,] … nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reason for the changes—even those that are unconvincing.'" *Maharaj v. Geico Cas. Co.*, 996 F. Supp. 2d 1303, 1312 (S.D. Fla. 2014) (citing *Podell*, 112 F.3d at 103).

This less strict interpretation of Rule 30(e) is not without limits. The Third Circuit mostly follows the broader view of the Rule, but also acknowledges that it is

up to a district court's discretion to determine whether material changes are prejudicial enough to warrant a motion to strike an errata sheet. *EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 268 (3d. Cir. 2010). When considering the text and purpose of the rule as a whole, that conclusion appears to strike a reasonable balance between the differing interpretations discussed in *Architectural Ingenieria Siglo XXI*. This limitation recognized in *EBC* permits witnesses to make alterations to their original testimony, while allowing Courts to strike any material alteration depending on the level of prejudice caused by such alteration.

After careful consideration of the existing precedent, we hold that Rule 30(e) should be broadly interpreted in the first instance, while leaving it up the court's discretion to determine whether the material alterations are prejudicial enough to warrant a motion to strike an errata sheet. The Non-parties' alterations to their original testimony are not sanctionable, because they were not material and prejudicial alterations to the original testimony. Instead, they appear to be clarifying statements. For example:

> Q: Do you know if Nancy was the one that prepared dinner?
>
> THE WITNESS: Sometimes.

[D.E. 52]. By contrast, in the errata sheet, the Non-parties' state that: "we usually ate out or ordered delivery, on the rare occasion that we ate together as a family Nancy would sometimes cook and my mother would sometimes cook." [D.E. 52]. Such a change appears to be more of a clarifying statement than a material and prejudicial change, because the errata sheet response is not denying what was

7

stated in the original testimony. As a result, the Non-parties' response in the errata sheet serves more as a clarification that is not entirely inconsistent with the original testimony. And the remaining examples cited in the Motion are even less compelling and do not amount to material changes to the witnesses' testimony in the first instance.

Hence, Plaintiff's motion to strike portions of the errata sheet is **DENIED**. Additionally, because Plaintiff has failed to demonstrate any material and prejudicial alteration to the original testimony, Plaintiff's request to re-open Non-parties' depositions is **DENIED**. Nevertheless, the original testimony of the three witnesses, and the errata sheets, "as well as the reasons for the changes, shall be subject to examination by the trier of fact." *Allstate Ins. Co.*, 2013 WL 12157570, at *3.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Non-parties' errata sheet, or in the alternative, to re-open Non-parties' depositions [D.E. 51] is **DENIED**. Plaintiff's motion to strike the errata sheet is **DENIED**. Plaintiff's request to re-open the depositions is **DENIED**. All fees and costs requested by the parties are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge