UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

**[CONSENT TO MAGISTRATE JUDGE]**

NARCISA PEREZ CHAVEZ,       )
                            )
       Plaintiff,      )
vs.                         )
                            )
BERNARDA M ARANCEDO,        )
                            )
       Defendant.      )
_____ )

**DEFENDANT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE,
TO RE-DEPOSE WITNESS THANIA VERNON**

COMES NOW Defendant Bernarda Maria Arancedo ("Defendant"), by and through her undersigned counsel, and files this Defendant's Response in Opposition to Plaintiff's Motion to Strike Or, In the Alternative, To Re-depose Witness Thania Vernon [DE64] ("Motion") ("Response"), and in support thereof states as follows:

**I. Summary**

    1.    Plaintiff's Motion should be denied because:

        a.    Defendant's Counsel elected to take the deposition of Defendant's Expert Thania Vernon prior to the conclusion of the (i) Court ordered document filing deadlines and (ii) the Plaintiff's document production requests to Defendant and is (i) bound be the tactical election and (ii) estopped for seeking the relief in Plaintiff's Counsel's Motion.  Defendant's Counsel has failed to carry its burden.  There is no legal basis for Plaintiff's Counsel's Motion.

        b.    Defendant's Counsel timely transmitted to Plaintiff Thania Vernon's Expert Affidavit on May 14, 2018 which was the deadline as provided in this Court's Scheduling

Order [DE32] ("Scheduling Order");

      c.     Defendant's Counsel timely transmitted to Plaintiff's Counsel Defendant Fed. R. Civ. P. 26(e) disclosures related to Thania Vernon ("Supplemental Disclosures") on May 31, 2018 which was the deadline as provided in this Court's Scheduling Order;

      d.     Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Supplemental Expert Affidavit on June 20, 2018 which was the deadline as provided in this Court's June 13, 2018 Docket Order [DE63] ("Order Extending Expert Submission Deadline");

      e.     Plaintiff's Counsel should not be allowed to depose Thania Vernon a second time. Plaintiff's Counsel elected to take the deposition of Thania Vernon on June 18, 2018 which Plaintiff's Counsel knew was (i) two days before the June 20, 2018 deadline as provided in this Court's Order Extending Expert Submission Deadline [DE63]; and (ii) three days before Plaintiff's Counsel's self-set deadline date of June 21, 2018 for Defendant's to submit responses to Plaintiff's Supplemental Request for Production [of documents] To Defendant Dated 5/22/18 ("Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon")[1]. Plaintiff's Counsel elected to take Defendant's Expert's deposition prior to the Court's set document delivery date and prior to date for Defendant's responses to Plaintiff's request for document production related to Thania Vernon. If Plaintiff's Counsel had elected not

---

[1] The Court should "deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition <u>if the party taking the deposition chose to conduct the deposition prior to the completion of document discovery</u>." (e.s.) See *Glob. ePoint, Inc. v. GTECH Corp*., No. CA 11-197 S, 2015 WL 113979 at *2 (D.R.I. Jan. 8, 2015) citing *Morrison v. Stephenson*, No. 2:06-CV-0283, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008) (where the Court denied leave to conduct second deposition of expert even though expert conducted additional work after the first deposition because the additional work conducted by the expert did not produce different results or express any new or different opinion which would justify the expert to sit for another deposition. Party requesting deposition will be adequately able to conduct cross examination at trial.)

to depose Thania Vernon on June 18, 2018 and had instead chosen to depose Thania Vernon after the June 21, 2018 deadlines related to Thania Vernon, Plaintiff's Counsel would have been in a position to question Thania Vernon about the documents due on those post expert deposition deadlines.

