**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 17-20003-CIV-TORRES**

**[CONSENT TO MAGISTRATE JUDGE]**

NARCISA PEREZ CHAVEZ,                )
                                     )
            Plaintiff,              )
  vs.                                )
                                     )
BERNARDA M ARANCEDO,                 )
                                     )
            Defendant.              )
_____   )

**DEFENDANT'S STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      COMES NOW Defendant, by and through her undersigned counsel, and files pursuant to Federal Rule of Civil Procedure 56 the following genuine issues of material facts in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE 66] ("Plaintiff's Motion"):

A.     The following genuine issues of material facts pertain to the time period from January 23, 2012 through December 30, 2016.

B.     Plaintiff's purported Statement of Material Facts Paragraphs 2, 3, 5, 6 - 9, 12 - 15, 17 - 20, 25, 27, 29, 30, 32, 34-40, 43, 47, 50, 51, 55, 57, 60, and 61 are assertions of conclusions of law, to be decided by the trier of fact and not as provided in Fed. R. Civ. 56

C.     Unless expressly admitted in the Defendant's Statement of Disputed Material Facts, the following are disputed material facts.

1. From on or about July, 2014 through June, 2016 Defendant stayed in Argentina with her two teenage sons of ages of approximately 15 and 17 years, respectively ("Substantial Time Period Family Stayed in Argentina"); from January 23, 2012 through on or about July 2014 and from on or about June 2016 through December 30, 2016, Defendant stayed in her Key Biscayne House except when she was absent on vacation, staying in Wellington, Florida, or elsewhere. Generally, Defendant and her teenage – adult sons rarely stayed at Defendants Key Biscayne house ("Defendant's House"); Dft. Depo 15:17-22; Plt. Depo 71:7-16; Dft. Declaration ¶12

2. Plaintiff was not hired as Defendant's employee, domestic worker, domestic housekeeper, domestic live-in housekeeper, but rather had an independent contractor arrangement with Plaintiff where she had a room available to Plaintiff for her use at her discretion and solely for her own convenience. Plaintiff used the room so Plaintiff would not have to take the bus to and from Plaintiff's residence and Defendant's House. Plaintiff had unrestricted access to food for her to purchase with Defendant's credit card and which would be available to Plaintiff to consume at her convenience. Plaintiff was not required to "live-in" Defendant's House and had no fixed schedule, days of the week or hours she was required to work. Dft. Depo 34:9-13; 46:3; 56:8-19; 62:13-18; 67:18-68:2; 74:17-75:1; 82:10-16; 87:3-15 Plt. Depo. 130:8-131:7; Joaquin Avendaño ("Joaquin") Depo 40:1-4. Dft. Declaration ¶5, 7, 9, 10, 12, 13, 15, 21, 22, 35

3. Point 2 is incorporated. Defendant and her teenage – adult sons were absent from Defendant's House during the Substantial Time Period Family Stayed in Argentina, absent on

vacation, away at college, staying in Wellington, Florida, or elsewhere. Dft. Depo 34:9-13; 45:9-46:3; 56:8-19; 62:13-18; 67:18-68:2; 87:3-15. Dft. Declaration ¶3, 9, 15

4. Defendant's spouse, Gonzalo Avendaño, lived outside the United States and did not live in the United States. Dft. Depo 14:22-15:22; 18:11-21:11.

5. Prior to January 23, 2012, Defendant was told about Plaintiff by Monica Arriazu ("Monica"). Plaintiff was not referred to Defendant by Monica as an employee.[1] Dft. Declaration ¶4.

6. Defendant met Plaintiff on or about January 23, 2012. Response to point 2 on Plaintiff not employee with no schedule, days or hours, incorporated. Plaintiff had no job duties. Dft. Depo 31:22-23; 32:21-24; 33:9-34:8 (Dft. Errata correction 34:1-3); 34:9-13; 45:9-46:3; 67:18-68:2; Plt. Depo 75:20-76:4 and 83:5-9. Dft Declaration ¶3, 5, 9, 12, 13, 15, 20, 21, 22, 35

