UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20003-Civ-TORRES

NARCISA PEREZ CHAVEZ,

      Plaintiff,

v.

BERNARDA M. ARANCEDO,

      Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE, OR IN THE
ALTERNATIVE TO RE-DEPOSE A WITNESS**

This matter is before the Court on Narcisa Perez Chavez ("Plaintiff") motion to strike, or in the alternative, to re-depose a witness Thania Vernon ("Ms. Vernon"). [D.E. 64]. Bernarda M. Arancedo ("Defendant") responded to Plaintiff's motion on July 5, 2018 [D.E. 68] to which Plaintiff replied on July 12, 2018. [D.E. 70]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on January 2, 2017 and alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiff claims that she had an employee relationship with Defendant from January 23, 2012 through December 30, 2016. Plaintiff's earnings

1

purportedly fell below the Federal and Florida minimum wage for the services she performed as a maid at Defendant's personal residence.  Defendant denies all of Plaintiff's allegations and the matter is currently set for trial on October 9, 2018 with a discovery deadline of June 28, 2018.

## II.   APPLICABLE LEGAL PRINCIPLES AND LAW

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).   These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

2

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006).  To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports.  In relevant part, Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617(M.D. Fla. Jan. 24, 2001) (quotation and citation omitted).  A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005).  The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

3

## III.   ANALYSIS

On May 14, 2018, Defendant served Plaintiff with a two page affidavit of its expert witness, Ms. Vernon.  Plaintiff then noticed Ms. Vernon's deposition for June 18, 2018.  The deposition took place as scheduled and Ms. Vernon provided testimony regarding her affidavit.  On June 20, 2018, Defendant served Plaintiff with a four page supplemental affidavit of Ms. Vernon – including thirty-five pages of supporting documentation.  Plaintiff claims that none of these materials had been produced before Ms. Vernon's deposition.  Plaintiff alleges that Defendant contacted Ms. Vernon after her deposition to produce a supplemental affidavit to refute what Defendant learned through the questioning of the witness.  Plaintiff argues that the supplemental affidavit is substantially different than the previous one and that it seeks to bolster Defendant's affirmative defenses.[1]

Because discovery in this case closed on June 28, 2018, Plaintiff claims that it was unable to question Ms. Vernon on her supplemental affidavit and that Plaintiff has been prejudiced as a result of Defendant's late disclosure.  To remedy this violation of the Federal and Local Rules, Plaintiff argues that the Court should (1) strike Ms. Vernon as a witness and (2) set aside her testimony for the duration of this case.  Plaintiff believes that she will otherwise be significantly prejudiced because Defendant did not serve the supplemental affidavit as required.

---

[1]   Defendant's first, second, and eighth affirmative defenses assert that Defendant is entitled to a cost credit for room, board, and other benefits that Defendant provided to Plaintiff during her course of employment.  These defenses seek to reduce any damages that Plaintiff is entitled to under the FLSA or the FMWA.

4

Alternatively, Plaintiff requests that the Court permit a second deposition to occur within one week of the Court's Order and award Plaintiff her reasonable attorneys' fees and costs.

Defendant argues, in response, that Plaintiff is entitled to no relief because Plaintiff elected to take Ms. Vernon's deposition prior to the Court ordered filing deadlines and is bound by that tactical decision.   More specifically, Defendant claims that she served Ms. Vernon's expert affidavit on May 14, 2018, which was the deadline provided in the Court's Scheduling Order.  [D.E. 32].  Defendant then claims that she timely served Plaintiff her supplemental Rule 26(e) disclosures as required on May 31, 2018.   Defendant also served Ms. Vernon's supplemental expert affidavit on June 20, 2018 in accordance with the Court's Docket Order that granted Defendant's motion for an extension of time.  [D.E. 63] ("Defendant shall have until June 20, 2018 to serve its disclosures, based on sufficient good cause shown in the motion.").

Defendant suggests that Plaintiff should not be allowed to depose Ms. Vernon a second time because Plaintiff should have known that June 20, 2018 was the deadline to serve a supplemental expert affidavit.   Defendant also claims that Plaintiff should have known that June 21, 2018 was the deadline for Defendant to submit responses to Plaintiff's supplemental request for documents.  In other words, Defendant argues that it was obvious that Plaintiff would not have all these materials until June 21, 2018 but that Plaintiff elected to take Ms. Vernon's deposition anyways on June 18, 2018.  If Plaintiff decided to wait until all of these

items had been provided, Defendant suggests that Plaintiff would have been in a position to question Ms. Vernon about all of these materials before discovery closed on June 28, 2018.  Because Plaintiff decided to take Ms. Vernon's deposition before all discovery was served, Defendant concludes that Plaintiff has no persuasive basis for a second deposition and that its motion to strike must be denied.

Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure "requires a party to seek leave of court before calling a person for a second deposition." *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* 2008 WL 360588, *3 (S.D. Fla. 2008); Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . the person to be examined already has been deposed in the case[.]").  The rationale behind this provision is to allow for the completeness of a deposition because new materials referred to during a deposition may require further production of documents and the taking of additional testimony in a subsequent deposition.

Federal Rule of Civil Procedure 26(b)(2) sets out the court's power to manage and limit discovery in situations where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or  (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  The purpose of this rule is to guard against redundant or disproportionate discovery.  "Generally, courts tend to disfavor repeat depositions."

*Glob. ePoint, Inc. v. GTECH Corp.*, 2015 WL 113979, at *1 (D.R.I. Jan. 8, 2015) (citing *Dixon v. CertainTeed Corp.,* 164 F.R .D. 685, 690 (D. Kan. 1996)). However, courts "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Benson v. Giordano,* 2007 WL 2355783, *2 (D.S.D.2007); *see Provide Commerce, Inc.,* at *3 ("Rule 26(b)(2) guides courts in deciding whether to grant a second deposition."). This means that, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments. *See Keck v. Union Bank of Switzerland,* 1997 WL 411931 (S.D.N.Y. July 22, 1997).

After a thorough review of the arguments presented and the underlying record, Defendant's response is well taken. Plaintiff deposed Ms. Vernon on June 18, 2018 despite knowing that the Court's deadline to supplement expert discovery expired two days later, and that Defendant would be producing additional documents before the end of the discovery period. Nonetheless, Plaintiff complains that Defendant is prejudicing her case by serving a supplemental affidavit after Ms. Vernon's deposition. Plaintiff's argument is misplaced because Defendant was complying with the deadlines in the Court's Scheduling Order. On May 14, 2018, Defendant filed its motion for extension of time to exchange with Plaintiff expert witness summaries and reports. [D.E. 57]. The Court then granted Plaintiff's motion on June 13, 2018 and gave Defendant until June 20, 2018 to serve its expert

disclosures.  [D.E. 63].  Based on the record presented, Defendant complied with all of the requirements in the Court's Scheduling Order.

Plaintiff noticeably avoids any substantive discussion of these deadlines and suggests (without any supporting evidence) that Defendant acted in bad faith to refute testimony that Ms. Vernon gave on June 18, 2018 and this warrants, at the very least, a second deposition.  Plaintiff is correct that "[a] re-deposition may . . . be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at the first deposition."  *Morrison v. Stephenson*, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008) (citing *Keck v. Union Bank of Switzerland,* 1997 WL 411931 (S.D.N.Y. July 22, 1997)).  "However, the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery."  *Morrison*, 2008 WL 145017, at *2 (citing *Lowery v. Noble Drilling Corp.,* 1997 WL 675328 (E.D. La. October 29, 1997)).

In this case, there is no support for Plaintiff's argument that she was inhibited in any way from conducting a thorough deposition of Ms. Vernon – other than her own lack of awareness of the deadlines in the Court's Scheduling Order. The only arguable prejudice that Plaintiff suffered was because of her own decision to schedule a premature deposition.  Even if Plaintiff was not anticipating a supplemental affidavit to be submitted on behalf of Ms. Vernon, Plaintiff should

have been aware that the deadline to serve one had not yet passed.  And Plaintiff should have also been aware that additional documents would be produced three days later that might necessitate a rescheduling of Ms. Vernon's deposition.  Given this record, there is no basis to strike Ms. Vernon as a witness or to compel a second deposition.  Plaintiff made the tactical decision to proceed with Ms. Vernon's deposition before all discovery was served and cannot complain that Defendant failed to meet her discovery obligations.  Accordingly, Plaintiff's motion to strike must be **DENIED**.  *See, e.g.*, *Estate of Joann Matouk Romain v. City of Grosse Pointe Farms*, 2016 WL 3213410, at *2 (E.D. Mich. June 10, 2016) ("Magistrate Judge Davis rejected Plaintiffs' request to re-depose Mr. Matouk and Mr. Fisher specifically because Plaintiffs' counsel elected to proceed with their depositions despite not having all of the discovery requested from Defendants.").[2]

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike, or in the alternative to re-depose Ms. Vernon**,** is **DENIED**.  [D.E. 43].

---

[2]     This Order does not preclude Plaintiff from objecting at trial that the production of some of the additional documents with the supplemental affidavit violated a separate discovery rule.  This Order only addresses the particular relief requested in this motion which is excluding the expert or re-deposing Ms. Vernon. If specific documents were requested but not produced at an earlier stage of the discovery period, for instance, that may warrant relief.  On this record, however, we cannot make such a finding.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of July, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge