UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-20003-CIV-TORRES
[CONSENT CASE]

NARCISA PEREZ CHAVEZ,        )
    Plaintiff,        )
vs.        )
        )
BERNARDA M ARANCEDO,        )
    Defendant.        )
_____ )

## PLAINTIFFS' REPLY TO [DE72]

COMES NOW the Plaintiff, by and through undersigned counsel, and Replies to [DE72], and in support thereof state as follows:

1. Local Rule 56.1(a) provides in relevant part that a statement of material facts shall:

   …The statement shall… (2) **Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court**; and (3) **Consist of separately numbered paragraphs. Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs**. Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts; the movant shall use that numbering scheme if those additional facts are addressed in the reply. All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record. [emphasis added].

2. As this Court stated in *State Farm Mutual Auto. Ins. Co. v. B&A Diagnostic, Inc.,* 145 F.Supp.3d 1154 (S.D.F.L. 2015):

   Local Rule 56.1(b) serves a vital purpose in "help[ing] the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir.2009). It also preserves scarce judicial resources by preventing a court from "having to scour the record and perform time-intensive fact searching." *Joseph v. Napolitano,* 839 F.Supp.2d 1324, 1329 (S.D.Fla.2012); *see also Borroto v. Geico,* No. 1:14–CV–24659–KMM, 2015 WL 5786740, at *6 n. 3

1

(S.D.Fla. Sept. 30, 2015) (noting that posing such an exacting requirement on courts is "untenable").

*Id*. at 1158. *See also Arteaga v. Fiesta Restaurant Group, Inc.,* 2015 WL 11143347, *1 (S.D.F.L. June 17, 2015)(denying motion for summary judgment as a result of movant's failure to comply with L.R. 56.1(a)); *Levin v. Nationwide Home Loans, Inc.,* 2014 WL 11531634, *1 (S.D.F.L. March 14, 2014)(directing party to file amended statement of material facts for failure to comply with L.R. 56.1(a)); *See also Asalde et al. v. First Class Parking Systems LLC, et al.*, Case No.: 16-20027-CIV-COOKE [DE44].

3. Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE72] does not comply with Local Rule 56.1 because (a) it introduces new "facts" but does not support them by specific references to pleadings, depositions, answers to interrogatories, admissions and affidavits on file with the Court and (b) the additional facts are not numbered and place at the end of Defendant's Fact Statement. **Therefore, the Court should strike Defendants Response [DE73] and all material facts set forth in Plaintiff's statement should be deemed admitted as they have not been controverted by Defendant's statement as required by the Rule.**

4. Summary Judgment should be granted in favor of Plaintiff.

## **MEMORANDUM OF LAW**[1]

Defendant claims Plaintiff's Affidavit is a sham and should not be considered by the Court.

---

[1] Defendant intentionally misquotes the standard set forth in 29 U.S.C. § 203(m) [DE72, P.17, ¶17] in an attempt to mislead the Court and, in doing so, misstates the standard to be applied. 29 U.S.C. 203(m) specifically emphasizes that the standard is "actual cost" (**not** reasonable value!). Pursuant to 29 U.S.C. 203(m) the determination of reasonable cost must be done by the secretary of labor and the Court should reject Defendant's cost-credit arguments to reduce damages sought by Plaintiff as a matter of law as Defendant is now attempting to exploit the credit post-employment. *See also, Robles, et al. v. Acebo Roofing Corp., et al.,* Case No.: 16-21817-CIV-FAM/O'SULLIVAN [DE51 & 54].

[DE72, P.2, FN 2]. In *Rodriguez v. Jones Boat Yard, Inc.,* 2011 U.S. App. LEXIS 15509, *4 (11th Cir. 2011): "[u]nder the sham affidavit rule, "[a]n affidavit may be stricken as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . . [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) (citations omitted). The Eleventh Circuit has explained in *Lane v. Celotex Corp.*, 782 F.2d 1526, 1532 (11th Cir. 1986), that "we may only disregard an affidavit that 'contradicts, without explanation, previously given clear testimony.'" (*quoting Van T. Junkins & Assoc. v. U.S. Indus., Inc*., 736 F. 2d 656, 657 (11th Cir. 1984)). Thus, the Eleventh Circuit requires that a court find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit or portions thereof.  The court must also distinguish between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence.  *See Tippens supra.* Defendant's Response in Opposition [DE72] does not show a transparent sham as Defendant relies on a document not previously produced through the course of discovery[2] and selective citations from Plaintiff's depositions as a method to draw false inferences and inconsistent and

---

[2] Defendant attempts to rely on Plaintiff's alleged "Declaration of Residence" which has not been produced throughout the entire litigation process. Defendant had ample opportunity to substantiate her affirmative defense during the allotted discovery period and failed to do so. *See, First Nat. Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253 (1968). If Defendant intended to rely on such Declaration, Defendant should have disclosed same during the time period permitted by the Court and not for the first time in response to Plaintiff's Motion for Summary Judgment. "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *N.H. Indem. Co. v. Reid*, 2006 U.S. Dist. LEXIS 51495 (M.D. Fla. July 27, 2006). "Civil discovery is designed to force both sides to lay the evidence "on the table,"   so that each side has the opportunity to assess the merits of its position. *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1298 (S.D. Fla. 2007).

contradictory statements while ignoring clarifying statements later found in Plaintiff's same depositions and/or in her Declaration filed in support of Plaintiff's Motion for Summary Judgment.[3] Defendant's method of drawing false inferences from Plaintiff's testimony serves only to distract from the central issues, namely, the Plaintiff has provided sufficient record evidence to demonstrate Plaintiff was in fact an employee covered under the Act. The Court should accept the testimony of the Plaintiff regarding her employment with Defendant. For example, Defendant attacks Plaintiff's testimony with regards to whether Defendant would supervise Plaintiff's work. Plaintiff specifically testified that Defendant set Plaintiff's work schedule, was responsible for paying Plaintiff's wages, instructed Plaintiff on her job duties, and regularly oversaw her work and quality of same. Pl. Decl. ¶ 11; *See also,* Pl. Decl. ¶14(Defendant would regularly call for updates on the progress of the construction work, how Defendant's son was, and other issues related to the general going-ons in the house.); Def. Depo. Trans. P.31, L.16-19; P.34, L.1; P.38, L.23-P.39, L.10; P.40, L.5-8; P.41, L.6-24; *See also, Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982) (Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.); *See also, Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982); *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

The facts set forth herein and in Plaintiff's Motion for Summary Judgment and accompanying Declaration demonstrates that Plaintiff was not an independent contractor during the relevant employment period, but rather Defendant's employee as defined by 29 U.S.C. §

---

[3] This is less than forthright and a transparent tactic that the Court should not condone.

203(e)(1). Plaintiff refers to *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001) and the relevant facts cited in the Plaintiff's Motion regarding the "economic realities test" and the corresponding factors. Plaintiff also refers to her Motion regarding discussion of *Jeanneret v. Aron's East Coast Towing*, 2002 U.S. App. Lexis 27699 (11th Cir. 2002) and Section 203(d) of the FLSA' definition of an "employer". *See also*, *Apolinar Martinez-Mendoza et.al. v. Champion International Corporation*, 16 Fla. L. Weekly Fed. C945, (11th Cir. 2003), discussed by Plaintiff in the pending Motion. Therefore, the facts set forth above regarding the several prongs under *Santelices supra,* establish that the Plaintiff was an employee (not independent contractor) of Defendant as a matter of law.

The Eleventh Circuit in *New Floridian Hotel* affirmed the district court's determination that the employer failed to establish the **reasonable cost** (NOT fair value) of meals. *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 473-74 (11th Cir. 1982). The court noted that the appellants did not keep the records required by 29 C.F.R. § 516.27, and the evidence that the appellants presented in the absence of such records was not sufficient to meet their burden. One piece of evidence was testimony that estimated the cost of lunch at $1.00 and the cost of dinner at $2.00; the court held that "an employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, ... does not satisfy the employer's burden of proving reasonable cost." *New Floridian Hotel*, 676 F.2d at 475.

Regarding 29 CFR Section 552.100(d)(emphasis added), which states that "[i]n the case of lodging furnished to live-in domestic service employees, the Administrator will accept a credit taken by the employer of up to seven and one-half times the statutory minimum hourly wage for each week lodging is furnished. Nothing herein shall prevent employers from crediting themselves with the actual cost or fair value of furnishing lodging, whichever is less, as

determined in accordance with part 531 of this chapter, if such cost or fair value is different from the amount specified above, provided, **however, that employers keep, maintain, and preserve (for a period of 3 years) the records on which they rely to justify such different cost figures.** In determining reasonable cost or fair value, the regulations and rulings in 29 CFR part 531 are applicable." 29 CFR Section 552.100(d).   **Defendant has not maintained such records!!**

