UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,  )
                       )
            Plaintiff, )
    vs.                )
                       )
BERNARDA M ARANCEDO,   )
                       )
            Defendant. )
_____)

**PLAINTIFF'S OMNIBUS MOTION IN *LIMINE***

**COMES NOW** the Plaintiff, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files the above-described Plaintiff's Omnibus Motion In *Limine* and in support thereof states as follows:

1. Plaintiff moves in *Limine* to exclude reference or introduction of the following Six (6) issues:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to the undersigned Firm's representation of Plaintiff;

    d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes;

    e) Reference to Plaintiff's immigration status;

    f) Reference to and testimony from Defendant's alleged "expert" witness, Thania Vernon.

1

**MEMORANDUM OF LAW**

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in *Limine* when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in *Limine* is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

A.  **Reference to Attorneys' Fees and Costs.**

Any reference to attorneys' fees and costs at Trial should be excluded. Plaintiff, therefore, respectfully requests an Order excluding said references. Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter. The issue of attorney fees and costs are matters decided by the Court post-trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded. Defendant agrees not to mention attorney's fees and costs at trial but, in conferral, stated that she reserves the right to refer to Jury instructions in her closing statement.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

B. **Reference to Liquidated Damages.**

Any reference to liquidated damages should be excluded at Trial. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. &Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails). Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant. Defendant agrees not to mention liquidated damages at trial but, in conferral, stated that she reserves the right to introduce evidence of good faith and lack of willfulness.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial.

C. **Reference to the Undersigned Firm's Representation of Plaintiff.**

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986); *See also*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff

obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Defendant opposes.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise.

### D. Reference to Plaintiff's Taxes.

Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Here, the "Plaintiff's wrongdoing—failing to pay federal income taxes on wages already earned—is in no way connected with the Defendants' alleged failure to properly compensate Plaintiff." *Solano v. A Navas Party Produc., Inc.*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010) (Altonaga, J.) (rejecting *in pari delicto* defense); *see also Martinez–Pinillos v. Air Flow Filters, Inc.,* 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010) (Martinez, J.); *Barrera v. Weiss & Woolrich S. Enters. Inc.,* No. 09–cv–21841, ECF No. 131 at *4 (S.D. Fla. Jan. 25, 2010) (Graham, J.) (noting "[t]here is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment"). Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.* Questioning Plaintiff on her filing of income

4

taxes is irrelevant to the case at hand and will unfairly prejudice Plaintiff. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in Limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.,* 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). In addition to evidence Defendant may try to introduce arguing that Plaintiff failed to report (or fully and accurately report) all of Plaintiff's income in relation to taxes, Plaintiff requests that Defendant not be able to question Plaintiff at all regarding her taxes as such would be prejudicial before the jury and cause unnecessary confusion and would not otherwise be relevant.

Plaintiff's private financial life is not relevant to Plaintiff's claims and is otherwise protected by Section 23 of Article I of the Florida Constitution. *See Berlinger v. Wells Fargo, N.A.*, 2014 WL 6686276, at *3 (M.D. Fla. 2014) (under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings). In *Berlinger*, the Court stated:

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery,* 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari–Mutuel Wagering,* 477 So.2d 544 (Fla.1985)).

The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a

5

case in which the information is not relevant. *Straub v. Matte,* 805 So.2d 99, 100 (Fla. 4th DCA 2002). *Id. citing Rappaport v. Mercantile Bank,* 17 So. 3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted). Also, as the Court noted in *Daniel Valderrabano Torres v. Rock & River Food Inc. d/b/a Marumi Sushi, et al.,* Case No. 15-22882-RNS [DE73], "employers also have the responsibility to withhold taxes and pay social security. Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes…" Should Defendant be permitted to explore through witness testimony and/or introduce evidence regarding Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments it will inevitably lead to references to impeachable conduct by the Defendant (i.e. their failure to pay employment taxes or social security, provide Plaintiff with accurate and correct W-2/1009 tax forms, etc.). Defendant should not be entitled to embark on a mini-IRS audit of Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Defendant opposes.

Wherefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes.

