UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,   )
                        )
          Plaintiff,    )
vs.                     )
                        )
BERNARDA M ARANCEDO,    )
                        )
          Defendant.    )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTION *IN LIMINE* [DE85]**

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files her Response in Opposition to Defendant's Omnibus Motion *In Limine,* filed by Defendant as [DE85], and in support thereof states as follows:

1. Defendant moves in *limine* to exclude reference or introduction of the following four (4) issues: (a) Plaintiff's Fair Labor Standards Act ("FLSA") claims on or before January 2, 2014; (b) Plaintiff's Florida Minimum Wage Act ("FMWA") claims on or before January 2, 2013; (c) Defendant's United States Federal Income tax filings; and (d) Evidence deemed to be excluded due to sanctions imposed upon Plaintiff and Plaintiff's Counsel pursuant to Defendant's Motion for Sanctions Against Plaintiff and Plaintiff's Counsel [DE 83]. *See,* [DE85].

2. Defendant's Motion [DE85] should be denied in its entirety as set forth *infra*.

## MEMORANDUM OF LAW

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in limine when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012). As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403.

### The Court Should Not Exclude Reference Or Introduction To Plaintiff's FLSA And/Or FMWA Claims On Or Before January 2, 2014 And/Or On Or Before January 2, 2013, Respectively.

Defendant requests the Court to exclude reference or introduction to Plaintiff's FLSA claims on or before January 2, 2014, and Plaintiff's FMWA claims on or before January 2, 2013. Plaintiff worked for Defendant from on or about January 23, 2012 through on or about December 30, 2016. 29 U.S.C. § 255(a) provides a two-year statute of limitations for an FLSA lawsuit, except for a claim arising out of a "willful" violation, where the statute of limitations is three years. Similarly, Florida Statutes § 95.11(2)(d) and (3)(q) provides a four-year statute of limitations for an FMWA lawsuit, except for a claim arising out of a "willful" violation, where the statute of limitations is five years. *See, Calderone v. Scott,* 838 F.3d 1101, 1105 (11th Cir. 2016).

Defendant knew or should have known that the issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court. *See, Soto v. Mclean*, 20 F.

Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *See also, Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129,  (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co*., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).  As the Court stated in *Morrison v. Quality Transps. Servs*., 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "**[t]he issue of willfulness under § 255(a) is a question of fact for the jury**…." [emphasis added]. *See also, Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). Therefore, willfulness will need to be brought up to the Jury with respect to the statute of limitations and the Jury must be permitted to hear evidence regarding Plaintiff's work for Defendant prior to the years 2013 and 2014; any potential probative value is **not** substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

In addition, the FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Thus, Defendant has the burden to show good faith, which will bear on whether the Court imposes liquidated damages post-trial (if Plaintiff prevails). Pursuant to the Eleventh Circuit ruling in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendant acted willfully, the Court has no discretion to find that such

defendant acted in good faith (in which case liquidated damages would necessarily be imposed. While it is true that liquidated damages are decided by the Court post-trial if the Plaintiff prevails, the Court should also hear the testimony so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendant acted in good faith. As to good faith, such testimony at trial will assist the jury in understanding Defendant's continued practice of FLSA/FMWA violations and failure to take affirmative steps to ensure wage and hour compliance. This is yet another basis why the Jury must be permitted to hear evidence regarding Plaintiff's work for Defendant prior to the years 2013 and 2014. Herein any potential probative value is **not** substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

Defendant's knowledge (even if in general) of the existence of the minimum wage laws, even generally, will impact both willfulness and good faith. The Eleventh Circuit has held that the determination of whether an employer acted in good faith and had reasonable grounds for believing that its act or omissions was not a violation of the FLSA/FMWA has both a subjective and objective component. *Friedman v. South Florida Psychiatric Associates, Inc.,* 139 Fed. Appx. 183, 185 (11th Cir. 2005). The Court citing *Dybach v. Fla. Dep't of Corr.,* 942 F.2d 1562, 1566 (11th Cir. 1991), stated "[s]ubjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." Therefore, Plaintiff needs to question Defendant about Plaintiff's entire employment period to make clear Defendant was generally aware of the minimum wage laws and/or that Defendant was required to ascertain what the FLSA/FMWA requires and to act in accordance with it. Moreover, this evidence and testimony is relevant to issues regarding Defendant's failure to maintain accurate (or any) time records as required by the employer under the FLSA/FMWA and relevant

regulations. This is directly relevant to Defendants' contentions that Plaintiff was an independent contractor and not an "employee" as defined by the Act(s). This goes directly to issues related to the business policies and conduct with regards to maintaining records (i.e. time records, records of employment, and independent contractor issues, etc.).

