UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| NARCISA PEREZ CHAVEZ, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| BERNARDA M ARANCEDO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE***

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby Replies to Defendants' Response in Opposition [DE89] to Plaintiff's Motion in *Limine* [DE84], and in support thereof states as follows:

1. Plaintiff filed her Motion in *Limine* [DE84] seeking to exclude evidence regarding any references to: (a) attorneys' fees, costs, and/or liquidated damages pursuant to 29 U.S.C. 216(b), (b) liquidated damages; (c) the undersigned Firm's representation of Plaintiff; (d) Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes; (e) Plaintiff's immigration status; and (f) Defendant's alleged "expert" witness, Thania Vernon.

2. In her Response in Opposition to Plaintiff's Motion [DE84], Defendant takes issue with each part of Plaintiff's Motion.

**Reference to Attorneys' Fees and Costs.**

While Defendant agrees that potential entitlement to attorney's fees and costs <u>may not be</u>

Page **1** of **8**

<u>referenced at trial</u>, Defendant seeks to reserve the right to refer to same in Jury Instructions (even though Jury Instructions are part of Trial). This Court in the case of *Gordils v. Ocean Drive Limousines, Inc.,* addressed this exact issue and Ordered:

> There is no legal basis for referring to attorneys' fees and costs at trial. **Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer**. *See* 29 U.S.C. § 216(b). Additionally, the Eleventh Circuit's current pattern jury instructions removed instructions on attorneys' fees and costs which had previously been included. Therefore *Palma,* on which Defendants rely, is inapplicable. That court allowed the defendants to refer to attorneys' fees and costs "only in their closing argument and limited to the instruction." *Palma,* 2011 WL 6030073, at *1. The instruction has changed. There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. *Dingman v. Cart Shield USA, LLC,* 12–20088–CIV, 2013 WL 3353835 (S.D.Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* No. 09–21569–CIV, ECF No. 126 (S.D.Fla. Mar. 27, 2013) (same). The parties must not refer to attorneys' fees and costs before the jury.

*Gordils v. Ocean Drive Limousines, Inc.,* No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014) [emphasis added].

Defendant further cites to *Lamonica v. Safe Hurricane Shutters Inc.*, 2011 WL 13173055 at *1 (S.D. Fla. 2011) to support her position. However, the *Lamonica* decision relies on an older version of the Eleventh Circuit's pattern jury instructions, which has since been revised and said relied on jury instruction relating to attorney fees has since been removed from the pattern instructions. *See* supra. The issue of attorneys' fees and costs are matters decided by the Court post-trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded.

**Reference to Liquidated Damages.**

Defendant agrees that potential entitlement to liquidated damages may not be referenced at trial including closing statements and jury instructions. "The willfulness or good faith question is answered first by the jury ... and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." 11th Cir. Civil Pattern Jury Instructions § 4.14 cmt. II.B. (2013) (citing *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir.2008)); *See also, Gordils v. Ocean Drive Limousines, Inc.,* No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014)

**Reference to the Undersigned Firm's Representation of Plaintiff**

Defense Counsel attempts to re-argue his motion for sanctions as opposed to the legal basis for reference to, or non-reference to, the Undersigned Firm's representation of Plaintiff at trial. As such, Plaintiff incorporates by reference as if it were incorporated herein, any and all arguments set forth in Plaintiff's Response and Opposition to Defendants Motion for Sanctions [DE86]. Defendant cites to *In Tapia v. Fla. Cleanex, Inc.,* 2013 WL 12198827, (S.D. Fla. Mar. 27, 2013)*,* where in this Court noted that areas for impeachment purposes include "Plaintiff's motivation in filing this lawsuit, the basis of his claim and formulation of damages" *Id* at *1. Plaintiff's Counsels representation of Plaintiff would in no way inform the Jury of Plaintiff's motivation in filing the law suit, her basis for the lawsuit and/or the formulation of damages. Addressing the Plaintiff's legal representation would only be prejudicial as it would give the impression that this is an attorney-driven proceeding. Further, the Court in *Lux et. al. v. RCH Lawn Maintenance LLC., et. al*, noted that "the probative value, if any, of making references to the Plaintiffs' attorney-client relationship is substantially outweighed by the prospect of prejudice to the Plaintiffs. Therefore, Plaintiffs' Motion in Limine to bar references to the Plaintiffs'

attorney-client relationship or legal representation is granted". *Lux et. al. v. RCH Lawn Maintenance LLC., et. al* 16-25039-CV-King at * 2 (S.D. Fla. April 10, 2018), *See* also, *Medrano v. The investment Emporium LLC., et al* at *2 (S.D. Fla. Oct. 26, 2015).

