# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20003-Civ-TORRES

NARCISA PEREZ CHAVEZ,

    Plaintiff,

v.

BERNARDA M. ARANCEDO,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION IN LIMINE

This matter is before the Court on Bernarda M. Arancedo's ("Defendant") motion in limine against Narcisa Perez Chavez ("Plaintiff"). [D.E. 85]. Plaintiff responded to Defendant's motion on September 5, 2018 [D.E. 87] to which Defendant replied on September 12, 2018. [D.E. 92]. Therefore, Defendant's motion is now ripe for disposition. Having reviewed the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion in limine is **GRANTED in part** and **DENIED in part**.

## *I. BACKGROUND*

Plaintiff filed this action on January 2, 2017 and alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiff claims that she had an employee relationship with Defendant from January 23, 2012 through December 30, 2016. Plaintiff's earnings purportedly fell below the Federal and Florida minimum wage for the services she

1

performed as a maid at Defendant's personal residence. Defendant denies all of Plaintiff's allegations and the matter is currently set for trial on October 9, 2018 with a discovery deadline of June 28, 2018. [D.E. 32].

## *II. APPLICABLE PRINCIPLES AND LAW*

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*,

519 U.S. 172, 180 (1997). It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one. *See id.* In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds. *See King*, 713 F.2d at 631.

Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice. *See, e.g.*, *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The evidence must also pass a 403 balancing test. *Id.* To meet the second prong of the three-part test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened. *See generally Huddleston*, 485 U.S. 681.

Evidence falls outside the scope of Rule 404(b) when it is (1) an uncharged

3

offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (quoting another source).

> Evidence not part of the crime charged but [that] pertain[s] to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence must also still satisfy the requirements of Rule 403. *See Baker*, 432 F.3d at 1189.

### III. ANALYSIS

Defendant's motion in limine seeks to exclude evidence related to (1) Plaintiff's FLSA claims on or before January 2, 2015, (2) Plaintiff's FMWA claims on or before January 2, 2013, (3) Defendant's federal income tax filings, and (4) sanctions that may be imposed as a result of Plaintiff's misconduct in this case. We will address each of the parties' arguments in turn.

### A. *Whether evidence of Plaintiff's FLSA and FMWA claims should be limited to the applicable statute of limitations*

The first issue in Defendant's motion is whether any evidence related to Plaintiff's FLSA claims on or before January 2, 2015 should be excluded at trial. Defendant argues that the statute of limitations for FLSA cases is generally two years and at most three years if an employer's conduct is willful.[1] Because there is no evidence in the record that Defendant committed a willful violation of the FLSA,

---

[1] Plaintiff filed her complaint in this case on January 2, 2017.

4

Defendant concludes that any evidence related to Plaintiff's FLSA claims on or before January 2, 2015 is barred under the statute of limitations. Alternatively, Defendant requests that any evidence or references to Plaintiff's FLSA claims be excluded under the three year statute of limitations for any acts that occurred on or before January 2, 2014 if the Court finds that Defendant's conduct may have been willful.

In a similar vein, Defendant argues that the statute of limitations for Plaintiff's FMWA claims should be four years and at most five years if an employer's conduct is willful. Defendant suggests, similar to Plaintiff's FLSA claim, that there is no evidence in the record that Defendant's conduct was willful. Therefore, Defendant concludes that any evidence or references of Plaintiff's FMWA claims that occurred on or before January 2, 2013 should also be excluded at trial.

Plaintiff advances several arguments in opposition to Defendant's motion. First, Plaintiff claims that willfulness is a question of fact for the jury to decide and that it would be premature for the Court to exclude any evidence, irrespective of when that conduct may have occurred, at this stage of the case. *See McGuire v. Hillsborough Cty., FL*, 511 F. Supp. 2d 1211, 1218 (M.D. Fla. 2007) ("[W]hether a defendant committed a willful violation is a jury question."). Second, Plaintiff suggests that any evidence prior to the applicable statute of limitations should be allowed so that the jury can understand the entire scope of the employment relationship and make an informed decision on the evidence presented.

