UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20003-Civ-TORRES

NARCISA PEREZ CHAVEZ,

    Plaintiff,

v.

BERNARDA M. ARANCEDO,

    Defendant.

_____/

## **ORDER ON PLAINTIFF'S MOTION IN LIMINE**

This matter is before the Court on Narcisa Perez Chavez's ("Plaintiff") motion in limine against Bernarda M. Arancedo ("Defendant"). [D.E. 84]. Defendant responded to Plaintiff's motion on September 10, 2018 [D.E. 89] to which Plaintiff replied on September 17, 2018. [D.E. 94]. Therefore, Plaintiff's motion is now ripe for disposition. Having reviewed the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion in limine is **GRANTED in part** and **DENIED in part**.

### *I. BACKGROUND*

Plaintiff filed this action on January 2, 2017 and alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiff claims that she had an employee relationship with Defendant from January 23, 2012 through December 30, 2016. Plaintiff's earnings purportedly fell below the Federal and Florida minimum wage for the services she

performed as a maid at Defendant's personal residence. Defendant denies all of Plaintiff's allegations and the matter is currently set for trial on October 9, 2018 with a discovery deadline of June 28, 2018. [D.E. 32].

## II.  APPLICABLE PRINCIPLES AND LAW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Under the Federal Rules of Evidence, evidence is considered relevant as long as it has the tendency to make a fact of consequence more or less probable. *See* Fed. R. Evid. 401(a)-(b). The Rules permit the exclusion of relevant evidence when the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403 (emphasis added). Courts are cautioned to use Rule 403 sparingly, *see, e.g., United States v. King*, 713 F.2d 627, 631 (1983), in part because the federal rules favor admission of evidence and in part because relevant evidence is inherently prejudicial to a criminal defendant. *See id.* (citing to other sources).

The term "unfair prejudice" in and of itself speaks to the ability of a piece of relevant evidence to lure the fact finder into declaring a defendant's guilt on grounds other than specific proof of the offense charged. *Old Chief v. United States*,

519 U.S. 172, 180 (1997).  It also signifies an undue tendency to suggest guilt on an improper basis, commonly an emotional one.  *See id.*  In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds.  *See King*, 713 F.2d at 631.

Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  Essentially, Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). For evidence of other crimes or acts to be admissible under Rule 404(b), (1) the evidence must be relevant to an issue other than defendant's character, (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act(s) in question, and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice.  *See, e.g.*, *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).  The evidence must also pass a 403 balancing test.  *Id.*  To meet the second prong of the three-part test above, the Government need only make a sufficient showing under which a jury could believe the act actually happened.  *See generally Huddleston*, 485 U.S. 681.

Evidence falls outside the scope of Rule 404(b) when it is (1) an uncharged

3

offense that arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005) (quoting another source).

> Evidence not part of the crime charged but [that] pertain[s] to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime . . . forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence must also still satisfy the requirements of Rule 403. *See Baker*, 432 F.3d at 1189.

### III.  ANALYSIS

Plaintiff's motion in limine seeks to exclude evidence related to (1) attorneys' fees and costs, (2) liquidated damages[1], (3) Plaintiff's relationship with her attorneys, (4), Plaintiff's payment or non-payment of federal income taxes, (5) Plaintiff's immigration status, and (6) Defendant's expert witness Thania Vernon ("Ms. Vernon"). We will discuss the parties' arguments in turn.

---

[1] We need not discuss Plaintiff's motion in limine to exclude any references to liquidated damages because Defendant agreed in her response that they may not be referenced at trial. Defendant, however, reserves the right to introduce evidence of her good faith and lack of willfulness in violating the FLSA and FMWA in order to prepare her defense against any claim for liquidated damages. *See Gordils*, 2014 WL 4954141, at *1 ("Arguments may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury.") (citing *Dingman, LLC*, 2013 WL 3353835, at *1 (ordering defendants in an FLSA case not to refer to liquidated damages at trial); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011)). Accordingly, Plaintiff's motion in limine to exclude any references to liquidated damages is **DENIED as moot**.

### A. *Attorneys' Fees and Costs*

Plaintiff argues that any references to attorneys' fees and costs should be excluded at trial because the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Plaintiff asserts that the question of attorneys' fees and costs are exclusively post-trial matters and that, if they are presented at trial, they may cause confusion for the jury in considering the merits of this case. Although Defendant agrees not to mention attorneys' fees and costs, Defendant contends that she reserves the right to refer to jury instructions in her closing statement. Because Defendant is not entitled to reference attorneys' fees and costs at any point during trial (including closing arguments), Plaintiff concludes that her motion in limine must be granted.

Plaintiff's arguments are well taken because "there is no legal basis for referring to attorneys' fees and costs at trial." *Gordils v. Ocean Drive Limousines, Inc.*, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014). They are instead "post-trial issues for the Court that do not relate to any question of fact for the jury to answer." *Id*. (citing 29 U.S.C. § 216(b)). The Eleventh Circuit's current pattern jury instructions also removed instructions on attorneys' fees and costs which had previously been included. And while some courts have allowed parties to refer to attorneys' fees and costs at closing arguments, those cases are unpersusaive because they predate the change in the Eleventh Circuit's jury instructions. *See, e.g.*, *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011).

Therefore, we conclude that "[t]here is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury," and therefore Plaintiff's motion in limine to exclude any references to fees and costs at trial is **GRANTED**. *Gordils*, 2014 WL 4954141, at *1 (citing *Dingman v. Cart Shield USA, LLC,* 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* (S.D. Fla. Mar. 27, 2013) (same)).

### B. *Plaintiff's Taxes*

Next, Plaintiff argues that any references to her payment or nonpayment of federal income taxes should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Plaintiff also claims that any questions related to her payment of taxes is irrelevant and that courts in our district have repeatedly found that this issue creates an undue prejudice in the minds of the jury:

> [T]he undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009); *see also Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) ("In this case, the Court is not faced with a plaintiff who *falsified* tax returns or was convicted of tax fraud or tax evasion. Although the Court does not condone the

6

Plaintiff's actions, his failure to pay income taxes has only minor probative value to his character for truthfulness. That probative value, however, is substantially outweighed by confusion of the issues and misleading the jury.") (emphasis in original); *Galdames v. N&D Inv. Corp.*, 2010 WL 1330000, at *4–5 (S.D. Fla. Mat. 29, 2010) ("[W]hile such evidence might speak to the Plaintiffs' credibility, the dangers of unfair prejudice, confusion of the issues, and misleading of the jury are too great.").

On the other hand, Defendant relies on cases where courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b).[2] S*ee Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011); *Palma*, 2011 WL 6030073, at *1; *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."). Because the question of whether Plaintiff paid federal income taxes is allowed for impeachment purposes under the Federal Rules of Evidence and it relates to Plaintiff's status as an employee or independent

---

[2] Federal Rule of Evidence 608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). A court, however, "may, on cross-examination, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." *Id*. Extrinsic evidence may also be admitted "where it is introduced to disprove a specific fact material to the defendant's case." *United States v. Calle,* 822 F.2d 1016, 1021 (11th Cir. 1987) ("[E]vidence relevant to a material issue is not rendered inadmissible because it happens to include references to specific bad acts of a witness.").

contractor, Defendant concludes that this inquiry should be allowed given the facts of this case.

After a thorough review of the arguments presented, we agree with Defendant that whether or not Plaintiff paid federal income taxes is allowed for impeachment purposes because it is probative of Plaintiff's character for truthfulness. *See Solano v. A Navas Party Prod., Inc.*, 2010 WL 11505479, at *2 (S.D. Fla. July 12, 2010) ("If Plaintiff never paid taxes, that too, may be probative of his truthfulness.") (citing *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."); *Mischalski v. Ford Motor Co.*, 935 F. Supp. 203, 208 (E.D.N.Y. 1996) (failure to pay income taxes bears "directly on a plaintiff's propensity for truthfulness and must be admitted for impeachment purposes if plaintiff takes the stand.")); *see also Tapia,* 2013 WL 12198827, at *1 ("Plaintiff seeks to preclude questions about his federal income taxes; in particular, whether he filed tax returns and whether he reported all income on his returns. We deny Plaintiff's request because evidence that he failed to file tax returns or report all his income is relevant for impeachment purposes.").

While Plaintiff claims that questions on her federal income taxes may be prejudicial, that argument is unpersuasive because impeachment evidence is by definition prejudicial. The only question is whether the probative value is outweighed by the danger of unfair prejudice and we conclude that it is not. For example, consistent with our Order on Defendant's motion in limine [D.E. 98],

8

Plaintiff is entitled for impeachment purposes to attack the truthfulness of Defendant when the latter failed to complete all the required information on her federal income taxes. The same holds true for Defendant in undermining Plaintiff's credibility to the extent the latter failed to file her income taxes. In other words, impeachment evidence cuts both ways and it is the role of the jury to make the appropriate credibility determinations. Therefore, Plaintiff's motion to exclude any evidence of her payment or nonpayment of federal income taxes is **DENIED**.

### C.   *Plaintiff's Immigration Status*

The third issue is whether Plaintiff's immigration status should be excluded at trial. Plaintiff argues that her immigration status is irrelevant to her claim for overtime wages and that is otherwise prejudicial. Defendant acknowledges that "courts have held that the likely prejudice of allowing disclosure of the plaintiff's immigration status outweighs the benefits to the defendants, absent some particularized reason for the information." *Rodriguez v. Niagara Cleaning Servs., Inc.*, 2010 WL 2573974, at *3 (S.D. Fla. June 24, 2010) (citing *Romero–Hernandez v. Alexander,* 2009 WL 1809484 (N.D. Miss. June 24, 2009)). But, Defendant argues that Plaintiff's immigration status should be revealed in this case because (1) Plaintiff has a history of non-compliance with the law – including Plaintiff's alleged failure to pay federal income taxes – and (2) Plaintiff's illegal immigration status is an example of an impeachable pattern of Plaintiff's character for truthfulness. As such, Defendant concludes that evidence of Plaintiff's illegal immigration status should be introduced at trial as it is probative on the validity of Plaintiff's claims.

9

"[C]ourts that have examined this issue have nearly unanimously found that defendants typically are not entitled to information related to the immigration status of plaintiffs seeking FLSA relief." *Rodriguez*, 2010 WL 2573974, at *3 (citing *Zeng Liu v. Donna Karan Int'l.*, 207 F.Supp.2d 191 (S.D.N.Y. 2002); *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 2010 WL 725557 (N.D. Ill. March 1, 2010)). The reasons Defendant proffers for introducing Plaintiff's immigration status are unpersuasive because they could be applicable in any case where a plaintiff may be an undocumented immigrant. Defendant has not provided any particular reason for introducing Plaintiff's immigration status nor has Defendant rebutted the assertion that this evidence is entirely unrelated to Plaintiff's claims.

Another concern with introducing Plaintiff's immigration status is that it "would surely chill the vindication of rights under the FLSA," and undermine the efforts that Congress chose to afford to undocumented workers. *Ponce v. Tim's Time, Inc.*, 2006 WL 941963, at *1 (N.D. Ill. Mar. 16, 2006). This chilling effect could "effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation." *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (citation omitted); *see also Ponce v. Tim's Time, Inc.*, 2006 WL 941963, at *1 (N.D. Ill. Mar. 16, 2006) ("[G]iven the nature of the evidence, and given that the immigration issue in the employment context has turned out to be such a hot button issue of late . . . the Court finds that the danger of unfair prejudice—not just prejudice, but unfair prejudice—is indeed high."). Accordingly,

to the extent that this evidence is admissible under Rule 402, it is excluded under Rule 403.

### D. *Plaintiff Counsel's Representation*

The fourth issue is whether any references to Plaintiff's counsel representation should be excluded at trial. Specifically, Plaintiff seeks to exclude any evidence concerning how she obtained counsel, her fee/retainer agreement, or any other component of Plaintiff's relationship with her attorneys. Because this type of evidence is irrelevant and would only serve to prejudice the jury, Plaintiff concludes that it must be excluded.

Defendant's response is that she should be entitled to discover the truth as to the motivation for and the validity of Plaintiff's allegations. Defendant suggests that Plaintiff's counsel has an extensive record of bad litigation tactics and that the jury should be allowed to determine whether Plaintiff's allegations are credible. Defendant claims that Plaintiff's counsel has a history of being untruthful and that it may undermine Plaintiff's credibility on whether she actually worked 75 hours per week as she alleges. Because Defendant seeks to inquire on Plaintiff's motivation in filing this lawsuit and the nature of her relationship with her attorney, Defendant concludes that this evidence should be presented to the jury.

We agree with Defendant that for impeachment purposes, "Defendant *may* inquire about Plaintiffs motivation in filing this lawsuit, the basis of [her] claim and formulation of damages, the circumstances surrounding [her] decision," to file this lawsuit, how she met Plaintiff's counsel, and so forth. *Tapia*, 2013 WL 12198827, at

*1 (emphasis in original). These inquiries are allowed because they are proper areas of impeachment that go to the validity of Plaintiff's allegations. We note, however, that it would be "be improper for defense counsel to make unsubstantiated accusations about the actions of Plaintiff's counsel," when questioning Plaintiff on the nature of her relationship with her attorneys. *Id*. We thus preclude Defendant from any negative assertions about counsel before the jury. Accordingly, Plaintiff's motion to exclude any evidence of her relationship with her attorneys is **GRANTED in part** and **DENIED in part**.

### E.   *Expert Reports and Testimony of Ms. Vernon*

The final issue presented is whether Ms. Vernon's expert reports and testimony should be excluded at trial. Plaintiff argues that Ms. Vernon fails to meet the requirements in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant incorporates by reference her arguments set forth in response to Plaintiff's *Daubert* motion and claims that Ms. Vernon is qualified to render opinions in this case.

In a separate Order on Plaintiff's *Daubert* motion [D.E. 97], we determined that Ms. Vernon met the reliability and qualification prongs. But, we then found that Ms. Vernon's expert opinions would be unhelpful to the trier of fact because (1) she provided evidence of the fair value of Plaintiff's lodging in the absence of the Department of Labor, and (2) did so without a reasonable cost analysis. We further held that Defendant could not remedy Ms. Vernon's expert reports and testimony on the eve of trial because Defendant would need to petition the Department of Labor

for a fair value assessment and the time to do so has long since passed. Because we have already discussed this issue at length in a separate Order and excluded Ms. Vernon's expert reports and testimony at trial, Plaintiff's motion on this basis is **DENIED as moot**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion in limine [D.E. 84] is **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion to exclude any evidence of attorneys' fees and costs is **GRANTED**.

B. Plaintiff's motion to exclude any evidence of liquidated damages is **DENIED as moot**.

C. Plaintiff's motion to exclude any evidence of her payment or nonpayment of federal income taxes is **DENIED**.

D. Plaintiff's motion to exclude any evidence of Plaintiff's immigration status is **GRANTED**.

E. Plaintiff's motion to exclude any evidence of the relationship between Plaintiff and her attorneys is **GRANTED in part** and **DENIED in part**.

F. Plaintiff's motion to exclude the expert reports and testimony of Ms. Vernon is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of September, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge