UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

NARCISA PEREZ CHAVEZ,         )
                                   )
                Plaintiff,        )
      vs.                       )
                                   )
BERNARDA M ARANCEDO,      )
                                   )
Defendant.                   )
_____ )

## JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3), S.D. Fla. L.R. 16.1(e), and the Court's Scheduling Order [DE32], the Parties, by and through their respective undersigned counsel, hereby submit this joint pretrial stipulation.  The Parties state the following:

**1. Joint Summary of the Claims and Defenses**

On January 2, 2017, Plaintiff filed Plaintiff's initial Complaint against Defendant for alleged minimum wage violations pursuant to the Federal law – the Fair Labor Standards Act ("FLSA). Plaintiff alleges that she worked an average of seventy-five (75) hours per work week for Defendant as a domestic live-in housekeeper at Defendant's  house located in Key Biscayne, Florida, from on or about January 23, 2012, through on or about December 30, 2016. On January 23, 2017,  an Amended Complaint was filed adding Plaintiff's claims for minimum wages allegedly owed to her by Defendants pursuant to the Florida laws - the Florida Constitution and Florida Minimum Wage Act ("FMWA"). Plaintiff seeks to recover her alleged minimum wages

1

allegedly owed to her by Defendant which Defendant, allegedly willfully and recklessly[1] did not

pay Plaintiff in violation of the Federal law – the Fair Labor Standards Act ("FLSA) - and

Florida laws – the Florida Constitution and Florida Minimum Wage Act ("FMWA"). Plaintiff

claims the difference between her average hourly rate and the applicable minimum wage rate for

all hours allegedly worked. Between the Federal minimum wage and the Florida state minimum

wage, Plaintiff is claiming the higher of the two rates. Plaintiff seeks a jury trial.

Defendant denies Plaintiff's allegations in this lawsuit including that the FLSA and

FMWA laws are applicable to Defendant. Defendant : (1) denies that Plaintiff was an employee

of Defendant; (2) denies that Defendant is an employer of Plaintiff; (3) denies that Plaintiff

performed independent contractor services for Defendant for more than 40 hours per week; (4)

asserts that assuming arguendo Plaintiff received pay below the requirements under the FLSA or

the FMWA , Defendant did  act in good faith and did not willfully violate the FLSA and FMWA;

(5) denies that Plaintiff has standing to sue under the FLSA and FMWA ; (6) denies that Plaintiff

was a live-in domestic housekeeper at Defendant's House and that Plaintiff resided at

Defendant's House; and (7) Defendant asserts the Statute of Limitations limits Plaintiff's claim

time period under the FLSA and FMWA.

    **2.**      **The Basis of Federal Jurisdiction**

Plaintiff asserts that this Court has original jurisdiction to hear the instant matter as it is

an action to recover alleged money damages for unpaid minimum wage violations pursuant to

the Fair Labor Standards Act, 29 U.S.C. §§ 201-216, specifically §202(a) and 29 C.F.R. §552.99,

and  Florida Statute § 448.110. This is an action asserting federal law claim under 29 U.S.C.

---

[1] Defendant objects t the wording "recklessly" as Defendant's position is that this is not the statutory standard.

2

Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Plaintiff is entitled to coverage under the FLSA/FMWA. [DE96]. Defendant objects to this finding and intends to file the appropriate motion.

**3.      Pleadings Raising the Issues**

      A.      First Amended Complaint. [DE7].

      B.      Defendant Answer and Affirmative Defenses [DE15]

**4.      A List of All Undisposed of Motions or Other Matters Requiring Action by the Court**

      A.      Defendant's Motion for Sanctions. [DE83].

      B.      Plaintiff's forthcoming Motion for Clarification or, in the alternative, for Reconsideration of the Order on Plaintiff's Motion *In Limine* [DE99].

      C.      Defendant's forthcoming Motion for Clarification and/or Reconsideration of the Order on Plaintiff's Motion for Partial Summary Judgment [DE96].

**5.      Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

      A.      On January 2, 2017, Plaintiff filed her initial Complaint against Defendant for minimum wage violations under the FLSA [DE1].

      B.      On January 23, 2017, Plaintiff filed her First Amended Complaint against Defendant adding her claim against Defendant for minimum wage violations under the FMWA, having met the pre-suit notice requirements to add same. [DE7].

      C.      Plaintiff's Counsel sent Defendant a pre-suit Notice under the FMWA, dated January 2, 2017.

      D.      Defendant's house is located in Key Biscayne, , Florida.

3

E.    There is no written contract between the parties.

F.    Plaintiff was paid by Defendant Four Hundred and Fifty Dollars ($450.00) per week in cash.

G.    Defendant paid for all of Plaintiff's supplies.

H.    Defendant would supply Plaintiff with her credit card or cash whenever Plaintiff needed to purchase materials for Defendant's house.

I.    Plaintiff used goods such as soaps, mops, detergents, and vacuum cleaners at Defendant's house which Defendant paid for.

J.    Plaintiff did not have any special skills to complete her tasks.

K.    The working relationship between Plaintiff and Defendant was approximately four years, from on or about January 23, 2012 through on or about December 30, 2016.

**6.**    <u>**Issues of Fact Which Remain to Be Litigated At Trial**</u>

<u>**Plaintiff's Position**</u>

A.    Facts regarding whether Defendant suffered or permitted Plaintiff to work the hours Plaintiff alleges for which she was not compensated and how much minimum wages are therefore owed, if any.

B.    Facts regarding whether Defendant's failure to pay legally mandated minimum wages was in good faith.

C.    Facts regarding whether Defendant is liable for alleged violations of the minimum wage provisions of the FLSA and Florida Statute/Florida Minimum Wage Act/Florida Constitution.

4

D.     Facts regarding whether Defendant intentionally or recklessly violated the FLSA and Florida Statute/Florida Minimum Wage Act/Florida Constitution.

E.     Facts as to whether Plaintiff was an "employee" as defined by the FLSA/FMWA/Florida Constitution and not an independent contractor.

F.     Facts as to whether the individual Defendant was Plaintiff's individual FLSA employer and subject to individual liability for Plaintiff's claims for unpaid minimum wages.

G.     Plaintiff believes Defendant is vexatiously multiplying the proceedings and is inappropriately moving for dispositive relief from the Court through the Joint Pretrial Stipulation. Plaintiff objects to Defendant including this in the instant Stipulation in Defendant's Position Sections G, H, I, J, and L.

**<u>Defendant's Position</u>**

A. Facts regarding whether the Plaintiff has a valid claim under the FLSA and/or the FMWA.

B. Facts regarding whether Defendant was Plaintiff's employer under the FLSA and FMWA.

C.     Facts regarding whether Plaintiff was Defendant's employee under the FLSA and FMWA.

D.     Facts regarding whether Plaintiff was an independent contractor under the FLSA and FMWA.

E.     Facts regarding the amount of hours Plaintiff allegedly performed certain tasks at Defendant's house each week.

F.     Facts regarding the types of tasks performed by Plaintiff at Defendant's house.

G.     Facts regarding whether, assuming arguendo, that these laws apply, that Plaintiff received pay below the requirements under the FLSA or the FMWA , Defendant acted in good faith.

5

H.    Facts regarding whether, assuming arguendo, that these laws apply, that Plaintiff received pay below the requirements under the FLSA or the FMWA, Defendant did not willfully violate the FLSA and FMWA.

I. Fact regarding the amount of reasonable cost or fair value of the room made available by Defendant to Plaintiff during the course of her performing services with Defendant.

J.   Facts regarding Defendant paying a part time person to assist Plaintiff performing certain tasks at Defendant's house during the allowed claim time period.

K.   Facts regarding Defendant paying a gardener to attend to outside areas of Defendant's House during the allowed claim time period.

L.   Facts regarding whether Plaintiff independently selected the materials used by Plaintiff to perform certain tasks at Defendant's house.

M.   Facts regarding Plaintiff having the opportunity to performing work for others during the allowed claim time period including Guillermo Martinez at his residence.

N.   Facts regarding Defendant and her family not staying at Defendant's House during virtually all weekends during the allowed claim time period and often leaving on Thursday or Friday from Defendant's House and returning Sunday evening.

O.   Facts regarding Defendant stayed in Argentina with her sons Joaquin and Benjamin from on or about July 2014 through June 2016.

P.   Facts regarding on or about September 2015, Defendant's adult son, Santiago departing to New York to attend college and did not stay at Defendant's House after that.

Q.   Facts regarding when Defendant and her family were staying in Defendant's House, they would travel for the holidays, including but not limited to approximately one month during Christmas holiday, during the Thanksgiving holiday; and approximately one month in April of each year.

R.   All unresolved issues of fact regarding Defendant's defenses including affirmative defenses.

S.   Facts regarding the nature and degree of Defendant's lack of control over Plaintiff.

T.   Facts regarding whether Plaintiff had an opportunity for additional profit/loss opportunities.

U.   Facts regarding the extent to which the Plaintiff's service were not integral to Defendant's household.

6

V.  Defendant believes Plaintiff is vexatiously multiplying the proceedings.

W. Facts regarding whether Plaintiff selected the goods used at Defendant's house to complete certain tasks.

**7.**      **Concise Statement of Issues of Law on Which There is Agreement**

A.      Venue is proper in the Southern District of Florida.

B.      A pre-suit letter dated January 2, 2017 was sent by Plaintiff's Counsel to Defendant pursuant to FMWA.

**8.**      **Concise Statement of Issues of Law Which Remain for Determination by the Court For the Plaintiff:**

A.      Issues concerning the above facts to be litigated at trial, if such matters are named during the directed verdict phase of the trial.

B.      Whether Defendant's failure to pay legally mandated minimum wages was in good faith.

C.      Whether Defendant is liable for alleged violations of the minimum wage provisions of the FLSA and FMWA.

D.      Whether Defendants willfully or recklessly violated the FLSA and FMWA.

E.      Fees and costs post-trial if Plaintiff prevails.

F.      Imposition of liquidated damages should Plaintiff prevail at Trial with regards to good-faith, to be determined by the Court post-trial on motion based on evidence at trial .

G.      Whether Plaintiff was an "employee" as defined by the FLSA/FMWA/Florida Constitution and not an independent contractor.

7

H.    Whether the individual Defendant was Plaintiff's individual FLSA employer and subject to individual liability for Plaintiff's claims for unpaid minimum wages.

I.    Plaintiff believes Defendant is vexatiously multiplying the proceedings and is inappropriately moving for dispositive relief from the Court through the Joint Pretrial Stipulation. Plaintiff objects to Defendant including this in the instant Stipulation in Defendant's Position Sections B, C, E, F, H, I, L, and P.

**<u>For the Defendants</u>:**

A.    Whether Plaintiff has a valid claim under the FLSA and/or the FMWA.

B.    Whether Plaintiff was an employee of Defendant under the FLSA and FMWA.

C.    Whether Defendant was an employer of Plaintiff under the FLSA and FMWA.

D.    Whether Plaintiff was an independent contractor under the FLSA and FMWA.

E.    Whether the FLSA and FMWA apply (applicability of subject matter jurisdiction).Defendant reserves the right to revisit this issue of whether the FLSA and FMWA apply to Plaintiff at trial during the allowed claim time period Plaintiff was an independent contractor of Defendant and whether Defendant was not an employer of Plaintiff in which case the FLSA and FMWA do not apply.

F.    Whether individual coverage under the FLSA/FMWA applies to Plaintiff. Defendant reserves the right to revisit this issue of whether individual coverage under the FLSA applies to Plaintiff at trial during the allowed claim time period Plaintiff was an independent contractor of Defendant and whether Defendant was not an employer of Plaintiff in which case Plaintiff is not a domestic service employee and not subject to individual coverage under the FLSA/FMWA.

G.    The hours Plaintiff allegedly performed certain tasks at Defendant's House and

8

the certain tasks performed at Defendant's House

H.      Plaintiff did not reside at Defendant's House under the FLSA/FMWA to be considered a Live-in Domestic Service Employee, assuming arguendo Plaintiff was Defendant's employee and not an independent contractor.

I.      The room at Defendant's house provided for use by Plaintiff was for Plaintiff's convenience and benefit and not Defendant's convenience and benefit under the FLSA and/or the FMWA.

J.      Defendant acted in good faith as to all matters under the FLSA and/or FMWA.

K.      Should Plaintiff prevail at Trial, Defendant did not willfully violate the FLSA and FMWA.

L.      Section 3(m) [of the FLSA] Room Credits available to Defendant, assuming arguendo the FLSA and Florida minimum wage laws apply. Defendant reserves the right to revisit this cost-credit issue at trial to support the basis for the cost-credit application with evidence from Defendant's testimony as to the reasonable cost of furnishing the room made available to Plaintiff during the allowed claim time period.

M.      All unresolved issues of law regarding Defendant's defenses including affirmative defenses under the FLSA and/or the FMWA.

N.      Whether Plaintiff may invoke an enlarged statute of limitations under the FLSA and/or FMWA.

O.      Whether under the FLSA and/or the FMWA, fees and costs post-trial are applicable in favor of Defendant if Defendant prevails.

P.      Whether Plaintiff was not a Live-in Domestic Service Employee under the

FLSA/FMWA, assuming arguendo Plaintiff was Defendant's employee and not an independent contractor.

**9.   Trial Exhibits**

A.   Plaintiff's Exhibit List is attached.

B.   Defendant's Exhibit List is attached.

**10.   Trial Witnesses**

A.   Plaintiff's Trial Witness List attached.

B.   Defendant's Trial Witness List attached.

**11.   Estimated Trial Time**

Defendant estimates this will be a 1-2 day jury trial. Plaintiff estimates that this will be a 3-4 day jury trial.

**12.   Estimate of Attorneys' Fees**

Plaintiff will file the appropriate motion if Plaintiff prevails at trial.

Defendant will file the appropriate motion if Defendant prevails at trial. Plaintiff objects to this and will file the appropriate response should Defendant file same.

Dated this 28th day of September, 2018.

J.H. ZIDELL, P.A.                          WHISENAND & TURNER, P.A.
Attorneys for Plaintiff                    Attorneys for Defendants
300 71st Street, Suite 605                 501 Brickell Key Drive, Suite 602
Miami Beach, Florida 33141                 Miami, Fl 33131
Telephone: (305) 865-6766                  Telephone: (305) 375-8484
Facsimile: (305) 865-7167                  Facsimile: (305) 374-2919

BY: _/s/ Rivkah F. Jaff
RIVKAH F. JAFF, ESQUIRE
Florida Bar No. 107511                     BY: _/s/ Alan Lemura
Rivkah.Jaff@gmail.com                      ALAN LEMURA, ESQUIRE
                                           Florida Bar No. 122409
                                           al@W-TGroup.com

10