UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| NARCISA PEREZ CHAVEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERNARDA M ARANCEDO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, NARCISA PEREZ CHAVEZ ("Plaintiff"), and Defendant, BERNARDA M ARANCEDO ("Defendant"), (collectively, the "Plaintiff" and "Defendant" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in

order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendant in this case regarding Plaintiff's claim for unpaid minimum wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 and the Florida laws - the Florida Constitution and Florida Minimum Wage Act ("FMWA") and the alleged damages associated with same. On January 2, 2017, Plaintiff filed Plaintiff's initial Complaint against Defendant for alleged minimum wage violations pursuant to the FLSA. Plaintiff alleges that she worked an average of seventy-five (75) hours per work week for Defendant as a domestic live-in housekeeper at Defendant's house from on or about January 23, 2012, through on or about December 30, 2016. On January 23, 2017, an Amended Complaint was filed adding Plaintiff's claims for minimum wages allegedly owed to her by Defendants pursuant to the Florida laws - the Florida Constitution and Florida Minimum Wage Act ("FMWA"). Plaintiff sought to recover her alleged minimum wages allegedly owed to her by Defendant which Defendant,allegedly willfully and recklessly did not pay Plaintiff in violation of the FLSA/FMWA. Plaintiff claims the difference between her alleged average hourly rate and theapplicable minimum wage rate for all hours allegedly worked. Between the Federal minimum wage and the Florida state minimum wage, Plaintiff claimed the higher of the two rates. Plaintiff sought a jury trial.

Defendant asserted various defenses including: (1) denying that Plaintiff was an employee of Defendant; (2) denying that Defendant is an employer of Plaintiff; (3) denying thatPlaintiff performed independent contractor services for Defendant for more than 40 hours per week; (4) asserting that assuming *arguendo* Plaintiff received pay below the requirements under the FLSA or the FMWA , Defendant did act in good faith and did not willfully violate the FLSA

and FMWA; (5) denying that Plaintiff has standing to sue under the FLSA and FMWA ; (6) denying that Plaintiff was a live-in domestic housekeeper at Defendant's House and that Plaintiffresided at Defendant's House; and (7) Defendant asserted the Statute of Limitations limits Plaintiff's claim time period under the FLSA and FMWA.

On the eve of the Jury Trial, set to commence before the Honorable Magistrate Judge Edwin G. Torres, on October 9, 2018, the Parties settled this case, despite their factual disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.  The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.).A mutual general release of all claims was specifically bargained for during the settlement process.

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendant. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.  There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012). The parties respectfully represent that the Settlement Agreement be submitted to the Court for *in camera* inspection as the parties negotiated and agreed in said agreement.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions including, without limitations, Defendant's Motion for Sanctions and all related filings.

Respectfully Submitted,

Respectfully submitted this 8th day of October, 2018.

| | |
|---|---|
| **J.H. ZIDELL, P.A.** | **WHISENAND & TURNER, P.A.** |
| *Counsel for Plaintiff* | *Attorneys for Defendant* |
| 300 71st Street, Suite 605 | 501 Brickell Key Drive, Suite 602 |
| Miami Beach, Florida 33141 | Miami, Florida 33131 |
| Telephone:    (305) 865-6766 | Telephone: (305) 375-8484 |
| Facsimile:    (305) 865-7167 | Facsimile: (305) 374-2919 |
| | |
| By:/s/ Rivkah F. Jaff | BY:  /s/ Alan Lemura |
| **RIVKAH F. JAFF, ESQ.** | **ALAN LEMURA, ESQ.** |
| Fla. Bar No. 107511 | Florida Bar No. 122409 |
| Rivkah.Jaff@gmail.com | al@W-TGroup.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20003-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| NARCISA PEREZ CHAVEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERNARDA M ARANCEDO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND
FOR THE COURT TO RETAIN JURISDICTION**

Having reviewed the Settlement Agreement between the Parties, Plaintiff, NARCISA PEREZ CHAVEZ ("Plaintiff"), and Defendant, BERNARDA M ARANCEDO ("Defendant"), (collectively, the "Plaintiff" and "Defendant" referred to as the "Parties"), it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendant with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions including, without limitations, Defendant's Motion for Sanctions and all related filings, in this case are DENIED as moot, and this case is CLOSED.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2018.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record