**II. Facts**

    2.    The dispositive facts compel denial of Plaintiff's Motion:

    a.    Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Expert Affidavit on May 14, 2018 which was the deadline as provided in this Court's Scheduling Order;

    b.    Defendant timely transmitted to Plaintiff's Counsel Supplemental Disclosures related to Thania Vernon on May 31, 2018 which was the deadline as provided in this Court's Scheduling Order;

    c.    Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Supplemental Expert Affidavit on June 20, 2018 which was the deadline as provided in this Order Extending Expert Submission Deadline;

    d.    Plaintiff's Counsel elected to take the deposition of Thania Vernon[2] on June 18, 2018 which Plaintiff's Counsel knew was: (i) two days before the June 20, 2018 deadline as provided in this Court's Order Extending Expert Submission Deadline; and (ii) three days before the June 21, 2018 deadline for Defendant's to submit responses to Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon; and

    e.    Plaintiff questioned Thania Vernon in her June 18, 2018 deposition regarding the methodology she both (i) used to obtain the information reflected in Thania

---

[2] Plaintiff's Counsel did not serve Thania Vernon with the subpoena *duces tecum* for her June 18, 2018 deposition, as required under the Federal Rules of Civil Procedure.

Vernon's Expert Affidavit and (ii) would have used to obtain the information reflected in Thania Vernon's Supplement Expert Affidavit.

      f.    Plaintiff's Counsel is bound by its decision to take an early deposition of Defendant's expert Thania Vernon and its decision not to wait until all document production related to expert Thania Vernon was completed which would have been after June 21, 2018.

<u>Defendant Timely Submitted Thania Vernon's Expert Affidavit and Disclosures</u>

3.    Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Expert Affidavit regarding the rental value of the room Plaintiff stayed in ("Expert Affidavit") on May 14, 2018 which was the deadline as provided in this Court's Scheduling Order. See email to Plaintiff's Counsel attaching Expert Affidavit attached as Exhibit 1. This Court extended this deadline to June 20, 2018 as provided in a June 13, 2018 Docket Order [DE63] ("Order Extending Expert Submission Deadline").

4.    Defendant timely transmitted to Plaintiff's Counsel Supplemental Disclosures related to Thania Vernon on May 31, 2018 which was the deadline as provided in this Court's Scheduling Order. See email to Plaintiff's Counsel attaching Rule 26(e) Supplement Disclosures attached as Exhibit 2.

<u>Plaintiff's Counsel Elected to Take Thania Vernon's Deposition Before Deadline to Supplement Expert Documentation and Before Responses Due to Document Production related to Expert Thania Vernon</u>

5.    On May 30, 2018 Plaintiff's Counsel Noticed the deposition *duces tecum* of Thania Vernon for June 18, 2018 to be subpoenaed by Plaintiff's Counsel. See Notice of deposition attached as Exhibit 3. Plaintiff's Counsel did not serve Thania Vernon with the subpoena *duces tecum* for her June 18, 2018 deposition, as required under the Federal Rules of

Civil Procedure[3]. Plaintiff's Counsel did so knowing that additional documents could be provided on June 20, 2018 per Court Order and on June 21, 2018 per Plaintiff's Counsel notice of document production to Defendant. Plaintiff's Counsel is bound their decision to take the deposition prior to the known dates of potentially relevant documents.

6. Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Supplemental Expert Affidavit on June 20, 2018 which was the deadline as provided in this Order Extending Expert Submission Deadline ("Supplement Expert Affidavit"). See Exhibit 4. Plaintiff's Counsel elected to take Thania Vernon's June 18, 2018 deposition two days before the June 20, 2018 deadline to submit Thania Vernon's Supplement Expert Affidavit.

7. On May 22, 2018, Plaintiff's Counsel chose to provide Defendant's Counsel with Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon. See Exhibit 5. Defendant timely provided Responses to Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon ("Responses to Plaintiff's Request for Document Production – Thania Vernon") on June 21, 2018 which was the deadline according to the Federal Rules of Civil Procedure. Plaintiff's Counsel elected to take Thania Vernon's June 18, 2018 deposition three days before the June 21, 2018 deadline to submit Responses to Plaintiff's Request for Document Production – Thania Vernon. Plaintiff's Counsel is bound by its decision.

<u>Thania Vernon's Deposition Covered Topics related to Expert Thania Vernon Including those Complained of in Plaintiff's Motion</u>

8. On June 18, 2018 Defendant's Counsel and Thania Vernon (i) appeared for the deposition of Ms. Vernon without having been served with a subpoena by Plaintiff's Counsel;

---

[3] On June 6, 2018 Defendant's Counsel informed Plaintiff's Counsel of Thania Vernon's hourly rate and requested confirmation Plaintiff will be reimbursing Thania Vernon for her time responding to discovery as is required under Fed.R.Civ.P 26. Plaintiff's Counsel has not responded to Defendant's Counsel as of the date of filing this Response.

(ii) Thania Vernon brought documents responsive to the subpoena *duces tecum* that was not served on her; and (iii) was deposed and questioned by Plaintiff's Counsel about various matters including, but not limited to:

    a.    Ms. Vernon's qualifications as an expert in real estate[4];

    b.    the methodology generally accepted and used by both the real estate community and Ms. Vernon which is applicable to any year including years 2012-2016 in determining the value of rent of property in the Key Biscayne area (the area at issue in this proceeding)[5];

    c.    the contents of Thania Vernon's Expert Affidavit[6];

    d.    the methodology both Ms. Vernon and professionals in the real estate community would use to calculate the rental value of the room Plaintiff stayed in during years 2012-2016[7]; and

    e.    what results would be obtained by Thania Vernon should she calculate the rental value of the room Plaintiff stayed in during years 2012-2016[8].

9. On June 21, 2018, Plaintiff's Counsel filed Plaintiff's Motion without responding to Defendant's Counsel's good-faith conferral requesting the fact basis and legal support for Plaintiff's Motion. Plaintiff's Counsel violated their duty to Defendant's Counsel and this Court

---

[4] See for example excerpts at pages 12, 16, 17, 28, and 37 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6.

[5] See for example excerpts at pages 24, 26, 27, 51, 53, 57, 58, 59, and 79 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6.

[6] See for example excerpts at pages 51, 53, 57, and 58 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6.

[7] See for example excerpts at page 83 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6 (providing the methodology used to calculate a valuation of rent in 2012).

[8] See for example excerpts at page 90 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6 (providing that the reasonable rental value in 2012-2016 of the room Plaintiff stayed in at issue in this proceeding would be substantially the same as the calculation provided in Thania Vernon's Affidavit.)

to confer in a substantive and meaningful manner.

**III. Plaintiff's Motion Presents the Facts in a False Light**

10.     Plaintiff's Motion repeatedly and knowingly sets forth the facts inaccurately in an attempt to place regarding the circumstances that transpired in connection with Plaintiff's Motion in a false light before this Court.

11.     In Paragraph 7 of Plaintiff's Motion, Plaintiff alleges that on May 31, 2018, Thania Vernon was proffered as an expert witness for the "first time".  This statement in Plaintiff's Motion is false because on May 14, 2018, Defendant provided Plaintiff Thania Vernon's Expert Affidavit to Plaintiff's Counsel.

12.     Plaintiff's Motion failed to disclose to the Court the fact that while Plaintiff's Notice of Deposition *duces tecum* of Thania Vernon was scheduled to occur on June 18, 2018, Plaintiff's Counsel did not serve the subpoena *duces tecum* on Thania Vernon, as required under the Federal Rules of Civil Procedure[9].

13.     Plaintiff's Motion failed to disclose to the Court the fact that Plaintiff elected to take Thania Vernon's deposition on June 18, 2018 despite knowing that: (i) the Court's deadline to supplement discovery related to Thania Vernon expired two days after the date elected by Plaintiff's Counsel; and (ii) the deadline for Defendant's Responses to Plaintiff's Request for Document Production – Thania Vernon expired three days after the date elected by Plaintiff's Counsel.

14.     Plaintiff's Motion presents the facts in Paragraph 9[10] in a false light when it

---

[9] Plaintiff's Notice of taking deposition of Thania Vernon on June 18, 2018 clearly provides that the deposition is "to be subpoenaed by Plaintiff's counsel." See Exhibit 3.  Plaintiff's counsel never did so despite having a duty to do so.

[10] Plaintiff's Counsel's statement on Paragraph 9 of Plaintiff's Motion that "Defendant served Plaintiff with a four page Supplemental Affidavit of Thania Vernon with thirty-five pages of

alleges that Thania Vernon's Supplemental Expert Affidavit "was substantially different than [Thania Vernon's Expert Affidavit]." Thania Vernon's Supplemental Expert Affidavit is virtually the same as Thania Vernon's Expert Affidavit except for the numbers provided for the rental value of the room Plaintiff stayed in at Defendant's home during years 2012 through 2016. Nevertheless, Thania Vernon was questioned in her June 18, 2018 deposition by Plaintiff's Counsel regarding the information provided in Thania Vernon's Supplement Expert Affidavit as provided in Paragraph 8, *supra*.

Expert Thania Vernon testified in her June 18, 2018 deposition that the reasonable rental value in 2012-2016 of the room Plaintiff stayed in at issue in this proceeding would be substantially the same as the calculation provided in Thania Vernon's Affidavit. See excerpt at page 90 of Thania Vernon's June 18, 2018 deposition attached as Exhibit 6

15.     Plaintiff's Motion presents the facts in Paragraph 10 and Paragraph 11 in a false light because Plaintiff Motion fails to mention that Plaintiff's Counsel knew that: (i) the Court extended the deadline to June 20, 2018 to provide expert-related information; and (ii) that June 21, 2018 was the deadline for Defendant's Responses to Plaintiff's Request for Document Production – Thania Vernon.  Therefore, Plaintiff's purported inability to conduct discovery relevant to Thania Vernon, as alleged in Paragraph 10 and Paragraph 11 of Plaintiff's Motion, is a direct result of Plaintiff's election to take Thania Vernon's deposition prior to these deadlines rather than after the know document production/delivery deadlines.

---

supporting documentation" is misleading because the Supplemental Expert Affidavit and supporting documentation provides substantially the same information as Thania Vernon's affidavit except  that it relates to years 2012-2016.  There are only four new numbers in the Supplemental Expert Affidavit which in her deposition, expert Thania Vernon stated would be substantially the same and were to Thania Vernon's Expert Affidavit.

**IV. Memorandum of Law – Plaintiff's Motion Should be Denied – Plaintiff Failed To Confer in Good-Faith Prior to Filing Plaintiff's Motion – Plaintiff Has Not Met Fact Basis or Legal Requirements for Striking Witness Thania Vernon or for a Second Deposition of Witness Thania Vernon – Court Should Deny Any Award Against Defendant or Defendant's Counsel for Any Fees in Connection with Plaintiff's Motion and All Related Work**

<u>Plaintiff Failed To Confer in Good-Faith Prior to Filing Plaintiff's Motion</u>

16. On June 1, 2018, Plaintiff's Counsel emailed Defendant's Counsel stating that Plaintiff's Counsel would move to strike Thania Vernon as "not timely". On various occasions since at least June 4, 2018 up to and including June 21, 2018, Defendant's Counsel requested the fact basis and legal precedent for Plaintiff's Motion to strike Thania Vernon <u>prior to filing such motion.</u> See Exhibit 7 and Exhibit 8, email communications.

17. The Southern District of Florida found that a violation of Local Rule 7.1(a)(3) occurs when the moving party's conferral attempt consists of sending an email requesting whether the responding party opposes the proposed motion but does not discuss the issues and legal authority with the respondent prior to filing such motion. See *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F.Supp.2d 1297, 1300 (S.D. Fla. 2010).

18. Plaintiff's Counsel failed to comply with Southern District of Florida Local Rule 7.1(a)(3) regarding good-faith conferral[11] by filing Plaintiff's Motion without responding to Defendant's Counsel's emails requesting (i) fact basis for Plaintiff's Motion; and (ii) applicable legal precedent supporting Plaintiff's Motion.

19. Plaintiff's Counsel's failure to respond to Defendant's Counsel's good-faith

---

[11] Southern District of Florida Local Rule 7.1(a)(3) provides that "[p]rior to filing any motion in a civil case [including Plaintiff's Motion] the movant [Plaintiff] shall confer . . . or make reasonable effort to confer [with Defendant] in a good faith effort to resolve by agreement the issues raised by the motion . . . . <u>Failure to comply with the requirements of this Local Rule may be cause for the Court to [deny Plaintiff's Motion]</u> and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred [including reasonable attorney's fees]." (e.s.)

conferral requests, as provided above, is a result of Plaintiff's Counsel knowing that Plaintiff's Motion has no factual or legal basis for striking Thania Vernon because all of her related disclosures and documents were timely provided consistent with this Court's deadlines.

<u>Plaintiff Has Not Met Fact Basis or Legal Requirements for Striking Witness Thania Vernon</u>

20. Plaintiff's Motion should be denied because Plaintiff has not met the fact basis or legal requirements for striking Thania Vernon as being disclosed untimely. As this Court has established, "a court can only strike an expert witness where the party failed to timely disclose a summary or report for that witness if that party had no substantial justification for its failure and/or the failure prejudices the opposing party" See *Catalina Rental Apartments, Inc. v. Pac. Ins. Co.*, No. 06-20532-CIV, 2007 WL 1050634, at *2 (S.D. Fla. Apr. 3, 2007). Here, Plaintiff's Counsel failed to meet its burden to strike Thania Vernon because:

   a. Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Expert Affidavit on May 14, 2018 which was the deadline as provided in this Court's Scheduling Order;

   b. Defendant timely transmitted to Plaintiff's Counsel Supplemental Disclosures related to Thania Vernon on May 31, 2018 which was the deadline as provided in this Court's Scheduling Order; and

   c. Defendant timely transmitted to Plaintiff's Counsel Thania Vernon's Supplemental Expert Affidavit on June 20, 2018 which was the deadline as provided in this Order Extending Expert Submission Deadline.

21. Moreover, the case-law provided in Plaintiff's Motion is inapplicable to the fact circumstances here and compels denial of the Motion. In the case *Siplin v. Carnival Corp.*, No. 17-CIV-23741, 2018 WL 2688932 (S.D. Fla. June 5, 2018), the court granted the movant's motion to strike the expert witness because (i) the respondent stipulated to having disclosed the expert

approximately three months after the deadline in the scheduling order; and (ii) therefore the respondent's failure to timely disclose its expert was not substantially justified or harmless. In the case *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339 (11th Cir. 2004), the appellate court granted movant's motion to exclude the expert report as untimely because the respondent conceded that the expert report was submitted untimely and made no challenge to the district court's ruling that the expert report was not supplemental.

22.     Plaintiff's Motion to Strike Thania Vernon as a witness should therefore be denied because there is no legal basis to support Plaintiff's Motion when Defendant's disclosure and submission of documents related to Thania Vernon were done before any expiration of any deadline imposed by the Court[12].

<u>Plaintiff Has Not Met Legal Fact Basis or Legal Requirements for a Second Deposition of Witness Thania Vernon</u>

23.     Plaintiff's Motion should be denied because a second deposition of the Expert Thania Vernon is not only unnecessarily cumulative but also the burden on Thania Vernon and Defendant for a second deposition and the costs associated with Thania Vernon's second deposition outweighs the potential benefit of any information to be obtained in Thania Vernon's second deposition. Plaintiff's Counsel (i) elected to conduct the deposition of Thania Vernon prior to the expiration of the deadlines for discovery related to expert Thania Vernon; (ii) Plaintiff's Counsel questioned Thania Vernon in her June 18, 2018 deposition about the contents disclosed in Thania Vernon's Supplemental Expert Affidavit; and (iii) Expert Thania Vernon

---

[12] Plaintiff's Counsel's statement in Page 6 of Plaintiff's Motion that "The non-producing party has the burden of showing that its actions were substantially justified or harmless" is a misleading statement because Defendant timely produced and disclosed documents related to Thania Vernon within the deadlines provided by the Court. Therefore, Defendant is not a "non-producing party" and does not have to meet the burden of showing that its actions were substantially justified or harmless.

will be able to be cross-examined at trial.

24. "Generally, Courts tend to disfavor repeat depositions." See *Glob. ePoint, Inc. v. GTECH Corp.*, at *1 (D.R.I. Jan. 8, 2015). Federal Rules of Civil Procedure 30 requires that a party obtain leave of the Court to depose a witness a second time in the same case. Federal Rules of Civil Procedure 26(b) sets the scope and limits of discovery. As the Southern District of Florida provides:

> Rule 26(b)(2)(C) requires the court to limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative, or it can be obtained from some other less burdensome source; the party seeking the discovery has had an ample opportunity to obtain the information by discovery in the action; or the burden or expense outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues in the action, and the importance of the discovery in resolving the issues. In other words, the court must balance the benefit of the proposed discovery against the likely burdens.

See *Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC*, No. 11-60665-CIV, 2012 WL 2339703, at *3 (S.D. Fla. June 14, 2012). Further, it is well established that

> [t]he court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party <u>taking deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery</u>. (e.s.)

See *Morrison v. Stephenson*, at *2 (S.D. Ohio Jan. 10, 2008) citing *Lowery v. Noel Drilling Corp.*, 1997 WL 675328 (E.D. LA. October 29, 1997).

25. The fact circumstances in the dispositive case *Glob. ePoint, Inc. v. GTECH Corp.* are analogous to the facts here, are adverse to Plaintiff, and are favorable to Defendant, In *GTECH Corp.*, the Court <u>denied</u> the motion to conduct a second deposition of the witness because the moving party chose to take the deposition of the witness <u>prior to the completion of document discovery</u> for that witness. "Global made that very decision deposition Blazer prior to the production of all of the documents in this case. It must now live with that decision." *See* Id. at

*2. Here, Plaintiff's Counsel elected to take the deposition of Thania Vernon on June 18, 2018 which Plaintiff's Counsel knew was (i) two days before the June 20, 2018 deadline as provided in this Court's Order Extending Expert Submission Deadline; and (ii) three days before the June 21, 2018 deadline for Defendant's Responses to Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon.

26. The fact circumstances in the dispositive case *Morrison v. Stephenson* are analogous to the facts here, are adverse to Plaintiff, and are favorable to Defendant. In *Morrison,* the issue before the Court was whether a second deposition is warranted where the expert produced additional documents and performs additional work after the expert's first deposition but the additional work performed by the expert did not produce different results or opinions.

> [i]n order to justify the taking of a [second] deposition, the party making the request should demonstrate not only that additional work has been done, but that he or she has been unable, either through the first deposition or otherwise, to address any additional work done or conclusions reached without conducting a second deposition of the same witness.

See *Id*. at 3. The Court concluded that because the additional documents produced and work performed by the expert did not produce different results or opinions, these fact circumstances did not justify requiring the expert to sit for another deposition. The Court also determined that the expert will be able to be adequately cross-examined at trial and therefore denied the second deposition of the expert to take place.

Here, Thania Vernon timely submitted her Expert Affidavit and Plaintiff's Counsel elected to take the deposition of Thania Vernon on June 18, 2018 which Plaintiff's Counsel knew was (i) two days before the June 20, 2018 deadline as provided in this Court's Order Extending Expert Submission Deadline; and (ii) three days before the June 21, 2018 deadline for Defendant's Responses to Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon. Nevertheless, Thania Vernon was questioned in her June 18, 2018 deposition by

Plaintiff's Counsel regarding the information provided in Thania Vernon's Supplement Expert Affidavit as provided in Paragraph 8, *supra*. Thania Vernon testified that the resulting numbers for the rental value of the room in which Plaintiff stayed at in Defendant's house during the years 2012 through 2016 would be substantially similar to the numbers provided in Thania Vernon's Expert Affidavit; indeed, Thania Vernon's Supplemental Expert Affidavit reflects (i) the same methodology and (ii) provides numbers for the value of rent for the room Plaintiff stay in at Defendant's house during the years 2012 through 2016 which are substantially similar to the numbers provided in Thania Vernon's Expert Affidavit—consistent with what Thania Vernon testified to in her June 18, 2018 deposition. Plaintiff's Counsel, therefore, questioned Thania Vernon in her June 18, 2018 deposition about the contents of Thania Vernon's Supplemental Affidavit. Further, as in *Morrison v. Stephenson*, Thania Vernon will be able to be cross examined at trial.

27.     Therefore, there is no basis to grant Plaintiff's Motion and there is a legal requirement to deny Plaintiff's Motion because a second deposition of the Expert Thania Vernon is (i) unnecessarily cumulative and (ii) the burden on Thania Vernon[13] and Defendant for a second deposition and the costs associated with Thania Vernon's second deposition greatly outweighs the potential benefit of any information to be obtained in Thania Vernon's second deposition.

28.     Defendant's Counsel respectfully requests that, while the facts and case-law

---

[13] Defendant would be further prejudiced by a second deposition of Thania Vernon because on June 6, 2018, Defendant's Counsel informed Plaintiff's Counsel of Thania Vernon's hourly rate and requested confirmation that Plaintiff will be reimbursing Thania Vernon for her time responding to discovery as is required under Federal Rules of Civil Procedure 26.  As of the date of filing this Response, Plaintiff's Counsel has not responded to this email by Defendant's Counsel.  Defendant believes that Plaintiff will attempt to fail to comply with their obligation to pay for Thania Vernon's responses to discovery and her attendance at deposition.

support that the Court should not permit a second deposition of Thania Vernon, should this Court allows such second deposition and should Plaintiff's Counsel, in questioning, go beyond (i) the methodology provided in of the Supplemental Affidavit or (ii) the actual number calculations provided in the Supplemental Affidavit for years 2012-2016, Defendant's Counsel should be permitted to instruct Thania Vernon not to answer such questions. The reason for this request is that in the second deposition of Defendant, which was to be limited in scope per this Court's Order on Plaintiff's Motion to Strike Portions of [Defendant's] Errata Sheet dated May 24, 2018 [DE60], Defendant was asked a substantial amount of questions that fell beyond the scope of the corrections made in Defendant's errata sheet.

<u>Court Should Deny Any Award Against Defendant or Defendant's Counsel for Any Fees in Connection with Plaintiff's Motion and All Related Work</u>

29. Plaintiff's Counsel has not made arguments in Plaintiff's Motion supporting why the Court should grant an award against Defendant or Defendant's Counsel for any fees in connection with Plaintiff's Motion and all related work.

30. Defendant's Counsel believes that pursuant to applicable case law set forth in this Response, the facts here do not warrant such an award against Defendant because (1) Defendant timely complied with the Courts' prescribed deadlines related to expert Thania Vernon; (2) Plaintiff's Counsel elected to take the deposition of Thania Vernon on June 18, 2018 which Plaintiff's Counsel knew was (i) two days before the June 20, 2018 deadline as provided in this Court's Order Extending Expert Submission Deadline; and (ii) three days before the June 21, 2018 deadline for Defendant's Responses to Plaintiff's May 22, 2018 Request for Document Production – Expert Thania Vernon; (3) Thania Vernon's Supplemental Expert Affidavit produced similar results than those provided in the Expert Affidavit; and (4) Plaintiff questioned Thania Vernon in her June 18, 2018 deposition about the methodology and results reflected in

her Supplemental Expert Affidavit.

31. Defendant therefore respectfully requests that this Court enter an Order: (1) denying Plaintiff's Motion; (2) finding that witness Thania Vernon not be required to be deposed a second time; (3) denying any award against Defendant or Defendant's Counsel for any fees in connection with Plaintiff's Motion and all related work; and (4) such other matters as may be just and appropriate under the circumstances.

Dated: July 5, 2018

> Respectfully submitted,
> Whisenand & Turner, P.A.
> 501 Brickell Key Drive, Ste 602
> Miami, FL 33131
> Tel:  (305) 375-8484 – Fax: (305) 374-2919
> Attorneys for Defendant
>
> By: __/s/ Alan Lemura, Esq.__
>        Alan Lemura
>        Fla. Bar No.: 122409

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF Portal on this 5th day of July, 2018, upon: Attorneys for Plaintiff, Neil Tobak, ntobak.zidellpa@gmail.com; K. David Kelly, david.kelly38@rocketmail.com; Rivkah Fay Jaff, rivkah.jaff@gmail.com; Jamie H. Zidell, zabogado@aol.com, J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

> By: __/s/ Alan Lemura, Esq.__
>        Alan Lemura
>        Fla. Bar No.: 122409