7. Responses to Point 2 are incorporated.

8. Response to Point 2 is incorporated. Plaintiff worked on Saturdays at most 3 to 4 times per year or less for a couple of hours in the morning during some of the very limited times Defendant's spouse was in Defendant's House on Saturday. Dft. Depo 32:21-24; 34:1-8 (Dft. Errata correction on 34:1-3); 44:15-45:8; 45:9-46:3; 56:8-19; 62:13-18; 87:3-15; Joaquin Depo 24:5-22; 34:6-11. Dft. Declaration ¶5, 9, 12, 13, 15, 20, 21, 22, 35

9. Responses to Point 2 and 8 are incorporated. Plaintiff was not asked to or required to be ready to work at 6:00 a.m. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 44:15-45:8; 56:8-19; 67:18-68:2; Santiago Avendaño ("Santiago") Depo 26:23-27:13; Paula Curutchet ("Paula") Depo 21:23-22:13; Joaquin Depo 15:7-13. Dft. Declaration ¶9, 12, 13, 15, 20, 21, 22, 35

10. Plaintiff determined the amount she wanted to be compensated by Defendant for work performed which was $450 per week in addition to (i) Response to point 2 regarding room is incorporated and (ii) unrestricted access to food for her to purchase with Defendant's credit card and which would be available to her to consume at her convenience. Dft. Depo 47:5-22; Plt. Depo. 130:8-131:7; Dft. Declaration ¶10.

11. Except during the Substantial Time Period Family Stayed in Argentina and when Paula

---

[1] Plaintiff's Statement of Facts Paragraph 5 misstates Paragraph 6 of Plaintiff's MPSJ Declaration which states "to the best of Plaintiff's Knowledge" is not an undisputed fact by Plaintiff but merely Plaintiff's speculation.

3

stayed at Defendant's House, Defendant paid $450/week in cash to Plaintiff as an independent contractor. During the Substantial Time Period Family Stayed in Argentina and during the term Paula stayed at Defendant's House, Paula paid Plaintiff $450 per week. Paula Depo P 17:15-21.

12. Plaintiff's independent contracted tasks for Defendant took considerably less than 75 hours per week; Plaintiff does not have personal knowledge how much she was paid per hour; Plaintiff has no independent corroboration to support her assertions and it is fictional assertion. During the Substantial Time Period Family Stayed in Argentina Plaintiff's tasks were limited to making the bed, cleaning the bathroom, changing the towels and sheets, dusting washing and ironing for adult son Santiago. On or about September 2015, Defendant's adult son, Santiago departed to New York to attend college and did not stay at Defendant's House after this ("Substantial Time Period Adult Son Away for College"). During the Substantial Time Period Adult Son Away For College, Plaintiff had considerably less tasks to be completed, if any ("Very Limited Contracted Tasks"). When Defendant and her family were staying in Defendant's House, they would travel for the holidays including but not limited to approximately one month during the Christmas holiday, the Thanksgiving holiday and approximately one month in April of each year ("Vacation Travel Dates") during which Defendant had Very Limited Contracted Tasks, if any. (Substantial Time Period Family Stayed in Argentina, Substantial Time Period Adult Son Away for College, and Vacation Travel Dates, collectively ("Substantial Time Family Away")), Dft. Depo 15:17-22; 40:17-41:3; Plt. Depo 25:5-17; 61:13-18; 62:13-18; 71:7-16; 91:13-92:7; Paula Depo 21:23-22:13. Dft. Declaration ¶12, 13, 15, 26; Santiago Declaration ¶4.

13. Defendant and Plaintiff did not have any verbal agreement, but rather an independent contractor arrangement where Plaintiff was not Defendant's employee. Dft. Depo 34:9-20 (Dft. Errata Sheet on 34:16-17); 36:7-10 (Dft. Errata Sheet on 36:10); 60:14-61:9 (Dft. Errata Sheet on 60:14 and 61:4-5); 74:17-75:1; 81:24-82:16. Dft. Declaration ¶3, 9, 15

14. Response to point 2 regarding Plaintiff as independent contractor is incorporated[2]. Plaintiff was free to come and go as she pleased from Defendant's House and attend to personal

---

[2] Plaintiff's Statement of Facts Paragraph 14 cites Paragraph 6 of Plaintiff's MPSJ Declaration (which is Paragraph 7 of Plaintiff's MPSJ Declaration) which states that the verbal agreement was not for Plaintiff's "employment" but regarding her "rate of pay and hours to be worked"; Plaintiff's Motion omits this disputed fact.

errands if she wished and indeed she did attend to personal errands and performed work for other persons (such as Guillermo Martinez and others) for her personal benefit. If Plaintiff did not do so, that was Plaintiff's personal life style decision. Dft. Depo 45:9-46:3; 56:8-19; 34:9-13; 67:18-68:2; 87:3-15. Dft. Declaration ¶3, 9, 15, 24, 25

15. Response to point 2 regarding the independent contractor arrangement, not required to stay, room for Plaintiff's benefit, and food available is incorporated.. Dft. Depo 62:13-18; 83:4-14; 84:20-25; Plt. Depo 130:8-131:7; Joaquin Depo 40:1-4. Dft. Declaration ¶5, 7, 9, 10, 15, 36, 37

16. Response to point 2 regarding the room for Plaintiff's benefit is incorporated. This room contained a bathroom, air conditioning, two beds, two windows, and a very large closet. Dft. Depo 32:25-33:4; Plt. Depo. 130:8-131:7 Dft. Declaration ¶36

17. Responses to Point 2 are incorporated; Plaintiff was not asked to or required and to Defendant's knowledge never did cook breakfast for Defendant's teenage – adult sons. Dft. Depo 31:4-21; 32:21-24; 34:9-13; 45:9-46:3; 62:13-18; 64:24-65:15; 87:3-15. Plt. Depo 70:18-72:2; 95:16-18; 96:8-11; Paula Depo 33:15-34:3; Santiago Depo 26:23-27:13; Joaquin Depo 18:16-21; 36:12-19. Deft. Declaration ¶3, 9, 12, 13, 15, 17, 26; Santiago Declaration ¶4, 5, 7 Benjamin Declaration ¶4, 6

18. Responses to points 2 and 10 are incorporated. Plaintiff signed a Declaration of Domicile under penalty of perjury on June 19, 2015 declaring a residential unit elsewhere as her "residence and permanent domicile" "<u>to the exclusion of all others</u>". . Dft. Depo 34:9-13; 45:9-46:3; 47:5-22; 62:13-18; Plt. Depo 3:16-20; 17:17-21; 130:8-131:7; Plaintiff's Declaration of Residence To The Exclusion of All Others, Exhibit 2 to Defendant's Response; Dft. Declaration ¶3, 5, 6, 9, 10, 11, 15, 36

19. Plaintiff was not Defendant's employee and did not have wages. Responses to points 7 and 10 are incorporated. Plaintiff understood the value of the room to Plaintiff. Dft. Depo 32:21-24; 34:9-13; 45:9-46:3; 47:5-22; 62:13-18; Dft. Declaration ¶3, 9, 10, 15, 36

20. Same genuine issues of disputed material facts as Paragraph 19, above.

21. Same genuine issues of disputed material facts as Paragraph 19, above

22. A market value existed for the room referenced in Point 2 and incorporated. That value has been determined by a real estate expert in the Key Biscayne area. Thania Vernon Expert Affidavit dated May 14, 2018 and Supplemental Expert Affidavit dated June 20, 2018 attached

5

as Exhibit 3 and 4 to the Response. Dft. Depo 32:25-33:4; 74:17-76:23; 81:24-82:16. Plt. Depo. 130:8-131:7 Dft. Declaration ¶36, 39

23. Plaintiff was an independent contractor with an informal arrangement where Plaintiff was contracted to perform Limited Contracted Tasks and Very Limited Contracted Tasks. In light of Defendant's informal arrangement with Plaintiff, Defendant had no reason to believe that Plaintiff was her employee. Plaintiff never claimed to be the employee of Defendant and understood Plaintiff was an independent contractor with a residence to the exclusion of all others at another location.  Dft. Depo 45:9-46:3; 56:8-19; 67:18-68:2; Dft. Declaration ¶3, 9, 15, 26, 40

24. Responses to Point 10 incorporated. Plaintiff elected to go grocery shopping for herself and purchase and consume food paid by Defendant whenever she wanted including but not limited to eating lunch and other meals[3] the days she stayed at Defendant's House.  Dft. Depo 64:4-20; Plt. Depo 79:22-25; 81:18-22; 116:18-21; Benjamin Avendaño ("Benjamin") Depo 34:15-17; 34:24-35:1. Dft. Declaration ¶10, 11

25. Same genuine issues of disputed material facts as Paragraph 19, above

26. Response to point 2 regarding Plaintiff as independent contractor is incorporated. Plaintiff was free to do as she wished and as such maintained or not her own records.  Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated. Dft. Depo 32:21-24; 33:9-16; 33:22-34:13 (Dft. Errata correction 34:1-3); 45:9-46:3; 56:8-19; 67:18-68:2; Plt. Depo 75:20-76:4 and 83:5-9; Dft. Declaration ¶3, 9, 15, 20, 21, 22, 24, 25, 35

27. Responses to Point 2 are incorporated.  Plaintiff maintained a residence to exclusion of all others elsewhere. Dft. Depo 45:9-46:3; 56:8-19; 62:13-18; 67:18-68:2; Dft. Declaration ¶3, 8, 9, 15, 20, 21, 22, 35

28. Plaintiff was not my employee but she rather was contracted to perform specific tasks which were limited to making four beds, cleaning three bathrooms, changing towels and sheets, and washing and ironing, and dusting, as needed, depending whether me and my three sons were

---

[3] Plaintiff's Statement of Facts Paragraph 24 intentionally omits the facts stated in Plaintiff's MPSJ Declaration Paragraph 24 where Plaintiff explicitly admits that she would eat lunch, dinner, and coffee while at Defendant's House. This sworn statement under penalty of perjury undermines Plaintiff's credibility as it internally contradicts and is disputed with Plaintiff's own testimony during deposition when she repeatedly stated she would not eat dinner while at Defendant's House. Plt. Depo 82:1-21 and 118:1 - 8

6

staying in the house or not ("Limited Contracted Tasks"). It was Defendant's understanding and belief that these Limited Contracted Tasks were generally completed by Plaintiff within two hours +/-. During the Substantial Time Family Away, Plaintiff had a room which was available to her for her sole convenience and for her use at her discretion at Defendant's House. If Plaintiff chose to stay, Plaintiff had considerably less tasks to be completed from the Limited Contracted Tasks, Very Limited Contracted Tasks. Response to Point 33 on outside areas of house incorporated. Dft. Depo 39:11-21 Dft. (Dft. Errata correction on 39:21); 39:11-21; 45:9-46:3; 56:2-7; 62:13-18; Plt. Depo 65:1-66:11; 70:18-72:2; 72:15-25; 130:8-131:7 Dft. Declaration ¶5, 6, 9, 12, 13, 15, 19, 26

29. Defendant did not control the nature and degree of work performed by Plaintiff. Plaintiff had no set hours and could organize her tasks as she pleased; Plaintiff had no fixed schedule or fixed rules. Plaintiff worked independently and supervised herself. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated.. Dft. Depo 39:11-21 (Dft. Errata correction on 39:21); 56:8-57:10; 67:18-68:2; 83:4-14; 84:20-25; Plt. Depo 75:7-76:4; 77:19-79:10; 83:5-9; 119:20-120:4; Paula Depo 21:2-22; Joaquin Depo 14:23-15:1; 38:24-39:1; 39:9-13. Dft. Declaration ¶14, 20, 21, 22, 23, 24, 25, 35

30. Responses to Point 2 are incorporated. Defendant did not supervise Plaintiff but rather Plaintiff organized and supervised herself for the tasks she was to perform. Plaintiff did not regularly oversee Plaintiff's work and the quality of same. Dft. Depo 32:21-24; 33:9-34:13 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 74:17-75:1; 81:24-82:16; 83:4-14; Plt. Depo 75:20-76:4; 83:5-9; 119:20-120:4. Dft. Declaration ¶14, 20, 21, 22, 23, 24, 25, 35

31. Response to Point 2 incorporated. Defendant would not check, observe, or supervise the quality of Plaintiff's work nor would she instruct Plaintiff to re-do any work. Dft. Depo 56:8-19; 67:18-68:2; 74:17-75:1; 83:4-14; Plt. Depo 75:7-11; 75:20-76:4; 83:5-9; 119:20-120:4; Joaquin Depo 38:24-39:1; 39:9-13. Dft. Declaration ¶14, 20, 21, 22, 23, 24, 25, 35

32. Plaintiff did not have job duties because Plaintiff was not Defendant's employee. Plaintiff was not was not asked to or required and to Defendant's knowledge never did wake up, or prepare breakfast for Defendant's three teenage/adult sons who were ages 13-17 years, 15-19 years, and 17-21 years respectively ("Defendant's Teenage/Adult Sons") and who were not staying in Defendant's House in the Substantial Time Family Away and other times. Plaintiff

was not asked to or required to prepare breakfast or clean up after Defendant's Teenage Adult Sons. Dft. Depo 31:4-21; 32:21-24; 40:5-8 (Dft. Errata correction on 40:8); 45:9-46:3; Plt. Depo 70:18-72:2; 95:16-18; 96:8-11; Monica Depo 17:1-10; 18:1-5; Paula Depo 33:15-34:3; Santiago Depo 26:23-27:13; Joaquin Depo 18:16-21; 36:12-19. Dft. Declaration ¶9, 12, 13, 15, 16, 17, 18 Santiago Declaration ¶3-7 Benjamin Declaration ¶3 - 6

33. Plaintiff was not responsible for maintaining cleanliness of the outside areas of Defendant's House including the patio, garden, watering plants and flowers, and cleaning windows on the outside of Defendant's House. Defendant paid a gardener and a part-time person named Esther Vides to attend to those areas of Defendant's House. Dft. Depo 56:2-7; 69:22-71:3; Plt. Depo 65:1 - 66:11; 72:15-18; Joaquin Depo 48:4-24. Dft. Declaration ¶19

34. Plaintiff had a friendly independent contractor arrangement with Defendant where Plaintiff was responsible for Limited Contracted Tasks and Very Limited Contracted Tasks during the Substantial Time Family Away. Plaintiff was not responsible for cooking or preparing dinner or cleaning up after Defendant's Teenage/Adult Sons. There were not five family members routinely at Defendant's House. Dft. Depo 15:17-22; 31:4-21; 41:6-14 (Dft. Errata correction on 41:8-9); Plt. Depo 70:18-72:2; 95:16-18; 96:8-11; 115:23-116:15; Monica Depo 17:1-10; 18:1-5; Paula Depo 33:15-34:3; Benjamin Depo 24:3-6; 60:10-14; Joaquin Depo 10:5-23. Dft. Declaration ¶9, 12, 13, 15, 16, 17, 18, 22, 26 Santiago Declaration ¶3-7 Benjamin Declaration ¶3 - 6

35. Plaintiff did not have any set days to work and was not asked to or required and to Defendant's knowledge never did work from 6:00 a.m. to approximately 9:00 p.m. Monday through Thursday. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata Sheet on 39:21); 40:5-8 (Dft. Errata Sheet on 40:8); 56:8-19; 67:18-68:2; Plt. Depo 16:17-20; 75:20-76:4; Paula Depo 21:23-22:13; Santiago Depo 26:23-27:13; Joaquin Depo 36:12-19. Dft. Declaration ¶20

36. Plaintiff did not have any set days to work and was not asked to or required and to Defendant's knowledge never did work from approximately 9:00 a.m. to and including 7:00 p.m. Friday; Dft. Declaration. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 40:5-8 (Dft. Errata correction on 40:8); 56:8-19; 67:18-68:2; Plt. Depo 75:20-76:4; Paula Depo 21:23-22:13; Santiago Depo 26:23-27:13; Joaquin Depo 36:12-19. Dft. Declaration ¶21

37. Plaintiff did not work on average twice per month on Saturdays from approximately 7:00 a.m. through to and including approximately 12:00 p.m. Response to point 8 regarding Saturday is incorporated. . Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 40:5-8 (Dft. Errata correction on 40:8); 41:25-42:20; 44:12-14; 44:15-45:8; 56:8-19; 67:18-68:2; Plt. Depo 56:9-57:9; 58:17-21; 75:20-76:4; Monica Depo 17:1-10; Paula Depo 21:23-22:13; Santiago Depo 26:23-27:13; Benjamin Depo 60:10-14; Joaquin Depo 36:12-19. Dft. Declaration ¶22

38. Same genuine issues of disputed material facts as Paragraph 12, above.

39. Plaintiff was not expected to be at Defendant's House and/or available as needed. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated.. Response to Point 2 and Point 28 on time to complete tasks incorporated. During the Substantial Time Family Away Defendant's and Defendant's Teenage/Adult Sons were not staying in Defendant's House and Plaintiff had Limited Contracted Tasks and Very Limited Contracted Tasks. If Plaintiff did not seek profits elsewhere, that was Plaintiff's lifestyle choice. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 56:8-19; 56:20-57:1; 57:2-10; 67:18-68:2; 87:18-20; Plt. Depo 119:20-120:4; Paula Depo 21:2-22; 35:2-14; 35:25-36:7; Joaquin Depo 40:1-4. Dft. Declaration ¶12, 13, 15, 20, 21, 22, 23, 24, 25, 26, 35

40. Plaintiff liberty was not restricted by Defendant. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated.. Response to Point 39 incorporated. Dft. Depo 15:17-22.

41. Responses to Point 2 are incorporated. If Plaintiff chose to stay during the Substantial Time Family Away, Plaintiff only had Very Limited Contracted Tasks that did not include keeping an eye on Defendant's House. Dft. Depo 15:17-22; 84:20-25; Plt. Depo 70:18-72:2; 130:8-131:7; Santiago Depo 16:18-17:17; Benjamin Depo 32:12-19. Dft. Declaration ¶12, 13, 26, 28

42. Responses to Point 41 are incorporated[4]. Dft. Depo 15:17-22; 83:4-14; 84:20-25; Plt.

---

[4] Plaintiff's Statement of Facts Paragraph 42 internally contradicts with Plaintiff's Statement of Facts Paragraph 41 and 43 because Paragraph 42 acknowledges that Defendant gave Plaintiff <u>permission</u> to be at Defendant's House in Defendant's absence and it was not a requirement.

Depo 70:18-72:2; 130;8-131:7; Santiago Depo 16:18-17:17; Benjamin Depo 32:12-19. Dft. Declaration ¶26, 28

43. Response to Point 41 incorporated. If Plaintiff chose to stay, Plaintiff only had Very Limited Contracted Tasks which did not include ensure that the property was not vandalized, to be present when packages were delivered, to answer phone calls, or to attend to other domestic duties.   Dft. Depo 15:17-22; 83:4-14; 84:20-25; Plt. Depo 70:18-72:2; 130:8-131:7; Santiago Depo 16:18-17:17; Benjamin Depo 32:12-19. Dft. Declaration ¶12, 13, 26, 28

44. There was no construction done at Defendant's House. For a 2+/- month period in each of years 2015 and 2016, there was some minor touch-up remodeling work done at Defendant's House which consisted of touch-up painting and changing shower heads in the bathrooms. ("Limited Touch-Up Remodeling Work Time Period").  This Limited Touch-Up Remodeling Work was done by two long-time trusted independent contractors who knew where the extra key to Defendant's House was and who were able and authorized to and did let themselves into Defendant's House if they wished ("Trusted Remodelers"). Plt. Depo 20:4-8; Benjamin Depo 32:12-19. Dft. Declaration ¶27

45. During the Limited Touch-Up Remodeling Work Time Period,  Plaintiff was not asked to, nor required to, nor qualified  (i) ensure that the Trusted Remodelers  were working; (ii) restrict the Trusted Remodelers' access to areas Defendant's House; or (iii) conduct other general safety maintenance  on the Trusted Remodelers.  To Defendant's knowledge, Plaintiff never did any of these activities at Defendant's House. Plt. Depo 20:4-8; 123:5-15; 125:5-12; Benjamin Depo 32:12-19. Dft. Declaration ¶27, 29

46. During the Substantial Time Period Family Stayed in Argentina and Substantial Time Period Adult Son Away For College, Limited Touch-Up Remodeling Work Time Period, Defendant never called Plaintiff (and Plaintiff was not require to, qualified or asked to) to ask (i) about how her adult son Santiago was, if Defendant wanted to know about Santiago's activities and status, she would call Santiago; Plaintiff was not required to and to my knowledge never provided updates on Santiago; (ii) about the general going-ons in Defendant's House. Plaintiff was not asked to or required to provide updates on the general going-ons in Defendant's House and to Defendant's knowledge, Plaintiff never did this activity at Defendant's House; or (iii) updates on the progress of the Limited Touch-Up Remodeling Work. If Defendant needed an update on the progress of the Limited Touch-Up Remodeling Work, Defendant would call the

10

Trusted Remodelers. Plt. Depo 115:23-116:15; 123:5-15; Benjamin Depo 32:12-19. Dft. Declaration ¶27, 30, 31, 32

    47. Paula Curutchet and her family stayed in Defendant's House for a two week +/- time period (on or about the last two weeks of September, 2015) which was during the Substantial Time Family Away. While Paula Curutchet and her family were at Defendant's House, Plaintiff had no additional tasks to perform at Defendant's House, and Plaintiff was not asked to or required to and to Defendant's knowledge never did attend to the guests' needs. Paula took care of her own needs except for the laundry, bathroom cleaning and making of the beds done by Plaintiff which were consistent with the Very Limited Tasks Plaintiff was contracted for. Santiago Depo 16:18 to 17:17; Paula Depo 14:2-15:4; 21:23-22:13; 26:23-27:3.  Dft. Declaration ¶33

    48. During the Substantial Time Period Family Stayed in Argentina, Plaintiff was not required nor did Defendant ask her to collect the mail from the mailbox at Defendant's House. Defendant had an arrangement with Paula Curutchet to attend to the mail in Defendant's absence. Paula's depo 14:2-11.  Dft. Declaration ¶34

    49. Responses to Points 17 and 34 on no cooking are incorporated. Plaintiff was not responsible for cleaning the patio floor; Defendant paid a gardener to attend to those areas of Defendant's House. During the Substantial Time Period Adult Son Away For College Plaintiff had Very Limited Contracted Tasks.  Dft. Depo 31:4-21; 41:6-14 (Dft. Errata correction on 41:8-9); 64:24-65:15; 69:22-71:3; Plt. Depo 70:18-72:25; 95:16-18; 96:8-11; 115:23-116:15; Santiago Depo 16:18-17:17; 26:23-27:13; Joaquin Depo 48:4-24.  Dft. Declaration ¶12, 15, 17, 18, 19, 26, 30 Santiago Declaration ¶3- 8

    50. Plaintiff was not Defendant's employee but rather an independent contractor.  Plaintiff used her expertise and knowledge in her role as Defendant's independent contractor to make the decision and to select which products and categories of products to buy, when to buy these products and categories of products, how many of these products and categories of products to buy and at what price to buy these products and categories of products to complete the Limited Contracted Tasks and Very Limited Contracted Tasks. Same genuine issues of disputed material facts as Paragraph 49. Dft. Depo 34:9-13; 45:9-46:3; 56:8-19; Dft. Declaration ¶3, 9, 15, 38

    51. Plaintiff was not Defendant's employee but rather an independent contractor; Plaintiff did not have job duties. Dft. Depo 32:21-24. Same genuine issues of disputed material facts as

11

Paragraph 50, above.

52. Same genuine issues of disputed material facts as Paragraphs 49, 50, above.

53. Same genuine issues of disputed material facts as Paragraphs, 49, 50, above.

54. Same genuine issues of disputed material facts as Paragraphs 49, 50, above.

55. Plaintiff was not Defendant's employee but rather an independent contractor; Plaintiff did not have job duties. Plaintiff used her special skills and expertise to complete the Limited Contracted Tasks in two hours +/-. Plaintiff used her special skills with respect to purchases referend in Response to Point 50 and incorporated. Dft. Depo 32:21-24; 33:9-34:13 (Dft. Errata correction on 34:1-3); 39:11-21 (Dft. Errata correction on 39:21); 45:9-46:3; Dft. Declaration ¶15, 38

56. Plaintiff was not Defendant's employee but rather an independent contractor; Plaintiff supervised and managed herself and decided what tasks to perform each day. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated.. In Plaintiff's Statement of Facts Paragraphs 45, 46, Plaintiff claims to have supervised the Trusted Remodelers. Dft. Depo 34:9-13; 56:8-19; 33:9--34:8 (Dft. Errata correction on 34:1-3); 88:1-14 Plt. Depo 75:20-76:4; 83:5-9; 83:5-9; 89:12-90:11 Dft. Declaration ¶ 3, 9, 15, 23-25

57. Plaintiff had the opportunity[5] for profit or loss depending on her managerial skills. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated.. If Plaintiff did not seek profit here or elsewhere, that was Plaintiff's personal life style decision. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3); 88:1-14; Plt. Depo 83:5-9; 89:12-90:11; Monica Depo 21:23-24; 22:1-2,:15-21. Dft. Declaration ¶23-25

58. Plaintiff had the opportunity to maximize or increase her income by working at another place if she wished, especially considering that the tasks to be performed could be completed in 2 hours maximum. Response to point 14 where Plaintiff was free to leave Defendant's House for personal errands and work is incorporated. If Plaintiff did seek profit here or elsewhere, that was Plaintiff's personal life style decision. Dft. Depo 33:9-34:8 (Dft. Errata correction on 34:1-3);

---

[5] Plaintiff's Statement of Facts Paragraph 57 misstates Paragraph 28 of Plaintiff's MPSJ Declaration Plaintiff which alleges Plaintiff was not "required to generate profit or loss through performance of managerial skills" and provides that Plaintiff "did not have the opportunity" to do so. Plaintiff's Motion omits this disputed fact from the Court.

39:11-21 (Dft. Errata correction on 39:21); 88:1-14; Plt. Depo 83:5-9; 89:12-90:11; Monica Depo 21:23-24; 22:1-2,:15-21. Dft. Declaration ¶15, 23-25

59. Plaintiff was not Defendant's employee but rather an independent contractor; Plaintiff did not have job duties. During the years 2012 and 2013, Plaintiff had a helper by the name of Esther Vides who would clean the patio, the floor and windows. Dft. Depo 32:21-24; 34:9-13; 56:2-19; Plt. Depo 65:1-66:11; 75:20-76:4; 83:5-9. Dft. Declaration ¶3, 9, 15

60. Plaintiff was not completely economically dependent on Defendant for her livelihood. Plaintiff stayed with her live-in partner at Plaintiff's legal residence outside of Defendant's House. Plaintiff had the opportunity to seek out additional work and profit at her sole discretion and desire. If Plaintiff was unmotivated and chose not to make more money, that is Plaintiff's right in her sole discretion. Plaintiff would leave on Wednesdays to work for somebody else and at least once Plaintiff testified that during this time period, she worked for Guillermo Martinez. If Plaintiff did not seek profit elsewhere, that was Plaintiff's personal life style decision. Plaintiff dose not state in her conclusory assertion what is or how she is economically dependent on Defendant which conclusory assertion is disputed. Dft. Depo 16:21-17:5; 33:9-16; 33:22-34:8 (Dft. Errata Sheet correction on 34:1-3); 68:3-17; Plt. Depo 89:21-90:11; Monica Depo 21:23-24; 22:1-2; 22:15-21. Dft. Declaration ¶23-25

61. Plaintiff's Limited Contracted Tasks and Very Limited Contracted Tasks were not central and integral in relation to running Defendant's House. Defendant had other independent contractors provide services at Defendant's House including but not limited to Trusted Remodelers, Esther Vides, and gardeners. Defendant had her friend Paula, in Defendant's absence from Defendant's House, collected the mail, checked on the status of Defendant's House, and communicated with other service providers at Defendant's House. Plaintiff had limited tasks that could be completed in 2 hours +/- per day. Dft. Depo 39:11-21; (and Dft. Errata Sheet correction on 39:21); 56:2-7; 69:22-70:12; 88:1-14; Plt. Depo 56:9-57:9; 58:17-21; 65:1-66:11; 70:18-72:2. 72:15-18 and: 9-25; 95:16-18; 96:8-11; Joaquin Depo 24:5-22; 34:6-11. Dft. Declaration ¶15, 19, 27, 34,

CASE NO.: 17-20003-CIV-TORRES

Dated: July 16, 2018

           Respectfully submitted,
           Whisenand & Turner, P.A.
           501 Brickell Key Drive, Ste 602
           Miami, FL 33131
           Tel: (305) 375-8484-Fax: (305) 374-2919
           Attorneys for Defendant

           By: __/s/ Alan Lemura, Esq.__
             Alan Lemura
             Fla. Bar No.: 122409

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF Portal on this 16th day of July, 2018, upon: Attorneys for Plaintiff, Neil Tobak, ntobak.zidellpa@gmail.com; K. David Kelly, david.kelly38@rocketmail.com; Rivkah Fay Jaff, rivkah.jaff@gmail.com; Jamie H. Zidell, zabogado@aol.com, J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141.

           By: __/s/ Alan Lemura, Esq.__
             Alan Lemura
             Fla. Bar No.: 122409