As to 552.100(d), Plaintiff refers to an excerpt from Field Assistance Bulletin No. 2015-1 (December 17, 2015) from the DOL, which does state that "[w]ith respect to live-in domestic service employees only, an employer that does not provide such records may claim a certain amount—up to seven and one-half times the statutory minimum hourly wage for each week…." FAB No. 2015-1, at 7.[4] However, that Bulletin goes on to cite various cases in Eleventh Circuit that "denied employers' attempts to claim a section 3(m) credit in circumstances in which those employers have not maintained proper records of costs or wage calculations. *See, e.g., Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1514 (11th Cir. 1993) (reversing a district court's dismissal of workers' claims of minimum wage violations because deductions for the cost of housing and utilities are impermissible when employer has failed to comply with the recordkeeping provisions of the FLSA and thus cannot substantiate the alleged reasonable cost of the housing provided (citing *Marshall v. DeBord*, No. 77-106-C, 1978 WL 1705 (E.D. Okla. July 27, 1978))); *Donovan v. Williams Chem. Co*., 682 F.2d 185, 189-90 (9th Cir. 1982) (reversing a district court's allowance of a section 3(m) credit for housing because "[t]he employer has the obligation, under the regulations, to keep records concerning costs" and that burden does not

---

[4] Regarding any arguments that Defendant need no records at all to at least seek a credit of $54.38 per week under 552.100(d)'s "seven and one-half times" language, should the Court agree, Defendant should not be permitted to introduce at trial evidence regarding the alleged "actual cost or fair value" of the housing, as Defendant might attempt to make it appear to the Jury that Plaintiff was getting additional value (that was not documented in records), which could prejudice her as to damages.

6

shift in the absence of evidence of the cost of the housing (citing *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982))); *Chao v. Min Fang Yang*, No. 05–2563, 2007 WL 7209596, at *6 (W.D. Tenn. Aug. 13, 2007) (prohibiting employer from taking a section 3(m) credit where the employer "failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis"); *Carrion, LTD.*, 332 F. Supp. 2d at 1326-27 (holding that an employer could not use section 3(m) to offset backwages owed for FLSA violations because the employer failed to produce documentation demonstrating the cost of providing employee with lodging, and explaining that an agreement to charge employees a certain amount of rent did not satisfy this requirement)." FAB No. 2015-1, at 7.

Defendant did not maintain any records regarding the internet or any utilities, that Plaintiff may have allegedly benefitted from. Defendant never maintained any receipts regarding the food Plaintiff alleged consumed. Defendant maintained no weekly or month records to document anything the Plaintiff allegedly received of value during her employment. The Defendant's tax filings in no way reflect any payments to Plaintiff and also do not reflect the value of the room and board allegedly provided. With respect to *DeBord* (that dealt with actual deductions that were taken), that court stated that "[w]hen an employer has failed to maintain adequate records showing permissible deductions and when there has been **no determination by the Wage and Hour Division** of the reasonable cost to the employer **of furnishing the particular facilities to his employees, courts have refused to accept the employer's unsubstantiated estimate** of his costs in violation of the recordkeeping provisions of the Act." *Marshall v. Debord*, 23 Wage & Hour Cas. (BNA) 1188 (1978)(emphasis added). In case at bar, it does not appear Defendant ever maintained the required records, and Plaintiff believes

7

Defendant did not obtain a determination by the Wage and Hour division regarding reasonable cost of the particular room Plaintiff resided during the relevant period. Also, in *Marshall v. New Floridian Hotel, Inc.*, 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979), the court held that an employer cannot claim a credit where he fails to offer an employee the option of receiving cash instead of the credit the employer, like in the case at bar.

Defendant fails to meet her burden in establishing a cost credit pursuant to 29 U.S.C. §203(m). The facts already in the record and in Plaintiff's Motion to Summary Judgment and accompanying record (i.e. Plaintiff's Declaration) make it clear that Defendant has never contacted the Department of Labor to determine if the manner in which the Defendant paid Plaintiff complied with the wage laws and never communicated with the Department of Labor regarding Plaintiff's alleged "room and board" in accordance with Section 3(m) of the FLSA. Defendant never obtained authorization or a determination from the Department of Labor regarding the meal credits now sought and Defendant is not even able to offer into evidence estimations/approximations of same. *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982). Further, it is uncontested that Plaintiff was never given the option of receiving cash in hand in lieu of room and board. *Marshall v. New Floridian Hotel, Inc.*, 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). Defendant may claim that they should be allowed to guess or approximate the reasonable cost or value, however, to do so, would nullify the safe guards put in place by congress to ensure that the reasonable cost or fair market value is credited and that the employer does not profit by attempting to assert said credit. *Davis Bros. v. Donovan*, 700 F.2d 1368, 1370-71 (11th Cir. 1983). That is precisely why an employer's guessing as to the reasonable cost is prohibited. *See also, Chao v. Min Fang Yang*, No. 05–2563, 2007 WL 7209596, at *6 (W.D. Tenn. Aug. 13, 2007) (prohibiting employer from taking a

section 3(m) credit where the employer "failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis"); *Carrion, LTD.*, 332 F. Supp. 2d at 1326-27 (holding that an employer could not use section 3(m) to offset backwages owed for FLSA violations because the employer failed to produce documentation demonstrating the cost of providing employee with lodging, and explaining that an agreement to charge employees a certain amount of rent did not satisfy this requirement)." In the present case, Defendant attempts to rely on unsubstantiated estimates by providing affidavits. Defendant has failed to proffer any receipts and the affidavits are devoid of any substance.

Decisions in this circuit since *New Floridian Hotel* have been consistent in application of these principles. *See, Washington v. Miller*, 721 F.2d 797, 803 (11th Cir. 1983); *See also, Caro-Galvan v. Curtis Richardson. Inc.,* 993 F.2d 1500, 1514 (11th Cir. 1993) (reiterating that the employer bears the burden of proving reasonable cost and that the "employer's unsubstantiated estimate of his cost" does not meet that burden, and finding that the district court "erroneously placed the burden of proof on" the employees); *Leonard v. Carmichael Props. & Mgmt. Co*., 614 F. Supp. 1182, 1187-88 (S.D. Fla. 1985) (finding that the employer did not meet burden of establishing entitlement to credit under 29 U.S.C. § 203(m) where "[it] [wa]s impossible for the court to determine what was the reasonable cost of the apartment because defendant . . . failed to proffer any evidence as to the expenses of providing it for plaintiff' and "insist[ed] that the retail value, rather than cost, [wa]s the appropriate measure"); *Mendoza v. Uptown Buffet. Inc.,* No. 09-22799-CIV, 2010 WL 3768052, at *4 (S.D. Fla. Sept. 16, 2010) (denying meal and lodging credits to employer where employer did not introduce evidence of reasonable cost); *Maldonado v. Alta Healthcare Grp., Inc*., No. 6:12-cv-1552-0rl-36DAB, 2014 WL 1661265, at *8 (M.D. Fla.

Mar. 26, 2014) (finding that the defendants did not substantiate reasonable cost of facilities provided where they presented only "a one-page, bare-bones document" ostensibly breaking down "implicit values" of room, food, and other items without explanation, and the supporting witness testified in his deposition **"that the values had nothing to do with the actual cost of the benefits provided"** to the employee) [emphasis added].

Defendant has provided absolutely no basis for her unsubstantiated claims to a cost credit for lodging. The Affidavits of Thania Vernon is subject to Plaintiff's Combined *Daubert* Motion and Motion to Strike. However, even if considered by the Court, said Affidavits fail for two reasons; (1) Said Affidavits do not set forth the mathematical formula used by Vernon as to how she derived at her conclusion. For example, was she comparing this room to other rooms for rent in the area and/or did she factor in Defendants' mortgage, if any? Also, how did she reach her conclusion given the fact that she testified that the "maid's room" pursuant to local ordinance cannot even be rented out? (2) Vernon's Affidavits are for the monthly value of said space, not the monthly cost, it is not the *value* of the lodging but the *cost to the employer of providing the lodging* that is determinative in this FLSA context. *See. e.g., Washington,* 721 F.2d at 803. Therefore, said Affidavits are conclusory and devoid of any calculation or substance, the Court must not afford said Affidavits any weight. Furthermore, said conclusory and unsubstantiated Affidavits cannot be afforded any weight as said declaration provides the incorrect standard in attempting to give Defendant credit for the monthly value and not the cost to Defendant. Therefore, as Defendant has failed to carry her burden, Defendant should not be afforded any amount for a cost credit under the law.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter Summary Judgment in favor of Plaintiff and find that: (a) FLSA coverage/subject matter jurisdiction exists for the

relevant time period; (b) the individual Defendant, BERNARDA M ARANCEDO ("Defendant"), was Plaintiff's individual "employer" as a matter of law; (c) Plaintiff was Defendant's "employee" under the Act and not an independent contractor; and (d) Defendant's cost-credit arguments to reduce damages sought by Plaintiff should be rejected as a matter of law as Defendant is now attempting to exploit the credit post-employment.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFFS
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
           Rivkah F. Jaff, Esquire
           Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/23/18 TO THE FOLLOWING:**

**JAMES D. WHISENAND, ESQ.**
**WHISENAND & TURNER, P.A.**
**501 BRICKELL KEY DRIVE, SUITE 602**
**MIAMI, FL 33131**
**PH: 305-375-8484**
**FAX: 305-374-2919**
**EMAIL: AL@W-TGROUP.COM**

**BY:__/s/____Rivkah F. Jaff_____**
      **RIVKAH F. JAFF, ESQ.**