**E. Immigration Status:**

The Plaintiff moves to preclude all references at trial to any of the Plaintiff's immigration status. Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial. Such is also not discoverable. *See*, *Martinez et.al. v. Mecca*

6

*Farms, Inc. et.al.*, 213 FRD 601 (S.D. Fla. 2002); *See also, Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988). *See also, Zuniga v. W.M. Construction Inc.*, case #04-23153 (S.D. Fla. DE #69).

The United States District Court, Southern District of Florida has previously excluded evidence relevant to an individual's undocumented status in the United States.*Rakip v. ParadiseAwnings Corp.,* 10-20004-CIV, 2010 WL 11469123, at *1 (S.D. Fla. Nov. 8, 2010). In so ruling the Court states the following:

> The Eleventh Circuit Court of Appeals has already decided this issue. *See Patel v. Quality Inn S.*, 846 F.2d 700 (11th Cir. 1988). I have already ruled on this issue, several times, in a prior case. *See Galdames v. N&D Inv. Corp.*, No. 08-20472, 2008 WL 4372889, at *2 (S.D. Fla. Sept. 24, 2008); *Galdames v. N&D Inv. Corp.*, No. 08-20472, 2010 WL 1330000, at *3 (S.D. Fla. Mar. 29, 2010).

*Rakip v. Paradise Awnings Corp.*, 10-20004-CIV, 2010 WL 11469123, at *1 (S.D. Fla. Nov. 8, 2010). Defendant opposes.

Wherefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to Plaintiff's immigration status.

### F. Reference to and Testimony from Defendant's Alleged "Expert" Witness, Thania Vernon.[1]

A motion in *Limine* seeks to exclude evidence prior to trial. A *Daubert* motion is a specific type of motion in *Limine*, referring to the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), where the Court held that the trial court must serve as a "gatekeeper" of expert witnesses to ensure that their testimony is both reliable and relevant. Therefore, Plaintiff incorporates by reference as if it were incorporated herein, any and all arguments set forth in [DE65] and all related filings. Defendant opposes.

---

[1] Plaintiff filed a *Daubert* motion to strike/exclude said testimony [DE65].

Wherefore, Plaintiff respectfully request that the Court grant Plaintiff's Motion in *Limine* and exclude reference to and testimony from Defendant's alleged "expert" witness, Thania Vernon.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

### CERTIFICATE OF CONFERRAL

Plaintiff's Counsel conferred with Defense Counsel Alan Lemura, Esq., and James Whisenand, Esq., who stated that Defendant agrees not to mention attorney's fees and costs at trial but reserves the right to refer to Jury instructions in her closing statement, agrees not to mention liquidated damages at trial but reserves the right to introduce evidence of good faith and lack of willfulness, and opposes (c) – (f).

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 093940

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/27/18 TO:**

**Alan Lemura, Esq.
Whisenand & Turner, P.A.
501 Brickell Key Drive Suite 602
Miami, FL 33131
(305) 375-8484**

**Fax: (305) 374-2919**
**Email: al@w-tgroup.com**

**James D. Whisenand, Esq.**
**Whisenand& Turner PA**
**501 Brickell Key Drive, Suite 602**
**Miami, FL 33131**
**305-375-8484**
**Fax: 374-2919**
**Email: jdw@w-tgroup.com**

**BY: /s/ Neil Tobak**
**NEIL TOBAK, ESQ.**

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,

        Plaintiff,

vs.

BERNARDA M ARANCEDO,

        Defendant.
_____

**ORDER GRANTING PLAINTIFF'S OMNIBUS MOTION IN *LIMINE***

This matter came on to be heard regarding the Plaintiff's above-described Omnibus Motion In *Limine* and the Court otherwise being advised in the premises, it is:

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion is hereby GRANTED and therefore the Parties shall not during trial introduce any evidence regarding:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to the undersigned Firm's representation of Plaintiff;

    d) Any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes;

    e) Reference to Plaintiff's immigration status;

    f) Reference to and testimony from Defendant's alleged "expert" witness, Thania Vernon.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of

_____ 2018.

                                                   EDWIN G. TORRES
                                                   UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record