The Court "may exclude relevant evidence if its probative value is not substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" Fed. R. Evid. R.403. However, herein any potential probative value is **not** substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403. Consequently, given that willfulness requires a jury determination, the Court should **not** permit Defendant to restrict evidence and testimony regarding Plaintiff's work for the Defendant to after the years 2013 or 2014. Such evidence is relevant and the probativeness is not outweighed by prejudice and the evidence is directly important to the issue of damages.

Therefore, Defendant's request to exclude reference or introduction to Plaintiff's FLSA claims on or before January 2, 2014, and Plaintiff's FMWA claims on or before January 2, 2013, should be denied and Plaintiff should be entitled to explore these issues at Trial.

### The Court Should Not Exclude Reference Or Introduction To Defendant's United States Federal Income Tax Filings.

The Defendants income taxes are specifically relevant to Defendant's affirmative defenses (i.e. affirmative defenses 6, 8, 11, etc.). *See,* Defendant's Answer and Affirmative Defenses [DE15] and, therefore, reference or introduction to same should not be excluded at trial.

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an

employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." Santelices v. Cable Wiring, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). Defendant's income taxes are directly relevant to assist in demonstrating that Plaintiff was an employee as that termed is defined under the FLSA, especially with regards to the schedules attached to said filings. Further, the financial documents, Defendant' tax returns and the underlying schedules, would reflect information whether Defendant purchased supplies for Plaintiff. For example, Defendant's failure to file Schedule L of Federal Tax Returns reflects Defendant failed to claim on their tax returns "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would include expenses which are directly relevant to Defendant's dispute regarding whether Plaintiff was an employee. The aforementioned financial documents would also reflect how Defendant classified Plaintiff and what amounts of money they were paying Plaintiff (i.e. W-2/1099 forms). S*ee Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16- 20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. As employers also have the responsibility to withhold taxes and pay social security it would also give rise to whether Defendant deducted the proper amount of payroll taxes from her own tax returns.

     Further, said income-reporting documents can be utilized at Trial to inquire about Defendant's failure to pay income taxes to attack Defendant's credibility under Federal Rule of Evidence 608(b). *See, Rakip v. Paradise Awnings Corp.,* 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.,* 2011 WL 6030073, at *1 (S.D. Fla.

Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.,* 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."). ***See also, Chavez v. Arancedo,* Case No.: 17-20003-CIV-EGT [CONSENT CASE] [DE47]("Plaintiff has met the two prongs identified because the tax returns are, at the very least, relevant to the question of Plaintiff's employment status and impeachment evidence…As such, Plaintiff's Motion is GRANTED.");** *See also, Rindfleisch v. Gentiva Health Servs., Inc.,* 2015 WL 12552052, at *2 (N.D. Ga. Feb. 10, 2015) ("The Court finds that Plaintiffs' federal and state income tax returns, with all attachments and schedules, are, at the very least, arguably relevant to damages in this action. The returns may show other sources of income for Plaintiffs, other employers for Plaintiffs, or provide impeachment evidence, among other things.")." Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id.; See also, Barrera v. Weiss & Woolrich,* S.D. Fla. Case No. 09-21841-CIV-GRAHAM (allowing use of income tax returns for impeaching purposes) *citing Chamblee v. Harris,* 154 F.Supp.2d 670, 681 (S.D.N.Y. 2001).

Further, the financial documents are directly relevant to Defendant's cost-credit arguments to reduce damages sought by Plaintiff, which is the subject of Plaintiff's Motion for Summary Judgment and which Defendant is now attempting to exploit the credit post-employment. As their First, Second and Eighth Affirmative Defenses [DE15], Defendant, pursuant to 29 U.S.C. § 203(m), assert that they are entitled to a cost credit for room, board, and

other benefits customarily furnished by Defendant provided to Plaintiff during the course of her employment with Defendant. 29 U.S.C. § 203(m) provides in part:

> "Wage" paid to any employee includes the reasonable cost, **as determined by the Administrator**, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: *Provided*, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: *Provided further*, **That the Secretary is authorized to determine the fair value of such board**, lodging, or other facilities for defined classes of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee…. [Emphasis added].

29 U.S.C. 203 (q) provides for the definition of secretary as used within the statute and defines as ""Secretary" means the Secretary of Labor" or known to most as the department of labor. Defendant's tax returns would demonstrate whether Defendant complied with the requirements, contacted the secretary of labor to make a determination as to the reasonable cost or fair value of the room and board, and whether Defendant has proof as to the reasonable cost or fair value of said room and board while Plaintiff was employed by Defendant. *See, Marshall v. New Floridian Hotel, Inc.,* 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). Furthermore, Defendant (employer) must maintain records of the actual cost of said housing and how it is applied to the wages paid to Plaintiff and, as such, Plaintiff is entitled to show the documents at trial, including any appraisal of the room used by Plaintiff and/or any evaluation of the room and board. *See, Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 473-474 (11th Cir. 1982). Further, Defendant claims they are entitled to a set-off for the value of food allegedly consumed

by Plaintiff. Plaintiff is entitled to show the Jury and ask Defendant about these documents to determine whether Defendant are able to substantiate these allegations. *See, Chao v. Min Fang Yang,* No. 05–2563, 2007 WL 7209596, at *6 (W.D. Tenn. Aug. 13, 2007) (prohibiting employer from taking a section 3(m) credit where the employer "failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis").

Therefore, Defendant's request to exclude reference or introduction to Defendant's United States Federal Tax Filings should be denied and Plaintiff should be entitled to explore these issues at Trial.

### The Court Should Not Exclude Reference Or Introduction To Evidence Deemed To Be Excluded Due To Sanctions Imposed Upon Plaintiff And Plaintiff's Counsel Pursuant To Defendant's Motion For Sanctions Against Plaintiff And Plaintiff's Counsel [DE 83].

Plaintiff incorporates by reference, as if incorporate herein, any and all arguments set forth in Plaintiff's Response in Opposition to Defendant's Motion [DE83], filed by Plaintiff as [DE86]. Plaintiff respectfully requests that all arguments set forth in [DE86] be accepted as if part of this Response in Opposition to the instant Motion. Defendant has approximately three (3) lines on this matter in their Motion [DE85], which is also completely devoid of any controlling authority. As such, Plaintiff is unable to intelligibly address that which Defendant seeks to exclude under this topic. **Plaintiff seeks for Defendant to clarify what they are seeking to exclude and once Defendant has made the clarification for Plaintiff to be permitted to file a sur-reply addressing same. Plaintiff respectfully requests the Court to grant Plaintiff fourteen (14) days from the date Defendant clarifies what is being sought for Plaintiff to respond to same.**

To the extent that Defendant's request as it pertains to this issue is a veiled attempt to seek dispositive relief (i.e. a transmogrified motion for summary judgment on issues related to cost-credit, whether Plaintiff was an "employee" or "independent contractor" as defined by the FLSA/FMWA, etc.), Defendant's relief should be denied in its entirety as this is inappropriate for a motion *in limine* and improperly raised herein. Defendant failed to timely, or otherwise, file a motion for summary judgment and/or move for dispositive relief from the Court as it relates to issues on whether FLSA coverage/subject matter jurisdiction exists for the relevant time period, whether the individual Defendant was Plaintiff's individual "employer" as a matter of law, whether Plaintiff was Defendant's "employee" under the Act and not an independent contractor, and/or whether Defendant's are entitled to cost-credit to reduce damages sought by Plaintiff – however Plaintiff did and Defendant has had an opportunity to respond to same per the Rules.

The Eleventh Circuit recognizes a district court's inherent authority and broad discretion to manage the schedule of litigation pending before it. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). In the case at bar, the Court set a firm deadline to file all pre-trial motions, other than motions *in limine* was July 2, 2018. [DE32]. Southern District Local Rule 7.1(c) states in part "No further or additional memoranda of law shall be filed without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing." What can only be viewed as a brazen attempt to ignore Court deadlines, Defendant has filed a transmogrified motion for summary judgment in the guise of a "motion *in limine"* approximately two (2) months after the deadline permitted by the Court and without seeking an extension of time to do same. Defendant seeks to re-argue their motion for sanctions and response to Plaintiff's motion for summary judgment which is inappropriate through the instant motion.

Therefore, Defendant's request to exclude reference or introduction to evidence deemed to be excluded due to sanctions imposed upon Plaintiff and Plaintiff's Counsel pursuant to Defendant's Motion for Sanctions against Plaintiff and Plaintiff's Counsel [DE 83] should be denied.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/5/18 TO:**

**Alan Lemura, Esq.
Whisenand & Turner, P.A.
501 Brickell Key Drive Suite 602
Miami, FL 33131
(305) 375-8484
Fax: (305) 374-2919
Email: al@w-tgroup.com**

**James D. Whisenand, Esq.
Whisenand& Turner PA
501 Brickell Key Drive, Suite 602
Miami, FL 33131
305-375-8484
Fax: 374-2919
Email: jdw@w-tgroup.com**

**BY: /s/ Neil Tobak____
NEIL TOBAK, ESQ.**