### **Reference to Plaintiff's Taxes.**

Defendant attempts to argue that taxes may be used for impeachment purposes, However, in *United States v. Calle,* 822 F.2d 1016, 1021 (11th Cir.1987), defense counsel asked a government witness whether he had filed tax returns from 1981-1985. It was held, "Defense counsel's questions regarding Garcia's tax returns and his compliance with the plea agreement were merely attempted excursions into collateral matters . . . these queries were not relevant to the core issues of the case." *Id.* at 1020. The Eleventh Circuit noted that the defense attempted to impeach a government witness with prior acts of misconduct, a matter prohibited by Rule 608(b). *Id.* at 1018 (holding that attempting to impeach a witness with his failure to file tax returns was prohibited by Rule 608(b)).

Similarly, Southern District of Florida Courts, have held that tax returns are inadmissible for impeachment purposes. In *Ortiz v. Santuli Corp*., Slip Copy, 2009 WL 2382144, *1 (S.D.Fla. 2009), the Honorable Magistrate Judge Simonton ruled:

> The undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes-including the extent of Plaintiffs' reporting obligations regarding such taxes-that will cause undue delay and confusion of the issues.

Further, in S*pecial Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Company LLC,* et al., Case No. 00-6410-CIV-MARRA, the Honorable Judge Marra excluded from evidence the use of tax returns for similar reasons. Judge Marra limited the use of the tax returns to the issues raised in the affirmative defenses:

> The use of the tax returns and financial statements shall be limited to Plaintiffs' attempt to demonstrate that they are inconsistent with the litigation positions taken by Defendants in this case, or to support affirmative claims or defenses as to which any party has the burden of proof. **They shall not be used to elicit testimony or argument that Defendant Borzilleri committed or attempted to commit tax fraud or evade the payment of taxes due**, Exhibit 2, p.4.

As noted by the Honorable District Judge Marcia G. Cooke in her Order on Plaintiff's Motion in Limine in the case of *Medrano v. The investment Emporium LLC., et al,* Case No.: 14-24314-CIV-MGC (S.D. Fla. Oct. 26, 2015)[1] "Plaintiff's Motion *in limine* to exclude any reference at trial to his paying of federal income taxes and reporting of cash payments on said taxes is **GRANTED…** as noted in *Ortiz v. Santuli Corp.,* No. 08-20218-CIV, 2009 WL 2382144 (S.D. Fla. Aug. 3, 2009), "suggesting that a party failed to pay his income taxes creates an "undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of [a party's] reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues. *Id.* at *1." *Id.* The evidence is inadmissible on its face. It will create unnecessary delays by engaging in collateral matters which are not relevant to the case. Consequently, any reference to Plaintiff's income tax returns should be excluded.

Finally, in *Torres v. Rock & River food Inc., d/b/a Marumi Sushi,* the Honorable District Judge Robert N. Scola Jr., in granting Plaintiff's Motion in Limine on the issue of failure to pay taxes, noted that:

> "while such evidence might speak to the Plaintiffs' credibility**, the dangers of unfair prejudice, confusion of the issues, and misleading of the jury are too great.**" *Galdames v. N&D Inv. Corp.*, 2010 WL 1330000, at *4–5 (S.D. Fla. Mat. 29, 2010) (Cooke, J.) (originally analyzing a motion in limine on the plaintiff's immigration status, but applying the same reasoning to the plaintiff's failure to file income taxes); *see also*

---

[1] Copies of the Order were furnished to the Honorable Magistrate Judge Edwin G. Torres on October 26th, 2015, as per the Order. *See, Medrano v. The investment Emporium LLC., et al.,* Case No.: 14-24314-CIV-MGC (S.D. Fla. Oct. 26, 2015) [DE49].

> *Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009) (Simonton, Mag. J.). The Court agrees with this conclusion. In this case, the **Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion**. Although the Court does not condone the Plaintiff's actions, **his failure to pay income taxes has only minor probative value to his character for truthfulness. That probative value, however, is substantially outweighed by confusion of the issues and misleading the jury.**

*Torres v. Rock & River food Inc., d/b/a Marumi Sushi* 2016 at *4 (S.D. Fla. May 10, 2016).

> Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, **as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status.** *See also Ortiz*, 2009 WL 2382144, at *1 ("[G]iven the facts of this case as a whole, the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes **because such evidence will likely create undue prejudice in the minds of the jurors; and,** *it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues.*") (emphasis added); *Galdames*, 2010 WL 1330000, at *4–5 ("[**E**]**vidence of the Plaintiffs' alleged failure to file federal tax returns—to challenge the Plaintiffs' credibility—would give rise to collateral disputes about whether the Defendants knowingly hired undocumented aliens as employees in contravention of federal law**, and whether the Defendant deducted the proper amount of payroll taxes from its tax returns."). Accordingly, the Court granted the Plaintiff's motion on this issue, as well as the Defendants *ore tenu*s motion to exclude evidence of whether the Defendants did or did not withhold the Plaintiff's salary for tax purposes or deduct for withholding on its tax returns.

*Id.* [Emphasis added].

**<u>Immigration Status</u>**

Any reference to Plaintiff's legal status, or inferences to be drawn, should be excluded. It is well established that undocumented aliens are protected by the FLSA. *Patel v. Quality Inn South*, 846 F.2d 700, 704 (11th Cir. 1988). Plaintiff's immigration status is irrelevant to his

claims for unpaid overtime and minimum wages. Permitting Defendant to inject the immigration status question will reasonably dissuade an employee from pursuing an FLSA action. *Ponce v. Tim"s Time, Inc.,* 2006 WL 941963, * 1 (N.D. Ill.2006) ("allowing immigration status evidence in would **surely chill the vindication of rights** under the FLSA; Congress chose to afford the protections of the Act to undocumented workers, and the courts should not undermine that decision. Thus, to the extent the evidence is admissible under Rule 402, it will be excluded under Rule 403") (emphasis added). "As several courts have noted, it is entirely likely that any undocumented [litigant] forced to produce documents related to his or her immigration status will withdraw from the suit rather than produce such documents and face ... potential deportation." Uto vs. Job Site Services, Inc., et al., 269 F.R.D. 209 (E.D.N.Y. 2010) citing Topo v. Dhir, 210 F.R.D. 76, 79 (S.D.N.Y.2002). "Such a chilling effect would, effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation." Uto vs. Job Site Services, Inc., et al., 269 F.R.D. 209 (E.D.N.Y. 2010), citing Flores vs. Amigon, 233 F.Supp.2d 462, 465 (E.D.N.Y.,2002), *See also*; *Ponce vs. Tim's Time, Inc., et al.* 2006 WL941963, *1 (N.D. Ill. 2006) (holding that evidence of immigration status is "**such a hot button issue of late ... the Court finds that the danger of unfair prejudice-not just prejudice, but unfair prejudice-is indeed high**. Therefore, the Court will exclude the evidence. The defendants are barred from eliciting or attempting to elicit evidence or testimony from which the jury could reasonably infer that the Plaintiff may be undocumented workers.") (emphasis added).

**Reference to and Testimony from Defendant's Alleged "Expert" Witness, Thania Vernon**

The use of Thania Vernon as an expert witness will not help the trier of fact to understand the evidence in the case, and as such is inadmissible under Federal Rules of Civil Procedure Rule

702, and, therefore, should be excluded. Plaintiff incorporates by reference as if it were incorporated herein, any and all arguments set forth in [DE65] and all related filings.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT EXCLUDE IN *LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

          Respectfully submitted,

          J. H. ZIDELL, P.A.
          ATTORNEYS FOR PLAINTIFF
          300-71ST STREET, SUITE 605
          MIAMI BEACH, FLORIDA 33141
          305-865-6766
          305-865-7167

          By:_s/ Neil Tobak, Esq. ___
          Neil Tobak, Esquire
          Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/17/18 TO:**

**Alan Lemura, Esq.
Whisenand & Turner, P.A.
501 Brickell Key Drive Suite 602
Miami, FL 33131
(305) 375-8484
Fax: (305) 374-2919
Email: al@w-tgroup.com**

**James D. Whisenand, Esq.
Whisenand& Turner PA
501 Brickell Key Drive, Suite 602
Miami, FL 33131
305-375-8484
Fax: 374-2919
Email: jdw@w-tgroup.com**

  **BY:_/s/_Neil Tobak____
    NEIL TOBAK, ESQ.**