Third, Plaintiff argues that Defendant's motion lacks merit because, if Plaintiff prevails at trial, a determination will need to be made on whether liquidated damages should be awarded.[2] *See, e.g.*, *Gordils v. Ocean Drive Limousines, Inc.*, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014) ("Arguments may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury.") (citations omitted). To make a determination on liquidated damages, Plaintiff argues that evidence outside of the statute of limitations should be considered because Defendant may advance a good faith defense. And if Defendant advances a good faith defense, the Court may reduce or deny an award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. Because evidence outside the statute of limitations may assist the Court in determining whether willfulness and good

---

[2] "When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (citing 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."); *see also Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1566–67 (11th Cir. 1991)).

6

faith apply to the facts of this case, Plaintiff concludes that she should be allowed to present evidence at trial in support of her FLSA and FMWA claims.

After a thorough review of the arguments presented, we are unpersuaded that evidence outside of the applicable statute of limitations is relevant to the facts of this case at trial. Plaintiff is correct that the statute of limitations in FLSA cases is generally two years and that a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued. *See* 29 U.S.C § 255(a). Plaintiff is also correct that the FMWA provides for a longer statute of limitations: five years for allegedly willful FMWA violations, Fla. Stat. § 95.11(2)(d); and, four years for any other alleged FMWA violation, Fla. Stat. § 95.11(3)(q).

But, it is unclear as to how the events that fall outside the applicable statute of limitations is relevant on whether Defendant violated the FLSA or the FMWA when the only conduct that is actionable must have occurred within the relevant time period. Plaintiff's contention that the jury needs the entire context of the employment relationship to determine whether Defendant's conduct was willful is equally unpersuasive for the same reason. However, to the extent that Defendant's conduct may have been willful under the FLSA or FMWA, Plaintiff is entitled to present that question to the jury. This means that any evidence as to Plaintiff's FLSA claims after January 2, 2015 and Plaintiff's FMWA claims after January 2, 2013 is relevant and may be used at trial. To this extent, Defendant's motion in limine is **GRANTED in part** and **DENIED in part**.

As for a determination of liquidated damages, Plaintiff may be entitled to damages if Defendant failed to act in good faith. *See* 29 U.S.C. § 260. If a jury finds, for example, that Defendant acted willfully, then the Court may award liquidated damages in an amount equal to the compensatory damages awarded, which doubles the total damages award. *See Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1166 (11th Cir. 2008). "The willfulness or good faith question is answered first by the jury . . . and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages." Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) (citing *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir. 2008)). This means that arguments "may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury." *Gordils*, 2014 WL 4954141, at *1 (citing *Dingman v. Cart Shield USA, LLC*, 2013 WL 3353835, at *1 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to liquidated damages at trial); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011).

Therefore, Defendant's motion in limine to exclude any evidence as to liquidated damages at trial is **GRANTED** because it would be unduly prejudicial with no probative value for the jury to hear that Plaintiff may be awarded double damages if the jury finds that Defendant acted willfully. However, if Plaintiff

8

prevails at trial, Plaintiff is entitled to present evidence on this issue for the purpose of determining whether to award liquidated damages. Whether or not this encompasses evidence outside of the statute of limitations is a question for another day.

B.   *Whether evidence of Defendant's federal income tax filings should be excluded*

The next issue is whether evidence related to Defendant's federal income tax filings should be excluded at trial. Defendant argues that "there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available." *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001) (citing *Cooper v. Hallgarten & Co.,* 34 F.R.D. 482, 483-84 (S.D.N.Y.1964)). Defendant claims that her tax returns are irrelevant to the facts of this case because she did not make any deductions related to Plaintiff's employment. The only reason Plaintiff opposes Defendant's motion is to purportedly show the disparity in wealth between Plaintiff and Defendant – evidence which Defendant suggests is neither relevant nor probative to Plaintiff's claims. Because Defendant's federal income tax returns are irrelevant, make no mention of Plaintiff, fail to include any deductions for expenditures, and are unrelated to Plaintiff's claims or Defendant's affirmative defenses, Defendant concludes that her federal income tax returns must be excluded.

Plaintiff's response is that Defendant's income taxes are relevant for several reasons.  First, Plaintiff argues that Defendant's income taxes are relevant to Defendant's affirmative defenses and to the question of whether Plaintiff was an employee under the FLSA.  Second, Plaintiff claims that Defendant's tax returns may reflect information on whether Defendant purchased any supplies for Plaintiff and what amounts of money Defendant paid to Plaintiff in compensation.  And third, Plaintiff contends that these documents should be allowed at trial for the purpose of impeachment and to undermine Defendant's cost-credit arguments.

We are unpersuaded that Defendant's income taxes are entirely irrelevant to Plaintiff's claims.  Defendant maintains that her income tax returns are immaterial to Plaintiff's allegations and that there is nothing to be gained from their use, other than to prejudice the jury with the disparity in wealth between the parties.  Defendant may certainly be correct that her income taxes do not offer much insight into Plaintiff's status as an employee under the FLSA or whether Defendant purchased any supplies for Plaintiff.

But, we cannot assume that there is nothing to gained from Defendant's tax returns especially since they provide one of the few tangible pieces of evidence on the status of Plaintiff's employment – not to mention that Defendants' income taxes may also be relevant for the limited purpose of impeachment.  To the extent that Defendant is concerned about Plaintiff using Defendant's income taxes to showcase the wealth disparities between the parties, Defendant  can, of course, seek a limiting instruction if Plaintiff attempts to overplay her hand.  Accordingly,

Defendant's motion to exclude any evidence of her federal income tax returns is **DENIED**.

### C. *Whether evidence should be excluded because of sanctions against Plaintiff*

The final issue is whether evidence should be excluded because of a pending motion for sanctions against Plaintiff for her misconduct in this case. [D.E. 83]. Plaintiff counters that sanctions should not be imposed because Defendant's motion is (1) conclusory, (2) completely devoid of any controlling authority, and (3) fails to specify what should be excluded if Plaintiff is sanctioned. To the extent that Defendant's request is a veiled attempt to seek dispositive relief, Plaintiff concludes that Defendant's motion should be denied as it is inappropriate on a motion in limine to decide these matters.

Plaintiff's response is well taken because we need not decide the merits of Defendant's motion for sanctions on a motion in limine. Defendant is certainly correct that Rule 37 allows a district court to exclude evidence or to impose other "appropriate sanctions." Fed. R. Civ. P. 37; *see also Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203, 1210 (11th Cir. 2010) (affirming the district court's exclusion of evidence because statements made during a deposition and references to relevant expenses in a discovery supplement did not provide notice of the party's theory of liability; those disclosures did not constitute a supplement at all).

But, we decline to decide whether sanctions should be imposed on a motion in limine because that determination is best reserved after a thorough review of the

underlying motion for sanctions when the issues presented are clearer. *See Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 2014 WL 12797854, at *1 (N.D. Ga. Jan. 17, 2014) ("After review of the motion and the briefs, the court denies the motion in limine to exclude evidence of Fastin-RR. The defendants may present evidence relating to Fastin-RR during the sanctions hearing. This order does not preclude the FTC from objecting to this evidence during the sanctions hearing when the evidence and the issues to be tried are clearer."). To the extent Defendant's motion for sanctions is well founded, an appropriate sanction may be imposed given the facts presented. However, the relief Defendant seeks on a motion in limine is misplaced and therefore Defendant's motion to exclude evidence on this basis is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion in limine [D.E. 85] is **GRANTED in part** and **DENIED in part**:

A. Defendant's motion to exclude evidence outside of the applicable statute of limitations for Plaintiff's FLSA and FMWA claims is **GRANTED in part** and **DENIED in part**. Plaintiff may introduce any relevant evidence in support of her FLSA claims after January 2, 2015 and any relevant evidence on her FMWA claims after January 2, 2013. As for Defendant's motion to exclude references to liquidated damages, Defendant's motion is **GRANTED** but only to the extent that Plaintiff may not introduce

evidence in support of her claim for liquidated damages at trial.

B. Defendant's motion to exclude any evidence of her federal income tax returns is **DENIED**.

C. Defendant's motion to exclude evidence pursuant to a pending motion for sanctions is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of September, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge